# Declaration of

# Vladimir Khvalei

# DECLARATION OF VLADIMIR KHVALEI

I, Vladimir Khvalei, hereby declare pursuant to 28 U.S.C. § 1746:

1. I am a Partner in the Moscow Branch of Baker & McKenzie CIS, Limited. I am the head of the Firm's CIS Dispute Resolution Practice Group.

2. Baker McKenzie has represented VUZ-Bank JSC ("**VUZ-Bank**"), and its parent company, the Ural Bank for Reconstruction and Development (the "**UBRD**"), since the beginning of October 2020.

3. The initial dispute, to which we have been engaged by VUZ-Bank and the UBRD, arose because of the Russian borrower's failure (Rus-AgroExport LLC – "**RAE**") to repay debts under certain loan agreements to VUZ-Bank (No. 311274 dated 7 May 2019 and No. 311495 dated 12 December 2019 – the "**USD Loan Agreements**") in the amount of USD 23 million.

4. Hakan Holdings Limited ("**Hakan Holdings**") guaranteed to VUZ-Bank the performance of RAE's obligations in full (under the "**Guarantee Agreements**"). According to information provided to me by VUZ-Bank and the UBRD, RAE was affiliated with Hakan Holdings and its 100% subsidiary of Hakan Holdings, Hakan Agro DMCC ("**Hakan Agro**"), which was confirmed by the CFO of Hakan Agro, Bart Peczkowski.[1] Hakan Agro was also part of the chain of companies that was to complete the agricultural commodity trades necessary to repay RAE's debts to VUZ-Bank.

5. Notwithstanding the lack of direct claims of VUZ-Bank against Hakan Agro, I understood that both companies – Hakan Holdings and Hakan Agro – were managed by the same persons and were both involved in the failure to repay the debt to VUZ-Bank. Shortly after the engagement of Baker McKenzie, confirmations of these facts were received.

6. The current dispute was triggered by the unexpected death of the manager and CEO of Hakan Holdings and Hakan Agro – Mr Hakan Bahceci – in May 2020.

---

[1] Attached hereto as **Exhibit A** is a true and correction copy of an Email of CFO of Hakan Agro to UBRD representatives dated 11 July 2017.

7. At the initial stage, to recover the debt due to VUZ-Bank, I have taken steps to send claim letters to RAE, Hakan Holdings, and to Hakan Agro, first, on 19 October 2020, and second, on 28 October 2020.[2]

8. Habib Al Mulla & Partners, a member firm of Baker & McKenzie International, represented by Mohamed El Khatib (partner) and Maye Ismail (associate) from dispute resolution practice group ("**BM Dubai Litigation Team**"), arranged for sending these claim letters to the recipients. RAE, Hakan Holdings and Hakan Agro were requested to repay the debt, otherwise VUZ-Bank would start related legal proceedings.

9. In particular, Baker McKenzie team sent letters by email to the following individuals holdings positions in Hakan Holdings and Hakan Agro:

   a. Alettin Bahceci – Chairman of the Board of Hakan Holdings;

   b. Sudhakar Tomar – Director of Hakan Holdings and Chairman of the Board of Hakan Agro;

   c. Ashley Anderson (Bahceci) – CEO of Hakan Holdings and CEO of Hakan Agro;

   d. Bart Peczkowski – CFO of Hakan Agro;

   e. Irina Yanina – Head of Legal of Hakan Agro.[3]

10. In the meantime, representatives of the UBRD (the parent company of VUZ-Bank) were in contact with certain of these individuals in attempts to obtain repayment of these loans. In the course of those contacts, in November 2020,

---

[2] Attached hereto as **Exhibit B** is a true and correct copy of the Baker McKenzie Dubai letter to RAE, Hakan Holdings and Hakan Agro dated 19 October 2020. Attached hereto as **Exhibit C** is a true and correct copy of Baker McKenzie Dubai letter to RAE, Hakan Holdings and Hakan Agro dated 28 October 2020.

[3] Attached hereto as **Exhibit D** is a true and correct copy of the Resolution of Hakan Holdings shareholders on appointment of directors dated 8 June 2020. Attached hereto as **Exhibit E** is a true and correct copy of the Resolution of Hakan Holdings as the sole shareholder of Hakan Agro on the appointment of directors dated 8 June 2020.  Attached hereto as **Exhibit F** is a true and correct copy of the Business continuity presentation of Hakan dated 15 June 2020.

Hakan Agro's CFO, Bart Peczkowski, wrote to Sergey Sisoshvili of UBRD, stating that funds had been "stolen in Turkey" by shareholders and management of Hakan Group.[4]

11. On 18 December 2020, Deniz Yelda Bahceci sent an email to Mr Sisoshvili and Anton Soloviev of UBRD, stating that she was "ashamed to see Hakan's legacy [] brought to its knees with irresponsible or hostile behaviors of several members in our business/family circle" and stating that the company had "taken actions to file demands and claims with the other side of the family in Turkey."[5]

12. On 10 December 2020, as RAE, Hakan Holdings and Hakan Agro had not yet repaid what was owed to VUZ-Bank and the UBRD, the BM Dubai Litigation Team sent claim letters to Hakan Holdings as a part of an obligatory pre-litigation procedure.[6]

13. The BM Dubai Litigation Team, acting on behalf of VUZ-Bank, then initiated commercial litigation proceedings against Hakan Holdings. On 12 January 2021, the court of first instance in Dubai issued judgements in favor of VUZ-Bank compelling Hakan Holdings (as the guarantor under the Guarantee Agreements) to repay the indebtedness under the Loan Agreements to VUZ-Bank.[7]

---

[4] Attached hereto as **Exhibit G** is a true and correct copy of the Whatsapp message from Bart Peczkowski from November 2020.

[5] Attached hereto as **Exhibit H** is a true and correct copy of the email from Denis Yelda Bahceci dated 18 December 2020.

[6] Attached hereto as **Exhibit I** is a true and correct copy of the Warning letter of BM Dubai Litigation Team to Hakan Holdings dated 10 December 2020 with claims under Loan Agreement No. 311274 dated 7 May 2019 and Guarantee Agreement No. 311274/1 dated 8 August 2019. Attached hereto as **Exhibit J** is a true and correct copy of the Warning letter of BM Dubai Litigation Team to Hakan Holdings dated 10 December 2020 with claims under Loan Agreement No. 311495 dated 12 December 2019 and Guarantee Agreement No. 311495/1 dated 17 December 2019.

[7] Attached hereto as **Exhibit K** is a true and correct copy of the Judgement of the court of first instance in Dubai in case No. 5820-2021 dated 12 January 2021. Attached hereto as **Exhibit L** is a true and correct copy of the Judgement of the court of first instance in Dubai in case No. 5820-2021 dated 13 January 2021 (correction of currency). Attached hereto as **Exhibit M** is a true and correct copy

14. Starting from beginning of February 2021, my associate in Moscow, Alexandra Shmarko, and I became actively involved in the negotiations between the UBRD and the individuals holding positions in Hakan Holdings and Hakan Agro, including, at certain points of time, Deniz Yelda Bahceci,[8] Ashley Anderson (Bahceci), Sudhakar Tomar, Bart Peczkowski and Irina Yanina.[9]

15. On 4 February 2021, Mr Sisoshvili of the UBRD had a meeting in Dubai with Sudhakar Tomar of Hakan Holdings and Hakan Agro. During this meeting, Mr Tomar provided Mr Sisoshvili with documents confirming the concealment and siphoning off of Hakan Agro's assets, in an amount not less than EUR 16,798,605, to Alettin Bahceci, father of the late Hakan Bahceci (through his company Hakan Gıda ve Sanayii Dış Ticaret Ltd Şti in Turkey).

16. The funds in question were supposed to be returned by RAE (after receiving funds from the sale of goods, in which Hakan Agro has participated as well) to VUZ-Bank under separate loan agreements that were not subject to ongoing litigation in the UAE court (the "**EUR Loan Agreements**"). The total amount of not repaid loans under the EUR Loan Agreements was EUR 26,432,161.19.

17. After receiving these documents on 4 February 2021, my team (Alexandra Shmarko in Moscow and BM Dubai Litigation Team) analyzed the perspectives of the criminal proceedings against the specific individuals who held positions in Hakan Holdings and Hakan Agro, taking into account the losses incurred by VUZ-Bank.

18. On 7 February 2021, we have engaged Mohamed El Baghdady, senior associate from the dispute resolution practice of Baker McKenzie in Dubai, for this part of the project, and shared the documents with him for further analysis. It was decided that we would proceed with engaging a criminal law expert who would

---

of the Judgement of the court of first instance in Dubai in case No. 5818-2021 dated 12 January 2021.

[8] *See* **Exhibit H**.

[9] In May-June 2021, Arzu Adiguzel joined the negotiations.  Arzu Adiguzel was presented to me as the "Chair of the Management Committee of Hakan" and a person who would coordinate the perspective audit and, potentially, the liquidation of Hakan Agro. I was not provided with any authority or confirmation of positions of Arzu Adiguzel in Hakan Holdings or Hakan Agro.

prepare a report and determine whether these documents could form the background for initiating a criminal case.

19. On 10 March 2021, I participated with representatives of the UBRD in a meeting at the offices of Hakan Agro in Dubai for discussion regarding potential options for repayment of debt to VUZ-Bank and audit of Hakan Holdings and Hakan Agro in presence of the representatives of the UBRD and Ashley Anderson (Bahceci).[10] Irina Yanina also participated in the same meeting.

20. A couple of days later I also had a meeting in Dubai with Sudhakar Tomar.

21. Neither Ashley Anderson (Bahceci), nor Irina Yanina or Sudhakar Tomar expressed an intention to liquidate Hakan Agro during our meetings.

22. Both meetings resulted in no success, and no solution for the repayment strategy was proposed by Ashley Anderson (Bahceci), Sudhakar Tomar and Irina Yanina.

23. On 28 March 2021, the court of first instance of Dubai granted VUZ-Bank's petition for precautionary attachment of the trade license of Hakan Holdings and its subsidiaries (including Hakan Agro) and the assets of Hakan Holdings, including 100% shares in Hakan Agro, and prohibited any disposal of such assets (the "**Dubai Court Attachment Order**").[11]

24. Starting from end of April until 25 May 2021, Baker McKenzie Moscow team (me and Alexandra Shmarko) worked on finalizing the chronology of events (with exhibits) for the criminal law expert. The evidence laid down in this chronology was provided by Sudhakar Tomar, the Director of Hakan Holdings and Chairman of the Board of Hakan Agro, to the UBRD representative (Sergey Sisoshvili) on 4 February 2021, and no further documents were used (except for contracts for the sale of goods or RAE loan agreements that were already available to the UBRD representatives). Baker McKenzie's Dubai members of the employment, corporate and banking and finance groups never had any hand in creating the chronology or documents that went to the criminal law expert.

---

[10] Attached hereto as **Exhibit N** is a true and correct copy of the Whatsapp correspondence between V. Khvalei and A. Anderson (Bahceci) dated 10 March 2021.

[11] Attached hereto as **Exhibit O** is a true and correct copy of the Order of the court of first instance of Dubai dated 28 March 2021.

25. We have also been informed by the UBRD representative (Sergey Sisoshvili), in the end of April 2021, that Sudhakar Tomar resigned from his position as the director of Hakan Holdings and Hakan Agro.[12]

26. I have also been informed by the UBRD representatives that Ashley Anderson (Bahceci) resigned from her position as the CEO of Hakan Holdings at the end of May 2021. I have not seen the confirmation of this resignation, until Ashley Anderson (Bahceci) provided it in the proceedings before the court of Georgia on 4 November 2021. I have not seen any evidence confirming her resignation as the CEO of Hakan Agro.

27. On 23 May 2021, me, Alexandra Shmarko, the UBRD representatives, Deniz Yelda Bahceci, Bart Peczkowski, Arzu Adiguzel, Irina Yanina and Kagan Yildirim[13] participated in a call, during which we have discussed potential options for the repayment of the debt to VUZ-Bank, including the pledge of assets of Hakan Holdings in various jurisdictions.

28. During this call Arzu Adiguzel for the first time appeared and stated that she discovered that Hakan Agro was on the edge of bankruptcy and recommended to Deniz Bahceci to liquidate the company.

29. Arzu Adiguzel also promised during the call to submit the report for insolvency of Hakan Agro (which she never did), and in this regard Deniz Yelda Bahceci planned to appoint Bart Peczkowski as the director of Hakan Holdings. We were also informed that Ashley Anderson (Bahceci) resigned from her position in Hakan Holdings, and at that time Hakan Holdings did not have any director in place.

30. At that call, Bart Peczkowski stated that they wanted to appoint Kroll to conduct liquidation proceedings, and forensic review of the company's data to find exactly where the company's money went. Bart Peczkowski was keen to approve Kroll

---

[12] Attached hereto as **Exhibit P** is a true and correct copy of the Whatsapp message from Deniz Bahceci to the UBRD representative dated 28 April 2021.

[13] He participated as the advisor of Hakan. As we understand, he is the founder of the boutique financial advisory firm EMCAP Advisory (https://emcapadvisory.com/).

with VUZ-Bank, as VUZ-Bank was the major creditor and the idea was to work together on the collection of the funds that had been transferred to Turkey.

31. It was understood by our side that the liquidation of Hakan Agro was a part of the general settlement or repayment strategy of Hakan Holdings shareholders and that the proposals to appoint a liquidator and start the winding up process of Hakan Agro were voiced by Arzu Adiguzel and Bart Peczkowski.

32. After that call, on 23 May 2021, the UBRD representative (Marina Roslyakova) provided the first drafts of agreements for pledge of assets of Hakan Holdings in Russia in favor of the UBRD for review of Deniz Yelda Bahceci, Arzu Adiguzel, Bart Peczkowski, Irina Yanina and Kagan Yildirim.

33. On 26-27 May 2021, Alexandra Shmarko shared with Mohamed El Baghdady the chronology of events that was signed by the President of VUZ-Bank with the batches of exhibits (that were listed in the chronology of events) to be provided to the criminal law expert for review.[14]

34. On 27 May 2021 (when the parties were discussing the drafts of agreements for pledge of assets of Hakan Holdings in Russia in favor of the UBRD) Irina Yanina, the lawyer of Hakan Agro, informed the UBRD representatives of the postponement of the pledge of the office owned by Hakan Agro because of "objective" reasons (waiting for the start of the work of the auditor/crisis manager/liquidator was one of such).[15]

35. On 31 May, 6 and 7 June 2021, Mohamed El Baghdady and Mohamed El Khatib had meetings with the criminal law expert during which they provided all documents and reviewed them for the purposes of preparing the position for the prospective criminal case.

36. On 22 June 2021, me, Alexandra Shmarko, the UBRD representatives, Deniz Yelda Bahceci, Arzu Adiguzel, Irina Yanina, Bart Peczkowski, and Kagan

---

[14] Attached hereto as **Exhibit Q** is a true and correct copy of the Chronology of events dated 25 May 2021. Attached hereto as **Exhibit R** is a true and correct copy of the Emails from A. Shmarko (BM Moscow) to M. Elbaghdady (BM Dubai) with final version of chronology of events dated 25 May 2021 and exhibits thereto.

[15] Attached hereto as **Exhibit S** is a true and correct copy of the Email of Irina Yanina (lawyer of Hakan Agro) to the UBRD representatives dated 27 May 2021.

Yildirim participated in a call, during which we once again extensively discussed potential options for the repayment of the debt to VUZ-Bank, including the pledge of assets of Hakan Holdings.

37. During that call it was agreed that we would prepare another draft of a loan repayment agreement between VUZ-Bank, the UBRD, Hakan Holdings and Bart Peczkowski (who was suggested to hold the position of the director of Hakan Holdings upon completion of certain conditions).

38. Further to this call, on 24 June 2021, I have circulated draft pledge agreements to Deniz Yelda Bahceci, Arzu Adiguzel, Irina Yanina, Bart Peczkowski, and Kagan Yildirim by email. On the same day, Irina Yanina confirmed the receipt and promised to get back on this.

39. On 28 June 2021, Irina Yanina reverted with comments to the draft agreements for the pledge of assets. From that date until the middle of October 2021 the negotiations (including the discussions regarding the draft of loan repayment agreement discussed on 22 June 2021) were ongoing and we were still participating in them as the representatives of the UBRD.

40. However, no solution was reached. The key point of disagreement was the refusal of Deniz Bahceci, as the legal guardian of 75% shareholders, to guarantee personally the repayment of the debt under the USD and EUR Loan Agreements to VUZ-Bank in case the assets of Hakan Holdings would be insufficient to cover the debt and the refusal to cover the repayment of the debt under the EUR Loan Agreements.

41. On 2 July 2021, me and Alexandra Shmarko participated in an in-person meeting with Bart Peczkowski in Moscow, where we had another round of discussion about potential options for repayment of the debt by Hakan Holdings to VUZ-Bank.

42. On 6 July 2021, the representative of the UBRD received information from Bart Peczkowski that the lawyers of Hakan Holdings (that supposedly represented Hakan Agro as well) refused to work further with Kroll on the liquidation process of Hakan Agro, because such liquidation process would violate the DMCC Companies' Regulations 2020 (as Hakan Agro did not have an authorized director to proceed on this).

43. On 7 July 2021, I have been contacted by Haroon Ahmed, Associate Managing Director in Kroll (Dubai) with the request to have a call.[16]

44. Until 19 July 2021, Haroon Ahmed has several times attempted to have a call with me, and has not referred to any contacts with anyone in the office of Baker McKenzie in Dubai and any alleged conflict of interest issue. Bart Peczkowski and Arzu Adiguzel were copied in this correspondence (in addition to an employee of Kroll, Richard Clarke, and a partner of Reed Smith in Dubai, Amir Ahmad). However, I have not received instructions from the UBRD or VUZ-Bank to participate in this call, therefore, the call has never happened.

45. On 19 July 2021, Bart Peczkowski contacted the representative of the UBRD and stated that Kroll was trying to get a direct line with the UBRD to pitch their services[17]:

> *One more topic – liquidator just called me and asked for a direct contact to the bank*
>
> *Baker McKenzie cancelled the call with kroll today and kroll is trying to get a direct line to you so to pitch their service*
>
> *They will try to convince you to engage kroll so they could work on your behalf etc.*
>
> *They also want to "confirm the security position" - check if Ural has a pledge on receivables from H Gida*
>
> *I just talked to Arzu about that - please give me a call and I'll try to share my thoughts on that*

46. I thereafter became aware of the fact that on 15 August 2021, Deniz Yelda Bahceci purported to assume authority to decide on the liquidation of Hakan Agro, acting as the legal guardian of 75% shareholders of Hakan Holdings. I

---

[16] Attached hereto as **Exhibit T** is a true and correct copy of the Email correspondence between A. Haroon (Kroll) and V. Khvalei (BM Moscow) dated 9-17 July 2021.

[17] Attached hereto as **Exhibit U** is a true and correct copy of the Whatsapp message of CFO of Hakan Agro (Bart Peczkowski) to the UBRD representative (Sergey Sisoshvili) dated 19 July 2021.

understood from the BM Dubai Litigation Team that this was done in violation of UAE laws and in violation of the Dubai Court Attachment Order. Despite the fact that the licenses of Hakan Holdings and Hakan Agro, and shares in Hakan Agro were attached, Deniz Yelda Bahceci purported to appoint Arzu Adiguzel as a proxy of Hakan Holdings to manage the liquidation of Hakan Agro.  Arzu Adiguzel, in turn purported to appoint Saad Maniar from Krowe in Dubai as liquidator.

47. As I was informed by BM Dubai Litigation Team, on 6 September 2021, they have informed the judge in the execution proceedings against Hakan Holdings of the attempt to illegally liquidate Hakan Agro in violation of the Dubai Court Attachment Order.[18]

48. On 7 September 2021, BM Dubai Litigation Team sent the first claim letter to Saad Maniar from Crowe in Dubai, who was stated in the publication as the liquidator of Hakan Agro.[19]

49. On 8 September 2021, Reed Smith (Waseem Khokhar, Amir Ahmad and Rhys Monahan), allegedly acting on behalf of Hakan Agro, stated that Baker McKenzie could not interfere in the lawful process of liquidation of Hakan Agro. No word was said about any alleged conflict of interest.[20]

50. On 9 September 2021, BM Dubai Litigation Team sent the second claim letter[21], and only then, on 12 September 2021, did Reed Smith first use a claim of an alleged conflict of interest as a part of a strategy to continue the illegal liquidation

---

[18] Attached hereto as **Exhibit V** is a true and correct copy of the BM Dubai Litigation Team petition to the execution judge dated 6 September 2021.

[19] Attached hereto as **Exhibit W** is a true and correct copy of the Liquidation Notice of Hakan Agro dated 26 August 2021; Attached hereto as **Exhibit X** is a true and correct copy of the BM Dubai Litigation Team first claim letter to Crowe dated 7 September 2021.

[20] Attached hereto as **Exhibit Y** is a true and correct copy of the Reed Smith response to BM Dubai Litigation Team first claim letter dated 8 September 2021.

[21] Attached hereto as **Exhibit Z** is a true and correct copy of the BM Dubai Litigation Team second claim letter to Crowe and Reed Smith dated 9 September 2021.

of Hakan Agro.[22] On 13 September 2021, Baker McKenzie responded that there was no conflict because Baker McKenzie did not obtain confidential information from Kroll.[23]

51. While the correspondence between BM Dubai Litigation Team and Reed Smith continued until 7 October 2021,[24] no evidence ever came to light showing that confidential information was ever shared with Baker McKenzie. Neither ReedSmith nor Hakan Holdings or Hakan Agro have subsequently claimed a conflict of interest.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 10, 2022

_____
        Vladimir Khvalei

---

[22]Attached hereto as **Exhibit AA** is a true and correct copy of the Reed Smith response to BM Dubai Litigation Team second claim letter dated 12 September 2021.

[23] Attached hereto as **Exhibit BB** is a true and correct copy of the BM Dubai Litigation Team letter to Reed Smith dated 13 September 2021.

[24] Attached hereto as **Exhibit CC** is a true and correct copy of the Reed Smith letter to BM Dubai Litigation Team dated 30 September 2021. Attached hereto as **Exhibit DD** is a true and correct copy of the BM Dubai Litigation Team letter to Reed Smith dated 7 October 2021.

# Exhibit A

-------- Исходное сообщение --------
**Тема:**2016 Financial statments of our agencies in Russia
 **Дата:**Tue, 11 Jul 2017 09:55:27 +0000
   **От:**Bart Peczkowski <bart.peczkowski@hakanfoods.com>
**Кому:**Sergei Sisoshvili (ssm@ubrr.ru) <ssm@ubrr.ru>, Рослякова Марина <roslyakova@ubrr.ru>

Dear Both,

Attached are the financial statement of OOO Green Agro Rus and OOO Rus Agro Export. We are now in the process of legal merger of these two legal entities with the anticipated merger registration by July 31, 2017.

These companies essentially originate grains on our behalf. They are small, do not have any fixed assets, or major capital accounts. These are pass-through entities (in some cases they render services to Hakan Agro DMCC and do not take legal title to our inventory). Therefore, these companies might not be really credit-worthy in isolation. I believe that you will base your credit decision on strength of Hakan Agro DMCC and Hakan Holdings Ltd as Co-Borrowers.

Please let me know your thoughts.

Regards,

Bart

# Exhibit AA



ريد سميث

**Reed**Smith

**Driving progress
through partnership**

ريد سميث ال بي
الطابق ٢٥، المدخل الشرقي
اندكس تاور
مركز دبي المالي العالمي
ص.ب. ٥٠٦٥٤٨
دبي، الإمارات العربية المتحدة
هاتف: ٦٣٠٠ ٧٠٩ ٤ ٩٧١+
فاكس: ٠٠٦٠ ٣٢٣ ٤ ٩٧١+

Reed Smith LLP
Level 25, East Entrance
Index Tower
Dubai International Financial Centre
P.O. Box 506548
Dubai, United Arab Emirates
Tel +971 4 709 6300
Fax +971 4 323 0060
reedsmith.com

**Waseem Khokhar**
Direct Phone:  +971 4 709 6334
Email:   wkhokhar@reedsmith.com

**Amir Ahmad**
Phone: +971 (0)4 709 6330
Email: aahmad@reedsmith.com

**Rhys Monahan**
Direct Phone:  +971 (0)4 745 6315
Email:  rmonahan@reedsmith.com

12 September 2021

Our Ref:  Hakan/Vuz

**By Electronic Mail**

Baker McKenzie Habib Al Mulla
Level 14, O14 Tower,
Al Abraj Street, Business Bay
Dubai

Attn:

Dr Habib Al Mulla
habib.almulla@bakermckenzie.com
Maye Ismail
Maye.Ismail@bakermckenzie.com
Safaa Ahmed
Safaa.Ahmed@bakermckenzie.com

Dear Sirs:

**Re: JSC VUZ-Bank ("Vuz-Bank")**

We acknowledge receipt of your "final legal notice" of 9 September 2021.  Before replying substantively to that letter and any further correspondence on this matter we require you to confirm your firm's position on the following:

Reed Smith LLP in Dubai is registered with the Dubai Financial Services Authority.
Reed Smith LLP is a limited liability partnership registered in England and Wales with registered number 0C303620 and its registered office at The Broadgate Tower,
20 Primrose Street, London EC2A 2RS.  Reed Smith LLP is authorised and regulated by the Solicitors Regulation Authority.  A list of members of Reed Smith LLP,
and their professional qualifications, is available at the registered office.  The term partner is used to refer to a member of Reed Smith LLP, or a partner of an associated entity, or an employee of equivalent standing..

Reed Smith LLP is associated with Reed Smith LLP of Delaware, USA and the offices referred to below are offices of either Reed Smith LLP or Reed Smith LLP of Delaware, USA.

ABU DHABI ♦ ATHENS ♦ AUSTIN ♦ BEIJING ♦ CENTURY CITY ♦ CHICAGO ♦ DALLAS ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG ♦ HOUSTON ♦ KAZAKHSTAN ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH
NEW YORK ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH ♦ PRINCETON ♦ RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON

Baker McKenzie Habib Al Mulla

12 September 2021Page 2

1.  It has come to our attention that your firm was previously consulted on matters relevant to Vuz-Bank's claim against the Company.  In particular, members of your firm (see below) confirmed via email on 14 June 2021 that "our conflict checks have been cleared".  Strictly on the understanding that your firm was free to act without conflict, critical information concerning the Company's solvency was provided via email and during a subsequent meeting to the following members of your firm:

    Boustany, Mazen;
    Matthews-Taylor, Joanna;
    Sadiq, Aqsa; and
    Naja, Hani.

2.  It appears that relevant and confidential information gathered about the Company through the correspondence and meetings described above may have used in furtherance of Vuz-Bank's claim against the Company; and

3.  It appears that your firm was acting for Vuz-Bank prior to 14 June 2021, notwithstanding the formal confirmation that your firm was free to act.

Your firm is (a) acting in breach of a clear legal conflict of interest; (b) appears to have disclosed and used for its client's advantage information in breach of a strict duty of confidence; and (c) appears to have deliberately, or recklessly, misled Kroll into disclosing relevant confidential information concerning the Company for the furtherance of your client's interests.

We await immediate confirmation that you will cease to act for Vuz-Bank together with details of what confidential information concerning our client has been shared with Vuz-Bank.  We also require you to confirm that no further confidential information concerning our client will be disclosed to any other party.

We await your reply by return.  In the meantime, our client's rights are expressly reserved, including seeking an indemnity against your firm for any losses suffered by our client occasioned by your breach of confidence, seeking of any injunctive relief against your firm and/or reporting your professional misconduct to the appropriate regulators.

Yours faithfully,

*Reed Smith LLP*

**Reed Smith LLP**

# Exhibit B



**Baker & McKenzie Habib Al Mulla**

Level 14, O14 Tower
Al Abraj Street, Business Bay
Dubai
United Arab Emirates

PO Box 2268
Dubai
United Arab Emirates

Tel: +971 4 423 0000
Fax: +971 4 447 9777
www.bakermckenzie.com

**Asia Pacific**
Bangkok
Beijing
Brisbane
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta
Kuala Lumpur*
Manila*
Melbourne
Seoul
Shanghai
Singapore
Sydney
Taipei
Tokyo
Yangon

**Europe, Middle East
& Africa**
Abu Dhabi
Almaty
Amsterdam
Antwerp
Bahrain
Barcelona
Berlin
Brussels
Budapest
Cairo
Casablanca
Doha
Dubai
Dusseldorf
Frankfurt/Main
Geneva
Istanbul
Jeddah*
Johannesburg
Kyiv
London
Luxembourg
Madrid
Milan
Moscow
Munich
Paris
Prague
Riyadh*
Rome
St. Petersburg
Stockholm
Vienna
Warsaw
Zurich

**The Americas**
Bogota
Brasilia**
Buenos Aires
Caracas
Chicago
Dallas
Guadalajara
Houston
Juarez
Lima
Los Angeles
Mexico City
Miami
Monterrey
New York
Palo Alto
Porto Alegre**
Rio de Janeiro**
San Francisco
Santiago
Sao Paulo**
Tijuana
Toronto
Valencia
Washington, DC

* Associated Firm
** In cooperation with
Trench, Rossi e Watanabe
Advogados

**PRIVATE AND CONFIDENTIAL**

19 October 2020

Kaya Recep (Director) Akylbek Orozov (Stakeholder), Masalah Soleimani
**Rus-AgroExport LLC**
Legal address: 344034, Russian Federation, Rostov-na-Donu
Privokzalnaya str. 9A, office 1
Factual address: 344114, Russian Federation, Rostov-na-Donu
Kirovskiy avenue 126

By email:  mariya.nazarenko@rusagroexport.net
            masallah.soleimani@rusagroexport.net
            recep.kaya@rusagroexport.net

Alettin Bahceci (Chairman of the Board), Sudhakar Tomar (Director)
**Hakan Holdings Limited**
JAFZA Offshore Company, registration number - 702
1003, Khalid Al Attar Tower, Sheikh Zayed Road, P.O. Box 71241
United Arab Emirates, Dubai

By email: alettin.bahceci@hakanfoods.com.tr
            sudhakar.tomar@hakanfoods.com

Sudhakar Tomar (Chairman of the Board), Ashley Anderson (CEO), Brandon Bahceci
(Director), Bart Peczkowski (CFO), Irina Yanina (Head of Legal)
**Hakan Agro**
DMCC Company, Jumeirah Lakes Towers, Unit 3404
Mazaya Business Avenue BB2, Plot No: JLTEPH2-BB2
Dubai, United Arab Emirates

By email: sudhakar.tomar@hakanfoods.com
            ashley.bahceci@hakanfoods.com
            brandon.bahceci@hakanfoods.com
            bart.peczkowski@hakanfoods.com
            irina.yanina@hakanfoods.com

Dear Sirs,

**Subject:  Loan Agreement No. 311274 of 7 May 2019, Guarantee Agreement
            No. 311274/1 of 8 August 2019, Loan Agreement No. 311495 of 12
            December 2019, Guarantee Agreement No. 311495/1 of 17
            December 2019**

This letter serves to inform you that we have been instructed to act on behalf
of JSC VUZ-Bank (hereinafter referred to as our "**Client**") in the above-mentioned matter.

We refer to Loan Agreements of 7 May 2019 and 12 December 2019 (jointly referred to
as the "**Loan Agreements**"), Guarantee Agreements of 8 August 2019 and 17 December



2019 (jointly referred to as the "**Guarantee Agreements**") and your failure to comply with your obligation to effect payments to our Client duly and in a timely manner.

**Breaches of Payment Obligations and Liability under the Loan Agreements and Guarantee Agreements**

You are under obligation to effect the following payments to our Client constituting the principal debt, accrued interest and commission amounts that remain outstanding as of the present date:

(1)      **USD 3,833,133.18** under Loan Agreement of 7 May 2019;

(2)      **USD 8,185,567.3** under Loan Agreement of 12 December 2019.

Under Additional Agreement No. 12 of 30 September 2020 to Loan Agreement of 7 May 2019, Rus-AgroExport LCC undertook to effect full payment of the debt under the Loan Agreement not later than on 16 October 2020.

Under Additional Agreement No. 11 of 30 September 2020 to Loan Agreement of 12 December 2019, Rus-AgroExport LLC undertook to effect payment of the outstanding debt under the Loan Agreement not later than on 16 October 2020.

The total amount of payments to be effected by Rus-AgroExport LLC to our Client under Loan Agreement of 12 December 2019 is **USD 20,037,985.42**, which includes the principal amount of the loan, accrued interest and commissions. Only the amount of **USD 8,185,567.3** became mature as of today.

Further to sub-clauses 2.1.1 and 2.3.7 of the Lending Terms and Conditions, being an inherent part of the Loan Agreements:

"*2.1.1.   The Borrower shall:*

*2.1.1.   Repay the loan and interest on the loan in accordance with clause 7 of the Loan Agreement.*

*2.3.   The Lender is entitled to:*

*2.3.7.   Demand an early repayment of the loan, payment of interest due, as well as compensation of justified damages caused to the Lender as a result of non-performance or improper performance by the Borrower of the Loan Agreement, and the Borrower is obliged to return the remaining loan amount to the Lender, pay due interest, penalties, commissions and also compensate damages caused to the Lender within 5 (five) working days from the date of sending the claim for early repayment in the event of:*

>   *-      Failure to comply with clauses 7, 10, 13, 15 of the Loan Agreement, sub-clauses 2.1.1, 2.1.2, 2.1.3 of the Lending Terms and Conditions;*

>   *-      Non-performance or improper performance of the terms and conditions of other agreements concluded with the Lender.*"



Therefore, our Client is entitled to claim under Loan Agreement of 12 December 2019 early payment of the loan in full, accrued interest and compensation of damages incurred by our Client.

This claim is justified by your failure to comply with your obligations to repay the loan and according interest in accordance with Loan Agreement of 7 May 2019.

Our Client is entitled to claim such payment to be effected within 5 working days from the date of this letter as you have failed to perform your obligations under both Loan Agreements.

We would like to remind you that the Guarantee Agreements executed in support of the above Loan Agreements provide that "*The Guarantor* [Hakan Holdings Limited] *agrees to be liable jointly and severally for the performance of obligations under*":

(1)     "*the Loan Agreement No. 311274 dated May 07th, 2019...between the Lender and the Borrower* [Rus-AgroExport LLC]"; and

(2)     "*the Loan Agreement No. 311495 dated December 12th, 2019...between the Lender and the Borrower* [Rus-AgroExport LLC]".

Notwithstanding the fact, that our Client provided another extension of payment further to Additional Agreement No. 12 of 30 September 2020 to Loan Agreement of 7 May 2019 and Additional Agreement No. 11 of 30 September 2020 to Loan Agreement of 12 December 2019, the debt under the above Loan Agreements remains outstanding in the amounts of **USD 3,833,133.18** and **USD 8,185,567.3** accordingly.

Thus, our Client is entitled to claim for payment within 5 working days from the date of this letter not only the outstanding amount of the loan under Loan Agreement of 7 May 2019 being **USD 3,833,133.18**, but also the total amount under Loan Agreement of 12 December 2019 to **USD 20,037,985.42**.

**Action Required**

Given the immediate harm for our Client that is resulting from your failure to comply with the obligations underlying the Loan Agreements and Guarantee Agreements this matter is of utmost importance.

However, in order that this matter be resolved amicably, and notwithstanding the fact that our Client has the contractual right to claim payment to be effected within five (5) working days from the date of this letter, we request you to provide within five (5) working days a schedule for the repayment to our Client of the outstanding debt. The schedule shall provide the steps for full payment of the debt amounting to **USD 23,871,118.6**, with the last part of the debt to be repaid **not later than on 1 December 2020**.

Failing payment of the debt in the above amount and within the above offered timeframe (in accordance with the schedule of repayment to be shared with our Client), we are instructed to commence any legal proceedings to protect duly the interests of our Client.

3



Our Client will seek full compensation of the debt and damages that have already been occurred and may occur; the recovery of which is not limited by the Loan Agreements and Guarantee Agreements in any way.

We would like to remind you that your obligations under the Loan Agreements and Guarantee Agreements are not limited in duration, while you remain a party to such Agreement, you remain bound by its terms and liable under it.

In light of possible litigation proceedings, we ask you to:

(1)     Preserve any documents (including electronic documents) relevant to potential dispute;

(2)     Stop any routine procedures for the destruction of documents, which may be relevant to the dispute;

(3)     Ensure that all relevant employees are aware of the need to preserve documents;

(4)     Refrain from any actions that could lead to sale, transfer, encumbrance or dissipation of assets which is at the same time not aimed at the repayment of the debt to our Client and which is made without the consent of our Client, provided that nothing in this clause shall prohibit you to deal with or otherwise dispose of any your assets in the ordinary and proper course of your respective business; and

(5)     Refrain from adopting any other measures, which may result in the aggravation of the dispute between the parties or altering the *status quo* of your assets, except the circumstances that are within the ordinary course of your respective business.

For the avoidance of doubt, our Client reserves all other rights and remedies that it may have against you under the applicable laws, without any limitation, including the right to claim early payment under any other loan agreements executed between Rus-AgroExport LLC and our Client due to your failure to comply with your obligations under Loan Agreements of 7 May 2019 and 12 December 2019.

Yours faithfully,

Baker McKenzie Habib Al Mulla

4

# Exhibit BB



**Baker & McKenzie Habib Al Mulla**

Level 14, O14 Tower
Al Abraj Street, Business Bay
Dubai
United Arab Emirates

PO Box 2268
Dubai
United Arab Emirates

Tel: +971 4 423 0000
Fax: +971 4 447 9777
www.bakermckenzie.com

**By email**

**Asia Pacific**
Bangkok
Beijing
Brisbane
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta
Kuala Lumpur*
Manila*
Melbourne
Seoul
Shanghai
Singapore
Sydney
Taipei
Tokyo
Yangon

**Europe, Middle East & Africa**
Abu Dhabi
Almaty
Amsterdam
Antwerp
Bahrain
Barcelona
Berlin
Brussels
Budapest
Cairo
Casablanca
Doha
Dubai
Dusseldorf
Frankfurt/Main
Geneva
Istanbul
Jeddah*
Johannesburg
Kyiv
London
Luxembourg
Madrid
Milan
Moscow
Munich
Paris
Prague
Riyadh*
Rome
St. Petersburg
Stockholm
Vienna
Warsaw
Zurich

**The Americas**
Bogota
Brasilia**
Buenos Aires
Caracas
Chicago
Dallas
Guadalajara
Houston
Juarez
Lima
Los Angeles
Mexico City
Miami
Monterrey
New York
Palo Alto
Porto Alegre**
Rio de Janeiro**
San Francisco
Santiago
Sao Paulo**
Tijuana
Toronto
Washington, DC

* Associated Firm
** In cooperation with
Trench, Rossi e Watanabe
Advogados

**WITHOUT PREJUDICE**

13 September 2021

**Reed Smith LLP**
**Representing Hakan Agro DMCC**

**Mr. Waseem Khokhar**
D:  +971 4 709 6334
E:  wkhokhar@reedsmith.com

**Mr. Amir Ahmad**
T:  +971 (0)4 709 6330
E:  aahmad@reedsmith.com

**Mr. Rhys Monahan**
D:  +971 (0)4 745 6315
E:  rmonahan@reedsmith.com

Dear Sirs,

**Subject:      Reply to the letter received from Reed Smith LLP dated 12 September 2021**

We refer to your letter dated 12 September 2021 (the "**Letter**"). We strongly deny the allegations contained in the Letter including that Baker Mckenzie Habib Al Mulla ("**BHMAM**" or the "**Firm**"):

(a) acted in breach of a clear legal conflict of interest; and
(b) disclosed and used for our client's advantage information in breach of a strict duty of confidence deliberately or otherwise.

To be clear, at no point was Hakan Agro on-boarded as a client of the Firm in relation to this matter nor did BMHAM interact directly with Hakan Agro.

Our Firm has represented Vuz Bank in the UAE against the Hakan Group (including Hakan Agro) since September 2020. Therefore, any approach by your client towards our Firm is considered an attempt in bad faith to create a conflict of interest situation.

BMHAM was never formally appointed by either Kroll or Hakan Agro nor did we consult nor advise on any legal matter relating to Hakan Agro. Therefore, it is strongly refuted that: (a) any confidential information was obtained that may have furthered the claims against Hakan Agro; and/or (b) any such confidential information was shared.



Vuz Bank has already succeeded with its court actions and obtained favorable judgements against HK Holdings since January 2021. It is therefore inaccurate and disingenuous to claim that BMHAM obtained or attempted to obtain from Kroll any confidential information in relation to Hakan Agro or its business to further Vuz Bank's claim.

The allegations contained in your Letter that our Firm acted in breach of its duty of confidence and that our Firm disclosed and used for the advantage of Vuz Bank information related to Hakan Agro are vehemently denied and rejected.

Your Letter contains false allegations which are defamatory to our Firm. Note well that we take this matter seriously and accordingly reserve all rights to protect the Firm against the defamatory statements and misrepresentations contained in the Letter. To be clear, any repetition of those defamatory statements or similar misrepresentations against our Firm will be immediately dealt with through the relevant legal recourse.

On the other hand, given your persistence to proceed complicity with HK Holdings to dispose of HK Agro's assets under the umbrella of this unlawful liquidation, we shall proceed with taking the necessary legal action to frustrate your breach of the freezing injunction no. 157377/2021 issued by the Dubai Court on 30 March 2021 against HK Agro.

All our rights and remedies are fully reserved.

Yours faithfully,

**Baker McKenzie Habib Al Mulla**

2

# Exhibit C



**Baker & McKenzie Habib Al Mulla**

Level 14, O14 Tower
Al Abraj Street, Business Bay
Dubai
United Arab Emirates

PO Box 2268
Dubai
United Arab Emirates

Tel: +971 4 423 0000
Fax: +971 4 447 9777
www.bakermckenzie.com

**Asia Pacific**
Bangkok
Beijing
Brisbane
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta
Kuala Lumpur*
Manila*
Melbourne
Seoul
Shanghai
Singapore
Sydney
Taipei
Tokyo
Yangon

**Europe, Middle East
& Africa**
Abu Dhabi
Almaty
Amsterdam
Antwerp
Bahrain
Barcelona
Berlin
Brussels
Budapest
Cairo
Casablanca
Doha
Dubai
Dusseldorf
Frankfurt/Main
Geneva
Istanbul
Jeddah*
Johannesburg
Kyiv
London
Luxembourg
Madrid
Milan
Moscow
Munich
Paris
Prague
Riyadh*
Rome
St. Petersburg
Stockholm
Vienna
Warsaw
Zurich

**The Americas**
Bogota
Brasilia**
Buenos Aires
Caracas
Chicago
Dallas
Guadalajara
Houston
Juarez
Lima
Los Angeles
Mexico City
Miami
Monterrey
New York
Palo Alto
Porto Alegre**
Rio de Janeiro**
San Francisco
Santiago
Sao Paulo**
Tijuana
Toronto
Valencia
Washington, DC

* Associated Firm
** In cooperation with
Trench, Rossi e Watanabe
Advogados

**PRIVATE AND CONFIDENTIAL**

28 October 2020

**To:** Alettin Bahceci (Chairman of the Board), Sudhakar Tomar (Director)

**Hakan Holdings Limited**
JAFZA Offshore Company, registration number - 702
1003, Khalid Al Attar Tower, Sheikh Zayed Road, P.O. Box 71241
United Arab Emirates, Dubai
By email: alettin.bahceci@hakanfoods.com.tr
         sudhakar.tomar@hakanfoods.com

**CC:** Kaya Recep (Director) Akylbek Orozov (Stakeholder), Masallah Soleimani

**Rus-AgroExport LLC**
Legal address: 344034, Russian Federation, Rostov-na-Donu
Privokzalnaya str. 9A, office 1
Factual address: 344114, Russian Federation, Rostov-na-Donu
Kirovskiy avenue 126
By email:  mariya.nazarenko@rusagroexport.net
         masallah.soleimani@rusagroexport.net
         recep.kaya@rusagroexport.net

**CC:** Sudhakar Tomar (Chairman of the Board), Ashley Anderson (CEO), Brandon Bahceci (Director), Bart Peczkowski (CFO), Irina Yanina (Head of Legal)

**Hakan Agro**
DMCC Company, Jumeirah Lakes Towers, Unit 3404
Mazaya Business Avenue BB2, Plot No: JLTEPH2-BB2
Dubai, United Arab Emirates
By email: sudhakar.tomar@hakanfoods.com
         ashley.bahceci@hakanfoods.com
         brandon.bahceci@hakanfoods.com
         bart.peczkowski@hakanfoods.com
         irina.yanina@hakanfoods.com

Dear Sirs,

**Subject:  Response to the Letter dated 26 October 2020 sent by Hakan
           Holdings Limited (overdue amounts under the Loan Agreements
           of 7 May and 12 December 2019; obligations under the Guarantee
           Agreements of 8 August and 17 December 2019)**

We confirm the receipt of your letter dated 26 October 2020 sent in response to our letter of 19 October 2020 (the "**Letter**").

Notwithstanding the fact that our Client is in negotiations with Rus-AgroExport LLC regarding payments under Loan Agreements of 7 May and 12 December 2019, this fact



does not affect your liability under the Agreements to settle the outstanding payments in the total amount of **USD 22,404,599.73,** for which several extensions have been granted.

Further, we would like to draw your attention to the fact that our letter of 19 October 2020 concerned two Loan Agreements, *i.e.* of 12 December 2019 and of 7 May 2019, while you referred in the Letter only to the Loan Agreement of 12 December 2019.

Despite the fact that the debt under Loan Agreements of 7 May and 12 December 2019 became due as from 17 October 2020, our client offered you an opportunity to pay until 1 December 2020, subject to agreeing on a payment schedule satisfactory to our Client.

However, you have not provided any comments to this proposal in the Letter, which entitles us to consider you in default under Loan Agreements of 7 May and 12 December 2019 as from 17 October 2020.

Therefore, we request you to provide us without any delay and as soon as possible with your response to the above proposal to provide a payment schedule for the full debt repayment until 1 December 2020. Failing to receive your feedback by the designated timeline shall be construed as a rejection to our client's proposal. Such rejection will trigger your liability to settle **immediately** the below amounts to our Client:

**USD 2,338,667.23** under Loan Agreement of 7 May 2019; and

**USD 20,065,932.5** under Loan Agreement of 12 December 2019.

The updated calculation of the debt, including the letter of our Client to Rus-AgroExport LLC with a full statement of loans as of 27 October 2020 under Loan Agreements of 7 May and 12 December 2019, is attached hereto for your convenience.

Yours faithfully,

**Baker McKenzie Habib Al Mulla**

# ВУЗ•БАНК

**АО «ВУЗ-банк»**
620142, г. Екатеринбург,
ул. 8 Марта, дом 49, 4 этаж, офис 432
тел./факс (343 311-88-44, 311-75-46
E-mail: main@vuzbank.ru
WEB-сайт: http://www.vuzbank.ru/

От _28.10.2020_ № _3700-01/30178_

Attention: OOO RusAgro Export
Subject: Loan Agreement 311374

Based on your request we would like to inform you that the amount to be repaid by your esteemed company as of 27/10/2020 is following:

Principal:

| Agreement | Date of conclusion | Date of termination | Type of the loan | Outstanding balance as of 27.10.2020 |
|---|---|---|---|---|
| 311274 | 07.05.2019 | 30.10.2020 | Credit line with the limited debt | 2 337 107,00 |
| **Total in USD:** | | | | 2 337 107,00 |

Interest:

| % | Accrual period | | Uotstanding due | Interest rate | Accrual amount | Actual date of interest repayment | Repaid amount | Overdue |
|---|---|---|---|---|---|---|---|---|
| On the principal amount | 22.10.2020 | 27.10.2020 | 2 837 107,00 | 4,65 | 2035,68 | 22.10.2020 | 485,45 | 1550,23 |
| Total: | | | | | 2035,68 | | 485,45 | 1550,23 |

Fees:

| Fee | Accrual period | | Accrued fees | Fees repayment date | Overdue fees |
|---|---|---|---|---|---|
| Loan account management– USD | 01.10.2020 | 30.10.2020 | 10 | 30.10.2020 | 10 |
| **Total** | | | 10 | | 10 |

Total debt by Loan agreement КД № 311274 as of 27.10.2020 is 2 338 667,23 USD

Attention: OOO RusAgro Export
Subject: Loan Agreement 311495

Based on your request we would like to inform you that the amount to be repaid by your esteemed company as of 27/10/2020 is following:

Principal:

| Agreement | Date of conclusion | Date of termination | Type of the loan | Outstanding balance as of 27.10.2020 |
|---|---|---|---|---|
| 311495 | 12.12.2019 | 11.12.2020 | Credit line with the limited debt | 19 997 325,14 |
| **Total in USD:** | | | | 19 997 325,14 |

Interest:

| % | Accrual period | | Uotstanding due | Interest rate | Accrual amount | Actual date of interest repayment | Repaid amount | Overdue |
|---|---|---|---|---|---|---|---|---|
| On the principal amount | 01.10.2020 | 27.10.2020 | 19 997 325,14 | 4,65 | 68 597.36 | | | 68 597.36 |
| Total | | | | | 68 597.36 | | | 68 597.36 |

Fees:

| Fee | Accrual period | | Accrued fees | Fees repayment date | Overdue fees |
|---|---|---|---|---|---|
| Loan account management– USD | 01.10.2020 | 30.10.2020 | 10 | 16.11.2020 | 10 |
| Total | | | 10 | | 10 |

Total debt by Loan agreement КД № 311495 as of  27.10.2020 is 20 065 932,50 USD

Your faithfully,

Gennady Izevlin

Debt of OOO Rus-AgroExport as of 27/10/2020

| Agreement | | Amount | Currency | Client | rate |
|---|---|---|---|---|---|
| 311495 | principal | 19,997,325.14 | USD | ООО "Русь-АгроЭкспорт" | 4.65 |
| 311495 | interest | 68,597.36 | USD | ООО "Русь-АгроЭкспорт" | 4.65 |
| 311495 | fees | 10.00 | USD | ООО "Русь-АгроЭкспорт" | 4.65 |
| Total | | **20,065,932.50** | | | |

| Agreement | Тип (расшифровка) | Amount | Currency | Client | Rate |
|---|---|---|---|---|---|
| 311274 | средства | 2,337,107.00 | USD | ООО "Русь-АгроЭкспорт" | 4.65 |
| 311274 | проценты | 1,550.23 | USD | ООО "Русь-АгроЭкспорт" | 4.65 |
| 311274 | комиссии | 10.00 | USD | ООО "Русь-АгроЭкспорт" | 4.65 |
| Total | | **2,338,667.23** | | | |

# Exhibit CC



ريد سميث

**ReedSmith**

**Driving progress**
through partnership

ريد سميث ال ال بي
الطابق ٢٥، المدخل الشرقي
اندكس تاور
مركز دبي المالي العالمي
ص.ب. ٥٠٦٥٤٨
دبي، الإمارات العربية المتحدة
هاتف: ٦٣٠٠ ٧٠٩ ٤ ٩٧١+
فاكس: ٠٠٦٠ ٣٢٣ ٤ ٩٧١+

Reed Smith LLP
Level 25, East Entrance
Index Tower
Dubai International Financial Centre
P.O. Box 506548
Dubai, United Arab Emirates
Tel +971 4 709 6300
Fax +971 4 323 0060
reedsmith.com

**Waseem Khokhar**
Direct Phone:  +971 4 709 6334
Email:   wkhokhar@reedsmith.com

**Amir Ahmad**
Phone: +971 (0)4 709 6330
Email: aahmad@reedsmith.com

**Rhys Monahan**
Direct Phone:  +971 (0)4 745 6315
Email:  rmonahan@reedsmith.com

30 September 2021
Our Ref:  Hakan/Vuz

**By Electronic Mail**

Baker McKenzie Habib Al Mulla
Level 14, O14 Tower,
Al Abraj Street, Business Bay
Dubai

Attn:
Dr Al Mulla Habib.Almulla@bakermckenzie.com
Maye Ismail Maye.Ismail@bakermckenzie.com
Safaa Ahmed Safaa.Ahmed@bakermckenzie.com

Copy:
Crowe UAE, Mr Saad Maniar
Kroll UAE, Mr Haroon Ahmed

Dear Sirs:

**Re: JSC VUZ-Bank ("Vuz-Bank")**

We refer to your letter of 13 September 2021.

We are disappointed in your letter and your apparent failure to take our client's position with due professional regard. Our client has raised serious issues in respect of conflict of interest and your firm's service and representations. For the reasons further set out below, your firm is asked to reconsider its position before further damage is done to our respective clients and the matter is escalated beyond our respective control.

Reed Smith LLP in Dubai is registered with the Dubai Financial Services Authority.
Reed Smith LLP is a limited liability partnership registered in England and Wales with registered number 0C303620 and its registered office at The Broadgate Tower,
20 Primrose Street, London EC2A 2RS.  Reed Smith LLP is authorised and regulated by the Solicitors Regulation Authority.  A list of members of Reed Smith LLP,
and their professional qualifications, is available at the registered office.  The term partner is used to refer to a member of Reed Smith LLP, or a partner of an associated entity, or an employee of equivalent standing..

Reed Smith LLP is associated with Reed Smith LLP of Delaware, USA and the offices referred to below are offices of either Reed Smith LLP or Reed Smith LLP of Delaware, USA.

ABU DHABI ♦ ATHENS ♦ AUSTIN ♦ BEIJING ♦ CENTURY CITY ♦ CHICAGO ♦ DALLAS ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG ♦ HOUSTON ♦ KAZAKHSTAN ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH
NEW YORK ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH ♦ PRINCETON ♦ RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON

Baker McKenzie Habib Al Mulla
Copy:

30 September 2021Page 2

*Attachment Order*

For the reasons already set out in our previous letter, we disagree with your analysis of the effect of the attachment order on the Company's proposed liquidation.

To understand the basis upon which you sought and obtained the attachment order, we will need a copy of your application for the attachment order. Please provide this by return.

*Conflict of Interest*

You have confirmed that your firm had been acting for Vuz-Bank from a date prior to *"clearing conflicts"* in order to act for our client.

You have also not denied that your firm received confidential information concerning our client that would otherwise cause your firm a conflict of interest.  Kroll has confirmed that such information was provided to you following confirmation that conflicts had been *"cleared"*. Amongst other things, Kroll has confirmed:

- On 14 June 2021 your firm confirmed to Kroll that *"…our conflicts checks have been cleared…"*

- On 15 June 2021, Kroll attended a meeting with your firm at which the following topics were discussed:

  o Kroll provided a background to our client and shared details of our client's recent history following the death of Mr Hakan in May 2020;

  o Kroll provided information on the insolvency of our client;

  o Kroll and your firm discussed potential options for our client, including the voluntary insolvent winding up of our client. Your firm gave advice on the requirements for such steps;

  o Kroll confirmed the largest creditor of our client appeared to be a Russian Bank, Ural Bank, your firm confirming you have historically done work for that bank;

  o Your firm gave advice on the DMCC liquidation process and advised Kroll on the ways it could support the process; and

  o Kroll gave some further information on claims regarding employment and creditor matters;

- On 15 June 2021, Kroll provided a high-level scope of work to your firm in respect of the instruction.

- Between 15 to 21 June 2021, there was an exchange of emails on scope of work and fee estimates. In the correspondence, your firm confirmed *"We are confident that we are well placed to partner with you"*. Kroll also provided confidential information on actions being taken by it and our client during this period.

- On 22 June 2021, Kroll discovered your firm was acting for VuzBank, a subsidiary to UralBank, and on a phone call to you expressed disappointment that you represented you were conflict free. Despite your confirmation, UralBank and VuzBank are adverse to our client and therefore you have multiple conflicts of interest. Kroll requested written confirmation that you did not use any confidential and privileged information in regards to our client or shared any information with parties adverse to our client. This confirmation was never received.

From the above it is clear you had been provided with confidential information and had even provided advice to our client (via Kroll) on its position and next steps.

Baker McKenzie Habib Al Mulla
Copy:

30 September 2021Page 3

In respect of the above, it would be useful for us to review your attendance notes of the meetings and calls held with our client/Kroll (such notes confidential and privileged to our client). Please can these be provided by return.

In respect of your letter, your suggestion that Kroll engineered the conflict in order to prejudice your representation of Vuz-Bank is a distortion of the facts and lacks any credibility: You are aware that Denton's (who correctly identified a conflict in themselves acting for our client) referred the matter to you.

Instead, you rely on the premise that no conflict can exist where a client is not fully *"on-boarded"* or where the information provided did not come directly from our client (i.e. the mere fact that information was provided by Kroll, notwithstanding that they were at the time acting on behalf of our client, means the information cannot be relevant from a conflicts perspective). Your analysis is wrong and misunderstands what a conflict of interest is. The reality is that your firm confirmed to Kroll that it was free to act; it was then provided with relevant and confidential information that placed your firm in a position of conflict with its ongoing representation of Vuz-Bank (and likely UralBank as well). The fact that your firm had not completed its on-boarding formalities is irrelevant; neither is the fact that the information was provided to you via Kroll, an advisor to our client.

Of further relevance is that Kroll alerted you of a potential conflict of interest when they discovered that your firm was also acting on behalf of Vuz-Bank. It was only then that your firm acknowledged the conflict and declined to act any further. By that time, you had already received confidential and relevant information about our client in breach of your own conflict policy: In fact it was, by then, too late to continue to act for either party. What you were obliged to do was to cease to act for either party from that moment and make a report to the regulator(s).

Your firm, and those lawyers involved in this matter, each have their own respective legal and professional duties (both domestic UAE and international) to our client, and VuzBank and UralBank. Given your reluctance to consider this matter with due regard, we feel compelled to remind you that breaches of this nature potentially have serious regulatory, criminal and civil consequences and penalties.

Despite the above, you seem determined to continue to act for Vuz-Bank and UralBank when you are clearly conflicted. If you do not immediately, and by no later than 10 October 2021, cease acting for Vuz-Bank, you leave us no choice but to bring this matter to the attention of the relevant authorities and parties, notwithstanding your misconstrued threats of defamation claims. Our client is resolute in protecting its position and rights and will pursue this matter to proper resolution.

*UralBank and notices*

You are also requested to confirm your position on your firm's acting for UralBank. Given the above, a conflict of interest appears to exist in that respect too.

Please also confirm whether you have made your clients (VuzBank and UralBank, respectively) aware of the conflicts of interest, and our letters on this issue. We trust that this issue has also been raised with your global conflicts and risk team.

Our client's rights are expressly reserved.

 Yours faithfully,

*Reed Smith LLP*

**Reed Smith LLP**

# Exhibit D



# hakan
## HOLDINGS LIMITED

**RESOLUTION № 101/2020**
**OF THE SHAREHOLDERS**
**OF HAKAN HOLDINGS LIMITED**

UAE, Dubai                                        8th of June 2020

**PRESENT:**
ALETTIN BAHCECI
ASHLEY SUSAN ANDERSON
SUDHAKAR TOMAR
KORAY OZKAN, Secretary of the Board of Directors

**Legal Heirs of Late Mr. Hakan Bahceci:**

BRANDON BAHCECI

YELDA BAHCECI

ALETTIN BAHCECI

DEHA BAHCECI (BY GUARDIAN YELDA BAHCECI)

HAKAN BAHCECI (BY GUARDIAN YELDA BAHCECI)

KARMEN BAHCECI (BY GUARDIAN YELDA BAHCECI)

**The quorum is 100%.**

 WHEREAS, the Legal Heirs (who do not have a dispute between themselves) of the Late Mr. Hakan Bahceci, sole owner of Hakan Holding Limited (further "the Corporation"), registered as a limited liability company in compliance with the regulations of 2003 for incorporation of offshore companies in the Jebel Ali Free Zone, on 12.12.2004 under reg. No. OF702, (the "Shareholders"), have met and after discussion, passed the following resolutions unanimously:

---

**1205, WESTBURRY COMMERCIAL TOWER, AL ABRAJ STREET,**
**BUSINESS BAY, P. O. BOX 71241, DUBAI, UNITED ARAB EMIRATES**



## SHAREHOLDER RESOLUTION APPOINTING DIRECTORS

NOW, THEREFORE, BE IT RESOLVED that the undersigned Shareholders of this Corporation, as represented by its Directors, hereby consents to, approve and adopt the following:

## ELECTION OF DIRECTORS:

RESOLVED THAT, effective as of the date hereof, the following individuals be and they hereby are elected to the Board of Directors of this corporation:

| № | Name | Designation | Signing Instruction |
|---|------|-------------|---------------------|
| 1 | Alettin Bahceci | Chairman of the Board and Non-Executive Director | Joint |
| 2 | Ashley Susan Anderson | Chief Executive Officer and Executive Director | Joint |
| 3 | Sudhakar Vardhan Singh Tomar | Executive Director | Joint |

RESOLVED FURTHER, that the Executive Directors of this Corporation, namely Ashley Suisan Anderson and Sudhakar Vardhan Singh Tomar, are and each acting alone is, hereby authorized to do and perform any and all such acts, including joint execution of any and all documents and certificates, as said officers shall deem necessary or advisable, to carry out the purposes of the foregoing resolutions. For the avoidance of any doubts joint means at least two authorized persons singing jointly.

RESOLVED FURTHER, that any actions taken by such officers prior to the date of the foregoing resolutions adopted hereby that are within the authority conferred thereby are hereby ratified, confirmed and approved as the acts and deeds of this Corporation.

All resolutions were approved unanimously.  This written consent shall be filed in the Minute Book of this corporation and become a part of the records of this corporation.

Date: June 8th, 2020

There being no other business to transact, the Meeting was adjourned.

*Signature Page follows immediately*

---

**1205, WESTBURRY COMMERCIAL TOWER, AL ABRAJ STREET,
BUSINESS BAY, P. O. BOX 71241, DUBAI, UNITED ARAB EMIRATES**



*Signatures of shareholders of Hakan Holdings Limited*

We hereby certify the above to be a true copy from the Minutes:

BRANDON BAHCECI

YELDA BAHCECI

ALETTIN BAHCECI

DEHA BAHCECI (BY GUARDIAN YELDA BAHCECI )

HAKAN BAHCECI (BY GUARDIAN YELDA BAHCECI)

KARMEN BAHCECI (BY GUARDIAN YELDA BAHCECI)

True and certified by:

KORAY OZKAN, Secretary

---

**1205, WESTBURRY COMMERCIAL TOWER, AL ABRAJ STREET,
BUSINESS BAY, P. O. BOX 71241, DUBAI, UNITED ARAB EMIRATES**

# Exhibit DD



**Baker & McKenzie Habib Al Mulla**

Level 14, O14 Tower
Al Abraj Street, Business Bay
Dubai
United Arab Emirates

PO Box 2268
Dubai
United Arab Emirates

Tel: +971 4 423 0000
Fax: +971 4 447 9777
www.bakermckenzie.com

**By email**

**Asia Pacific**
Bangkok
Beijing
Brisbane
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta
Kuala Lumpur*
Manila*
Melbourne
Seoul
Shanghai
Singapore
Sydney
Taipei
Tokyo
Yangon

**Europe, Middle East
& Africa**
Abu Dhabi
Almaty
Amsterdam
Antwerp
Bahrain
Barcelona
Berlin
Brussels
Budapest
Cairo
Casablanca
Doha
Dubai
Dusseldorf
Frankfurt/Main
Geneva
Istanbul
Jeddah*
Johannesburg
Kyiv
London
Luxembourg
Madrid
Milan
Moscow
Munich
Paris
Prague
Riyadh*
Rome
St. Petersburg
Stockholm
Vienna
Warsaw
Zurich

**The Americas**
Bogota
Brasilia**
Buenos Aires
Caracas
Chicago
Dallas
Guadalajara
Houston
Juarez
Lima
Los Angeles
Mexico City
Miami
Monterrey
New York
Palo Alto
Porto Alegre**
Rio de Janeiro**
San Francisco
Santiago
Sao Paulo**
Tijuana
Toronto
Washington, DC

* Associated Firm
** In cooperation with
Trench, Rossi e Watanabe
Advogados

**WITHOUT PREJUDICE**

7 October 2021

**Reed Smith LLP
Representing Hakan Agro DMCC**

**Mr. Waseem Khokhar**
D:  +971 4 709 6334
E:  wkhokhar@reedsmith.com

**Mr. Amir Ahmad**
T:  +971 (0)4 709 6330
E:  aahmad@reedsmith.com

**Mr. Rhys Monahan**
D:  +971 (0)4 745 6315
E:  rmonahan@reedsmith.com

Dear Sirs,

**Subject:      Reply to the letter received from Reed Smith LLP dated 30
September 2021**

We refer to your letter dated 30 September 2021 (the "**Letter**"), in which you repeated the
previous groundless allegations against Baker Mckenzie Habib Al Mulla ("**BHMAM**" or
the "**Firm**").

The Firm strongly denies all the allegations contained in the Letter and reiterates that:

a) On 9 September 2021, BMHAM shared with Reed Smith copy of the Dubai Court
Order no. 157377/2021 dated 30 March 2021 (the "**Court Order**").

b) The Court Order unquestionably makes clear that (i) HK Agro's shares (being a
financial asset held by HK Holdings) are attached in favour of our Client in the
execution proceedings no. 5766/2021; and (ii) the shareholder (i.e. Hakan Holdings)
is strictly prohibited from conducting any dispositions over such shares.

Notwithstanding the Court Order, Hakan Agro (represented by Reed Smith)
insisted to ignore the Court Order and proceed with the voluntary liquidation in
violation of the court decision.

c) As of date, Reed Smith failed to adduce any material or reliable evidence
supporting the validity of the voluntary liquidation or prove that Hakan Agro is



duly authorized by the DMCC Registrar or the Dubai Court to proceed with the voluntary liquidation.

d) As a practicing frim in the UAE, you are expected to prioritize and adhere to your statutory duties to the UAE Court. You are further expected as licensed solicitors to comply with any court orders or directions and to refrain from taking any steps which may frustrate a court order or hinder the application of the rule of law and/or the administration of justice.

e) In all previous communications to Reed Smith, BMHAM made clear that it was never formally appointed by either Kroll or Hakan Agro nor did we consult nor advise on any legal matter relating to Hakan Agro. The Firm has further refuted that any confidential information was obtained.

Therefore, any reference that BMHAM did not deny the allegations is totally groundless and factually incorrect.

To be clear, BM will continue to represent Vuz Bank. Reed Smith, Hakan Agro and Hakan Holdings are all demanded to comply with the Court Order to avoid being held liable for contempt of Court.

For the second time, your Letter contains false allegations which are defamatory to our Firm. Note that any further defamatory statements and misrepresentations that puts our Firm into disrepute will not be tolerated.

Hakan Agro should be summoned in court shortly as regards the unlawful liquidation.

All our rights and remedies are fully reserved.

Yours faithfully,

*Baker McKenzie Habib Al Mulla*

**Baker McKenzie Habib Al Mulla**

# Exhibit E



## RESOLUTION №1/2020
## OF THE SOLE SHAREHOLDER
## OF HAKAN AGRO DMCC

**UAE, Dubai**                                              **8th of June  2020**

**PRESENT ON BEHALF OF HAKAN HOLDINGS LIMITED:**
ALETTIN BAHCECI, DIRECTOR AND CHAIRMAN OF THE BOARD
SUDHAKAR TOMAR, DIRECTOR
KORAY OZKAN, SECRETARY

**The quorum is 100%.**

<u>SHAREHOLDER RESOLUTION APPOINTING DIRECTORS</u>

WHEREAS, pursuant to Articles of Association of Hakan Agro DMCC (further "Corporation"), it is deemed desirable and in the best interests of the Corporation that the following actions be taken by the Shareholder of this corporation pursuant to this Written Consent:

NOW, THEREFORE, BE IT RESOLVED that the undersigned Shareholder of this Corporation, as represented by its Directors, hereby consents to, approve and adopt the following:

<u>ELECTION OF DIRECTORS</u>

RESOLVED THAT, effective as of the date hereof, the following individuals be and they hereby are elected to the Board of Directors of this corporation:

| № | Name | Designation | Signing Instruction |
|---|------|-------------|---------------------|
| 1 | Sudhakar Vardhan Singh Tomar | Chairman of the Board and Executive Director | Joint |
| 2 | Ashley Susan Anderson | Executive Director and Chief Executive Officer | Joint |
| 3 | Brandon Bahceci | Director | Joint |
| 4 | Nazim Bahceci | Director | Joint |
| 5 | Gary Seaton | Director | Joint |

The company is registered and licensed as a FREEZONE Company under the Rules and Regulations of Dubai Multi Commodities Centre Authority

34th Floor, BB2 Tower, Mazaya Business Avenue, Jumeirah Lakes Towers
P.O. Box 31489, Dubai, UAE
Phone: +971 4 4230700 / Fax: +971 4 4230707, Email: dubai@hakanfoods.com



authorized to do and perform any and all such acts, including joint execution of any and all documents and certificates, as said officers shall deem necessary or advisable, to carry out the purposes of the foregoing resolutions. For the avoidance of any doubts joint means at least two authorized persons singing jointly.

RESOLVED FURTHER, that any actions taken by such officers prior to the date of the foregoing resolutions adopted hereby that are within the authority conferred thereby are hereby ratified, confirmed and approved as the acts and deeds of this Corporation.

All resolutions were approved unanimously.  This written consent shall be filed in the Minute Book of this corporation and become a part of the records of this corporation.

Date: 8th of June 2020

There being no other business to transact, the Meeting was adjourned.

We hereby certify the above to be a true:

ALETTIN BAHCECI

SUDHAKAR TOMAR

ASHLEY ANDERSON

Signed in the presence of:

**KORAY OZKAN, Secretary**

The company is registered and licensed as a FREEZONE Company under the Rules and Regulations of Dubai Multi Commodities Centre Authority
34th Floor, BB2 Tower, Mazaya Business Avenue, Jumeirah Lakes Towers
P.O. Box 31489, Dubai, UAE
Phone: +971 4 4230700 / Fax: +971 4 4230707, Email: dubai@hakanfoods.com

# Exhibit F









Reliable. Responsible. Agile.



**Hakan Bahceci,** Founder of the Hakan Group

*"We aim to be the most vouched for company by our customers, partners and employees for their overall experience with us in global food systems supply chain management"*





















In all our actions, we are guided by the following principles

- **Reliability**: We are trusted on our performance and honesty in consistently delivering results, meeting expectations no matter what and keeping promises.
- **Solution oriented flexibility:** In all our dealings we take ownership and strive to deliver solutions. Optimistically and promptly address challenges.
- **Adaptability:** We strive to understand the world, continuously learn, align with our customers' needs and effectively implement positive change.
- **Transparent & Honest Relationships:** Transparency and honesty is in the hearth of all our relationships and our relationships are our most important assets.
- **Dignity:** In everything we do we are universally decent human beings and good citizens.
- **Responsibility:** We are responsible for the earth and community we live in.

- Memoriam of Hakan Bahceci
- Statement of support from the heirs
- Introduction to shareholding changes and preliminary schedule
- Introduction of changes to the Board of Directors
- Division of work and decision making
- Board of Directors
- Advisory Committee
- Risk management and additional controls
- Current financial standing and projections
- Q&A
- Closing statement

# STATEMENT ON SUPPORT FROM ALL THE HEIRS



**Alettin Bahceci,**
*Father*



**Deniz Yelda Bahceci,**
*Wife*



**Brandon Bahceci,**
*Son*

By this statement we would like to record our solidarity as a family and our full commitment to HAKAN's vision and values, employees, customers, suppliers, and other stakeholders to carry forward Hakan Bahceci's well-earned legacy.

We will retain the integrity of HAKAN as one piece, with full support and confidence in the executive committee and their capable teams who have been accompanying Hakan Bahceci shoulder to shoulder in his journey from the beginning.

To:        Sudhakar Tomar, Chairman of the Board

           Ashley Anderson, Chief Executive Officer

Subject:   Hakan Agro DMCC ("the Company") and Hakan Holdings Ltd with its subsidiaries ("the
           Group")

In support Hakan Agro DMCC, the wholly owned subsidiary of Hakan Holdings Ltd, we, heirs of the estate
of Mr. Hakan Bahceci, state and confirm the following:

1. We, as heirs, are legal and beneficial owners of 100% of the estate which includes 100% of the
   paid in share capital of the Group. It is our present intention to maintain that percentage
   holding in the Group. We undertake to inform you forthwith of any change in that intention and
   to consult you in advance of any likely decrease in that percentage holding.
2. It is in our interest that the Company and the Group continue to conduct business as a going
   concern with our full support of the current management.
3. It is always in our interest that the Company and the Group meet their financial obligations. It is
   our policy to provide the Company with such support and assistance as may be required to
   ensure that it maintains capital and liquidity levels to enable the Company to meet its obligations
   in conformity with the standards of prudence generally accepted in this field of business at all
   times.

For and on behalf of heirs:

Alettin Bahceci

Yelda Bahceci

Brandon Bahceci

Karmen Bahceci (signed by Guardian)

Hakan Bahceci (signed by Guardian)

Deha Bahceci (signed by Guardian)









# INTRODUCTION TO SHARE HOLDING CHANGES

Hakan Holdings Ltd.

Hakan Bahceci
(100%)

- Alettin Bahceci
  16.66%
- Deniz Yelda Bahceci
  12.5%
- Brandon Bahceci
  20.24%

- (minor) Karmen Bahceci
  10.12%
- (minor) Hakan Bahceci
  20.24%%
- (minor) Deha Bahceci
  20.24%%

- Above shares are preliminary based on Sharia Law of UAE, final verdict is due from court.
- Family has no conflicts on share distribution.
- Certificate of inheritance is obtained in Turkey already going through legalization process
- Heirs appointed a lawyer, issued POA and supporting documents related to Hakan Bahceci estate has been prepared. Some of them are under legalization process.

## COMMENTARY

As per pre-agreed succession plan, the organization is restructured as shown in graphic.

Board sets the direction of the strategy to achieve vision while scrutinizing the performance.

Audit Department sets controls to ensure financial and operational governance adhered to while legal and compliance department ensures regulatory compliance is guaranteed.

CEO is responsible of the overall strategic performance and growth of the Company while keeping the Advisory committee in arms length to ensure operational decisions are taken with collective judgement.

Business Heads, accountable of the performance and growth of the respective business verticals

Supporting departments strive to control costs while facilitating smooth operation with exceptional service that brings a value add to stakeholder value.



**Sudhakar Tomar,**
**Chairman**

Sudhakar, an agri-commodities veteran of over 27 years , has been with HAKAN since inception ,  Before  joining hands with Hakan he worked with transnational  $38 Billion AV Birla group in India , UAE , Turkey and Syria . Sudhakar Tomar is also the President of  UAE & India government sponsored 'India Middle East Agro Trade Investment & Investment Forum (IMEA-TIIF), advisor to various governments & multilateral bodies on food policy, and the Board Member of Food Trade  Group of DMCC , Indian Chamber of Commerce, Lithuania, EU and The CXO Alliance . He has won several awards including Forbes Top 100 Indian Leaders in the Arab World in 2019,2018,2017 & 2016, Global Agriculture Award (2019) from Indian Chamber of Food & Agriculture, Globoil Award (2019) for CRS & Championing Farmers Rights, 'Business Leader of the year' (2016) from the  DMCC,  'Visionary Leadership of the Year (2018) from  Republic TV, Outstanding contribution   Award (2017) from   Ministry of Commerce, Government of India ,  'Arabian Business Indian CEO 2016 Award' and 'Indywood Overseas Indian of the year  Award' (2017).



**Ashley Anderson (Bahceci),**
**Chief Executive Officer**

Ashley has 27 years of experience in agri-commodities trade, specializing in the frozen meat & poultry. She has established and successfully managed HAKAN's Animal Proteins division and has been with HAKAN since inception.

Ashley is highly skilled in negotiation, business planning, business development, international business, and accounting.

She is a member USAPEEC Board of Directors.

Ashley holds a BBA degree from University of Georgia in Accounting, MBA degree from Hult International Business School and she is Harvard Business School PLDA Alumni.



**Nazim Bahceci,**
**Non-Executive Board Member**

Nazim has been with the Company since 1997 in various positions including commercial management of Turkic Republics and Iraq region, animal feed and oilseeds across Blacksea region as well as management of warehouse construction projects and management of warehouses in various countries. Nazim's latest project was establishment of the most technologically advanced  goat dairy farm in Turkey.
Nazim is the Chairman of the Board in Orucoglu Integrated Edible Oil Company in Turkey.
Nazim studied International Business in Girne American University.



**Brandon Bahceci,**
**Non-Executive Board Member**

Brandon studied finance with minor in supply chain management and analytics at University of Georgia. He has completed several internships at various departments of HAKAN including operations, grain trading, finance and strategy.
Brandon dedicated significant portion of his time to philanthropy projects to support environmental and humanitarian causes.



**Bart Peczkowski**
*CFO*

Former Investment Officer with International Finance Corporation, the World Bank Group, where he led the first WBG's Islamic finance investments. Developed and managed a $125m portfolio of investments in agribusiness in Eastern Europe and the Middle East. Director of Strategy and Business Development with the largest agriholding in Central Europe where he led privatization and M&A projects and implemented a vertical integration strategy. Managed nearly 40 M&A, divestiture and restructuring projects with KPMG's Deal Advisory practice in the USA; ex-auditor.
Wharton MBA, CFA, CPA.



**Govind Agarwal**
*Deputy CFO*

Govind has previously worked in export trading and execution roles in Swiss Singapore Overseas Enterprise PTE LTD (A part of Aditya Birla Group) in India from 2003 to 2007. He joined Hakan Group as Financial Controller and has gained vast experience in risk, finance, reporting, financial control and treasury functions in last 12 years.
Govind holds Bachelor's degree in Commerce from Delhi University and Chartered Accountant degree from Institute of Chartered Accountants of India



**Ravi Jha**
*Senior Treasury Manager*

Ravi has worked with Deloitte Touche Tohmatsu India LLP as senior Analyst between 2011-12 and has been working with Hakan Group since November 2012 till date. He joined the company as financial Analyst and was promoted to Treasury Manager. He has experience in corporate finance and structure trade finance for more than five years and management of forex hedging.
Ravi holds Bachelor's degree in Commerce from Delhi University and Chartered Accountant degree from Institute of Chartered Accountants of India.

Case 1:21-cv-04014-VMC   Document 22-1   Filed 01/10/22   Page 62 of 181



**Prakash KS**
*Head of Sesame, Africa*

Prakash has worked in agri-products trading and execution roles with US$ 4 Billion Ruchi Soya Group in India between 1992 – 1997 prior to joining HAKAN at its early stages.  He is deeply indulged in various functions of Agri-food trading such as marketing, execution, shipping & chartering, financing, arbitration etc. He was also involved in setting up business operations in various countries for HAKAN.
Prakash majored in Commerce and holds an MBA degree.



**Koray Ozkan**
*Head of Turkic Operations*

Koray has been working with HAKAN since 2000 in various functions mostly concentrating in Pulses and Oils trade.
Koray has been highly functional in developing new business and establishing effective distribution trade of Pulses for HAKAN.
Koray holds a Bachelor's degree in English Language and Literature.



**Heval Ozkol**
*Head of Grains*

Heval has worked as Financial Analyst in Turkish Eximbank and Part time lecturer in Izmir Economy University prior to her Trading career. Heval started trading at Noble Agri where she was involved in Blacksea flow via Istanbul and Dubai offices. She joined HAKAN in 2016 as Head of Grains where she added Grains trading to Company's one of the core business units.
Heval majored in Public Administration and Political Science at the Middle East Technical University, continued her academic studies with MBA degree from University of New Haven and later on with MSc in Trade and Finance Program of Cass Business School.



**Clinton Brown**
*Head of Dairy*

Clinton majored in Business Management and Economics at the University of Waikato in New Zealand.  Clinton then begun working in New Zealand's largest company Fonterra who accounts for 35% of the worlds traded dairy commodities.  Within Fonterra, Clinton managed businesses that spanned the globe including New Zealand, Brazil, China and finally Dubai. Since 2015 he leads the dairy division of HAKAN which since his appointment has grown to become one of the core business units within the Group.

# RISK MANAGEMENT & ADDITIONAL CONTROLS

## Risk Governance  Structure

The key segregation of duties is achieved through

**Trade desk** – Commercial merchandising activities: conducting trades and managing positions;

**Middle office** – Risk Management Department and Finance Controllers daily risk monitoring

**Strategic risk oversight committee** – Executive Management Committee (through the Risk Oversight Committee) **and Board of Directors**.



Board of Directors

Risk Oversight Committee

Middle and Back Offices

Trade Desk

## Additional Controls

- Commitment to diversification
- Continuity of operations
- Market price risks (on open contracts)
- Inventory position (price risk)
- Counterparty performance risk
- Credit risk
- <u>Open credit sales were limited</u>. With few exceptions for insured accounts, no credit sales are further allowed and blocked in the ERP system.
- FX volatility
- Every FX exposure is hedged. There are no open FX positions.

- **Liquidity risk**
1. *Available credit lines: AED 2.2 billion*
2. *Liquidity buffers: AED 35-50 million on average*

| | 2020 AED million *Projection* | 2019 AED million *Audited* | Difference AED million | Difference % |
|---|---|---|---|---|
| Sale of goods | 6,136 | 5,778 | 358 | 6% |
| Cost of goods sold | (5,516) | (5,072) | (444) | 9% |
| **GROSS PROFIT** | **620** | **706** | (86) | -12% |
| *Gross Profit Margin* | *10.1%* | *12.2%* | | |
| | | | | |
| Selling and distribution expenses | (476) | (515) | 39 | 8% |
| Administrative and general expenses | (28) | (30) | 2 | -7% |
| Net FX Gains/(Losses) and others | - | (1) | 1 | ~ |
| **OPERATING PROFIT FOR THE YEAR** | **116** | **162** | (46) | -28% |
| *Operating Profit Margin* | *1.9%* | *2.7%* | | |
| | | | | |
| Finance costs | (66) | (68) | 2 | 3% |
| **NET PROFIT FOR THE YEAR** | **50** | **94** | (44) | -47% |
| *Net Profit Margin (%)* | *0.8%* | *1.6%* | | |

## Commentary

- **Revenues from sale of goods**: during FY 2020 HADMCC expects to sell 14-17% more volume of goods as compared to the previous year. When adjusted for change of the sales portfolio – more share of lower priced cereals in the total sales – and when adjusted for an overall decrease in prices, the net increase in revenues shall amount to about 7%.

- **Gross Margin** in 2019 was at a strong level of 12.2%, but in FY 2020 we expect the gross margin to decrease as a result of COVID-19 impact, less sales on credit and more sales through highly competitive governmental tenders (more secure business but lower margin).

- **Selling and distribution expenses** decreased despite volume growth due to higher share of sales on FOB basis. Moreover, the increased volume is offset by higher share of commodities that are less expensive to transport e.g. cereals in bulk vessels vs frozen meat in containers.
  During FY 2020 we saw somewhat increased prices of logistic services for containerized and liquid goods.

- **Finance cost** increased in FY 2020 due to higher share of business delivered on usance LC basis (costs of discounting at banks risk are reflected as finance costs while do not impact the level of borrowing) while the borrowed amounts are similar to the previous year.

| | 2020 | 2019 | Change | Change |
|---|---|---|---|---|
| | *AED million* | *AED million* | *AED (000)* | *%* |
| | *Management* | *Audited* | | |
| **ASSETS** | | | | |
| **Non-current** | | | | |
| Property and equipment | 16 | 17 | *(1)* | *~0%* |
| Intangible Assets | ~0 | ~0 | - | - |
| Investment in associates | 2 | 2 | - | - |
| Long Term Accounts Receivable | 30 | 36 | *(6)* | *-19%* |
| | 48 | 54 | *(6)* | *-15%* |
| | | | | |
| **Current** | | | | |
| Inventories | 84 | 97 | *(12)* | *-13%* |
| Trade and other receivables | 1,160 | 1,216 | *(53)* | *-4%* |
| Amounts due from related parties | 120 | 105 | *15* | *14%* |
| Cash and bank balances | 88 | 28 | *60* | *214%* |
| | 1,452 | 1,448 | *4* | *-3%* |
| **TOTAL ASSETS** | **1,500** | **1,502** | **(2)** | **-~0%** |
| | | | | |
| **EQUITY AND LIABILITIES** | | | | |
| Share capital | 250 | 250 | - | - |
| Retained earnings | 260 | 209 | *50* | *24%* |
| | 510 | 459 | *50* | *11%* |
| Shareholder's subordinated account | ~0 | ~0 | - | - |
| **TOTAL EQUITY** | 510 | 459 | *50* | *11%* |
| | | | | |
| **LIABILITIES** | | | | |
| **Non-current** | 3 | 3 | - | - |
| | | | | |
| **Current** | | | | |
| Trade and other payables | 109 | 91 | *18* | *20%* |
| Amounts due to related parties | - | - | - | - |
| Bank borrowings | 878 | 946 | *(68)* | *-7%* |
| | 987 | 1,037 | *(50)* | *-5%* |
| **TOTAL LIABILITIES** | 990 | 1,040 | *(50)* | *-5%* |
| **TOTAL EQUITY AND LIABILITIES** | **1,500** | **1,502** | **(2)** | **~0%** |

## Commentary

- **Long term due from related party**:  remaining portion of receivable from Hakan Holdings (shareholder) for the sale of Hakan Organics DMCC. The balance shall decrease due to scheduled payments

- **Trade receivables** shall decrease due to an overall expected timing of collection of the outstanding invoices (when vessels arrive) offset by increase of revenues in 2020 as compared to 2019. As indicated before, HADMCC executed several large shipments shortly before June 30, 2019 to governmental agencies in Egypt (AED 154m) and Turkey (AED 57m), Turkish livestock client (AED 105m), UN World Food Program and others that are not planned for FY Q4 2020.

- **Current amounts due from related parties** are planned to increase due to planned contracted sales to Indian and Turkish affiliates.

- **Retained earnings:** shareholder of HADMCC has not declared any dividends since FY 2016-2017, but in future periods may contemplate declaration of dividends reflecting no more than 50% of 2020 profit.

- **Trade and other payables** are expected to increase by 24 million, per the schedule of outstanding shipments.

- **Bank borrowings** are expected to decrease by 7% reflecting lower investment in current assets of AED 64 million, offset by build-up of cash cushion and repayment of trade payables.



# Contacts

For further questions please contact us any time:

**Bart Peczkowski**

Mobile: +971505515695
Bart.Peczkowski@hakanfoods.com

# Exhibit G





12:20 🚶 @ ∞ ···                    📶 65% 🔋

← 👤 Барт Хакан              🎥  📞  ⋮

all claims and other documents are ready and the attorney has been engaged    15:57

9. I told shareholders and management that I resign and unless they follow my recommendations on repayment to banks and collections of money stolen in Turkey (including temporary undertaking and pledges on assets) I will not accept any responsibility for the company's finances and I will not cover for the family wrongdoing. I will not be a part of that. I laid out a plan on liquidation of assets and we either follow that plan or they come up with a better one, but they need to accept the responsibility.
As you know I had no power to direct payments from the company and I will not assume that going forward unless deemed shareholders get the act together and do the right thing.

Please keep it confidential. I am informing as a courtesy.    15:57

Sure. When you can call just to clari ≫ some figures.    16:01 ✓✓

😊  Введите текст          📎  📷    🎤

   |||          ◯          ‹

# Exhibit H



Dear Mr.Anton and Mr.Sergey

I would like to express my gratitude for sparing your valuable time to visit us in Dubai.

Although very happy to have met you in person, I feel sorry that we had to meet under given circumstances. I also feel ashamed to see Hakan's legacy is brought to its knees with irresponsible or hostile behaviors of several members in our business/family circle.

Since my guardianship of the minors have now been approved by the court, although it will take some time to register the shareholders, I feel obliged to assure you that all guarantees of the Company are fully recognized and, on my kids' behalf, I will take all necessary actions within my capacity to ensure the responsibility is taken. It is my intention to continue searching solutions and fully cooperate to ensure that no benefits from the ownership of the Company will go to my kids unless the liabilities are repaid.

In the meantime, with the help of advisors, I am engaged in designing a restructuring plan to be implemented as soon as the shareholder registration is finalized which is expected to happen in couple of weeks.

To my knowledge, the Management of the Company has taken actions to file demands and claims with the other side of the family in Turkey. Recovery of those overdues should cover outstanding amounts. At this stage, to the extend possible, if Ural Bank joins the management of the Company in all legal actions or negotiations in good faith, we believe it would help us to increase the pressure and improves chances of collections from Turkey.



I am bringing additional support to the management team so to strengthen the board, possibly replace some members that I believe had other priorities earlier. The restructured board's new priority will be to ensure all legacy issues are cleared and the debts are repaid while profitable businesses are keeping our bloodlines intact.

Going forward I will ensure Bart Peczkowski refocuses his role, away from operational issues, to liquidate assets and attract additional investments into the Company so we have enough liquidity to repay the bank and run profitable businesses. We had discussions with Bart on the same to start preparations for implementing some aspects of this plan so we can hit the ground as soon as the shareholding matters are finalized.

I am very clear about the strategic importance of cooperation of Ural Bank with Hakan. Going forward I intend to ensure these priorities and promises are kept and hopefully the Bank will be able continuing to support our business. We are ready to avail full transparency and are open for consultation. I believe we can always discuss potential investment from the Bank to RAE even possibly in Hakan.

My hope is that the recent mishaps are only temporary, and I see a bright future in cooperation of both organizations.

Finally, I would like to thank you for all the generous support and understanding. Please note that you are always welcome in Dubai and I would be more than happy to organize and host you if you choose to come for vacation with your families in Dubai.

You are always welcome to reach me through my mobile +971505517679 or +905057122757

# Exhibit I

| LEGAL NOTICE | إنذار قانوني |
|---|---|
| **Notifying Party:**<br>**VUZ Bank - PJSC** | المنذرة:<br>الشركة المساهمة العامة "فوز – بنك" |
| **Correspondence Address:**<br>Baker McKenzie Habib Al Mulla<br>Level 14, O14 Tower, Al Abraj Street, Business Bay,<br>Dubai, United Arab Emirates<br>P.O. Box: 2268 | عنوانها المختار:<br>بيكر مكنزي حبيب الملا– برج O14 – شارع الأبراج – الخليج التجاري<br>– دبي– الإمارات العربية المتحدة<br>ص.ب رقم:2268 دبي |
| Represented by Imane Assad, According to the agency issued by the Russian Federation on ~~18-1-2020~~ and certified by the official authorities  30/10/2020 | بوكالة المحامية إيمان أسد بموجب الوكالة الصادرة من روسيا الاتحادية<br>بتاريخ 30-10-2020 والمصدقة من الجهات الرسمية |
| **Notified Party:** | المنذر اليها: |
| **Hakan Holdings Limited** | شركة هكان هولدينجز ليمتد |
| **Address:**<br>Registeration Number: OF702, free zone of Jebel Ali, Dubai, Office no. 1003, Khalid Al Attar Tower, Sheikh Zayed Road, P.O Box: 71241, Dubai, United Arab Emirates. | العنوان:<br>رقم التسجيل: OF702، المنطقة الحرة لجبل علي، دبي،<br>مكتب 1003، برج خالد العطار، شارع الشيخ زيد، ص ب 71241،<br>دبي، الإمارات العربية المتحدة. |
| **Email:**<br>alettin.bahceci@hakanfoods.com.tr<br>sudhakar.tomar@hakanfoods.com | البريد الالكتروني:<br>alettin.bahceci@hakanfoods.com.tr<br>sudhakar.tomar@hakanfoods.com |
| **Demand for fulfilment of obligations within five (5) days** | تكليف بالوفاء بالالتزامات خلال<br>خمسة (5) أيام |
| On May 7, 2019 Rus-Agro Eksport LLC entered into with "Ural Bank for Reconstruction and Development" the Loan Agreement No. 311274, by virtue of which Rus-Agro was granted a credit facility in the amount of US Dollars 20 million ("Loan Agreement").<br><br>Thereafter, on August 8, 2019 the Notified Party concluded with Ural Bank for Reconstruction and Development the Guarantee Agreement No. 311274/1. Under this Guarantee Agreement, the Notified Party consented and undertook that it would severally or jointly (along with the original debtor "Rus-Agro Eksport") pay the credit facility amount as well as any interests, fines | بتاريخ 7 مايو 2019 أبرمت شركة (Rus-AgroEksport)، مع مصرف<br>Ural Bank for Reconstruction and Development ) عقد<br>القرض رقم 311274، والذي تم بموجبه منح الشركة المذكورة تسهيل<br>ائتماني بقيمة 20 مليون دولار أمريكي ("عقد القرض").<br><br>ثم بتاريخ 8 أغسطس 2019 قامت المنذر إليها بإبرام اتفاقية الضمان رقم<br>311274/1 مع مصرف ( Ural Bank for Reconstruction<br>and Development ) والتي التزمت بموجبها منفردة أو بالتضامن مع<br>المدين الأصلي شركة (Rus–AgroEksport) بالوفاء بمبلغ التسهيل |

بيكر ماكنزي. حبيب الملا عضو بمكتب بيكر ومكينزي انترناشيونال، سويس فيرين

or other expenses and charges due to the Notifying Party under the Loan Agreement.

On August 30, 2019 Ural Bank for Reconstruction and Development assigned all its rights and claims under the Loan Agreement to the Notifying Party. Therefore, the Notifying Party became the creditor of "Rus-Agro Eksport LLC" and the Notified Party became a guarantor, who is severally or jointly liable with "Rus-Agro Eksport" to settle the outstanding debt under the Loan Agreement vis-à-vis the Notifying Party.

Both the Notified Party and Rus-Agro Eksport LLC have been duly notified with this Assignment of Right.

On October 19, 2020 the debt under the Loan Agreement in a total amount of USD 2,344,293.42 fell due to the Notifying Party and payable by both Rus-Agro Eksport and the Notified Party.

Despite of the written notice served seeking the settlement of the due debt, the Notified Party breached its contractual obligations towards the Notifying Party and refrained -up to date- from settling the due debt. Therefore, the Notified Party has now become liable to pay to the Notifying Party an amount of USD 2,344,293.42.

الائتماني وكذلك الوفاء بالفوائد، والغرامات، وكافة المصاريف والرسوم الأخرى المستحقة بموجب عقد القرض.

بتاريخ 30 أغسطس 2019 أحال مصرف ( Ural Bank for Reconstruction and Development ) كافة حقوقه ودعاويه بموجب عقد القرض إلى المنذرة، ومن ثم أصبحت المنذرة هي دائن شركة (Rus–AgroEksport)، وأصبحت المنذر إليها كفيل ضامن بالتكافل والتضامن لسداد الدين المستحق بذمة شركة (Rus–AgroEksport) طبقاً لعقد القرض في مواجهة المنذرة.

وقد تم إعلان المنذر إليها وإعلان المدين الأصلي أصولاً بتلك الحوالة.

بتاريخ 19 أكتوبر 2020 أصبح دين المنذرة بموجب عقد القرض مستحق الأداء بذمة كل من شركة (Rus–AgroEksport) والمنذر إليها، حيث ترصد لصالح المنذرة إجمالي مبلغ وقدره 2,344,293,42 دولار أمريكي.

وحيث أخلت المنذر إليها بالتزاماتها العقدية في مواجهة المنذرة وامتنعت – وحتى تاريخه– عن سداد المبلغ المترصد في ذمتها للمنذرة رغم إخطارها كتابة بالسداد، من ثم أصبح المنذر إليها مترصداً في ذمتها لصالح المنذرة مبلغا وقدره 2,344,293,42 دولار أمريكي.

| Therefore | لذلــــــــك |
|---|---|
| And by virtue of this Legal Notice, we hereby demand you in your capacity as debtors and guarantors to severally and/or jointly with the original debtor "Rus-Agro Eksport" settle the amount outstanding and payable to the Notifying Party in the amount of of USD 2,344,293.42 (USD Two Million Three Hundred Forty Four Thousand Two Hundred Ninety Three and Cents Forty Two) or the equivalent in UAE Dirhams, **within five (5) days from the date of this legal notice.** | وبموجب هذ الانذار القانوني، ننذركم بصفتكم مدينين وكفلاء بالتضامن والتضامن مع المدين الأصلي شركة (Rus–AgroEksport) بالوفاء بالمبلغ المستحق والمترصد في ذمتكم لصالح المنذرة والبالغ 2,344,293,42 دولار أمريكي (مليونين وثلاثمائة وأربعة وأربعين ألفا ومائتين وثلاثة وتسعين دولار أمريكي واثنين وأربعين سنت) أو ما يعادله بالدرهم الإماراتي، **خلال مدة خمسة (5) أيام من تاريخ هذا الإنذار.** |



– 2 –

| | |
|---|---|
| Should you fail to settle pay the outstanding amount in full within the prescribed period of time set out in this Legal Notice, we will initiate legal proceedings against you before the competent courts to seek the payment of the due debt, intersts and all other legal remedies as permissible by the law. | وفي حال عدم سداد المبلغ المترصد بالكامل خلال الفترة المحددة في هذا الإنذار القانوني، سنقوم باتخاذ كافة الإجراءات القانونية ضدكم أمام المحاكم المختصة لاستيفاء مبلغ الدين والفوائد والتعويضات المقررة قانوناً. |
| All other rights of the Notifying Party are hereby fully reserved. | مع حفظ كافة حقوق المنذرة القانونية. |
| On behalf of the Notifying Party, | بالوكالة عن المنذرة، |
| Imane Assad | المحامية / إيمان أسد |


GOVERNMENT OF DUBAI



DUBAI COURT
1 0 DEC 2020
الكاتب العدل
Notary Public

محاكم دبي
DUBAI COURTS

بتاريخ ٢٠٢٠-١٢-١٠ حضرت امامي السيدة/ ايمان اسد بصفتها المذكورة وبعد التعرف عليها وقعت على المستند بحضوري حسب الأصول.

رقم الإيصـال  ١٨ / ٢٠٢٠ / ٤٦٧٤٣٧ وقيمته (٢٢٠)

رقم المحـرر   ٢٠٢٠/١/٢٠٧٦٠٨

مركز وافي      -      ٢٩٤٥٥

علي أحمد المنصوري

الكاتـب العـدل

<u>يمكن التحقق من سريان المحرر من الموقع</u>

www.dc.gov.ae



– 3 –

# Exhibit J

| **LEGAL NOTICE** | إنذار قانوني |
|---|---|
| **Notifying Party:**<br>**VUZ Bank - PJSC** | المنذرة:<br>الشركة المساهمة العامة "فوز – بنك" |
| **Correspondence Address:**<br>Baker McKenzie Habib Al Mulla<br>Level 14 - O14 Tower, Al Abraj Street, Business Bay,<br>Dubai, United Arab Emirates<br>P.O. Box: 2268 | عنوانها المختار:<br>بيكر مكنزي حبيب الملا- برج O14 – شارع الأبراج – الخليج التجاري<br>– دبي– الإمارات العربية المتحدة<br>ص.ب رقم: 2268 دبي |
| Represented by Imane Assad, According to the agency issued by the Russian Federation on 20/10/2020 and certified by the official authorities | بوكالة د. حبيب الملا بموجب الوكالة الصادره من روسيا الاتحادية بتاريخ<br>20-10-2020 والمصدقة من الجهات الرسمية |
| **Notified Party:**<br><br>**Hakan Holdings Limited** | المنذر اليها:<br><br>شركة هكان هولدينجز ليمتد |
| **Address:**<br>Registration Number: OF702, free zone of Jebel Ali, Dubai, Office no. 1003, Khalid Al Attar Tower, Sheikh Zayed Road, P.O Box: 71241, Dubai, United Arab Emirates.<br><br>**Email:**<br>alettin.bahceci@hakanfoods.com.tr<br>sudhakar.tomar@hakanfoods.com | العنوان:<br>رقم التسجيل: OF702 ، المنطقة الحرة لجبل علي ، دبي،<br>مكتب 1003 ، برج خالد العطار ، شارع الشيخ زيد، ص ب 71241 ،<br>دبي ، الإمارات العربية المتحدة.<br><br>البريد الالكتروني:<br>alettin.bahceci@hakanfoods.com.tr<br>sudhakar.tomar@hakanfoods.com |
| **Demand for fulfilment of obligations within five (5) days** | تكليف بالوفاء بالالتزامات خلال<br>خمسة (5) أيام |
| On December 12, 2019 the Notifying Party entered into the Loan Agreement No. 311495 with Rus-Agro Eksport LLC, by virtue of which Rus-Agro was granted a credit facility in the amount of US Dollars 20 million ("**Loan Agreement**").<br><br>Thereafter, the Notified Party concluded with the Notifying Party the Guarantee Agreement No. 311495/1 on December 17, 2019. Under this Guarantee Agreement, the Notified Party consented and undertook that it would severally or jointly (along with the original debtor "Rus-Agro Eksport") pay the credit facility amount to the Notifying Party as well as interest and fines | بتاريخ 12 ديسمبر 2019 أبرمت المنذرة عقد القرض رقم 311495 مع<br>شركة (Rus-AgroEksport)، والذي بموجبه تم منح الشركة المذكورة<br>تسهيل ائتماني بقيمة 20 مليون دولار أمريكي ("**عقد القرض**").<br><br>ثم بتاريخ 17 ديسمبر 2019 قامت المنذر إليها بإبرام اتفاقية الضمان رقم<br>311495/1 مع المنذرة والتي التزمت بموجبها منفردة أو بالتضامن مع<br>المدين الأصلي شركة (Rus-AgroEksport) بالوفاء بمبلغ التسهيل<br>الائتماني للمنذرة وكذلك الوفاء بالفوائد، والغرامات، وكافة المصاريف<br>والرسوم الأخرى المستحقة للمنذرة بموجب عقد القرض. |

DUBAI COURT

1 0 DEC 2020

الكاتب العدل
Notary Public

| English | Arabic |
|---|---|
| along with any other expenses and charges due to the Notifying Party under the Loan Agreement.<br><br>On October 17, 2020 the debt under the Loan Agreement in a total amount of USD 20,058,310.62 fell due to the Notifying Party and payable by both Rus-Agro Eksport and the Notified Party.<br><br>Despite of the written notice served seeking the settlement of the due debt, the Notified Party breached its contractual obligations towards the Notifying Party and refrained -up to date- from settling the due debt. Therefore, the Notified Party has now become liable to pay to the Notifying Party an amount of USD 20,058,310.62. | بتاريخ 17 أكتوبر 2020 أصبح دين المنذرة بموجب عقد القرض مستحق الأداء بذمة كل من شركة (Rus–AgroEksport) والمنذر إليها، حيث ترصد لصالح المنذرة إجمالي مبلغ وقدره 20.058.310.62 دولار أمريكي.<br><br>وحيث أخلت المنذر إليها بالتزاماتها العقدية في مواجهة المنذرة وامتنعت – وحتى تاريخه– عن سداد المبلغ المترصد في ذمتها للمنذرة رغم إخطارها كتابة بالسداد، ومن ثم أصبح المنذر إليها مترصداً في ذمتها لصالح المنذرة مبلغا وقدره 20.058.310.62 دولار أمريكي. |
| **Therefore** | لذلــــــــــك |
| And by virtue of this Legal Notice, we hereby demand you in your capacity as debtors and guarantors to severally and/or jointly with the original debtor "Rus-Agro Eksport" settle the amount outstanding and payable to the Notifying Party in the amount of USD 20,058,310.62 (USD Twenty Million Fifty Eight Thousand Three Hundred Ten and Cents Sixty Two) or the equivalent in UAE Dirhams, **within five (5) days from the date of this legal notice.** | وبموجب هذ الإنذار القانوني، ننذركم بصفتكم مدينين وكفلاء بالتضامن والتضامم مع المدين الأصلي شركة (Rus–AgroEksport) بالوفاء بالمبلغ المستحق والمترصد في ذمتكم لصالح المنذرة والبالغ **20.058.310.62 دولار أمريكي** (عشرين مليون وثمانمائة وخمسين ألف وثلاثمائة وعشرة دولار أمريكي واثنين وستين سنت) أو ما يعادله بالدرهم الإماراتي، **خلال مدة خمسة (5) أيام من تاريخ هذا الإنذار.** |
| Should you fail to settle pay the outstanding amount in full within the prescribed period of time set out in this Legal Notice, we will initiate legal proceedings against you before the competent courts to seek the payment of the due debt, intersts and all other legal remedies as permissible by the law. | وفي حال عدم سداد المبلغ المترصد بالكامل خلال الفترة المحددة في هذا الإنذار القانوني، سنقوم باتخاذ كافة الإجراءات القانونية ضدكم أمام المحاكم المختصة لاستيفاء مبلغ الدين والفوائد والتعويضات المقررة قانوناً. |
| **All other rights of the Notifying Party are hereby fully reserved.** | مع حفظ كافة حقوق المنذرة القانونية. |
| **On behalf of the Notifying Party,** | بالوكالة عن المنذرة، |
| Imane Assad | المحامية / إيمان أسد |







محاكم دبي
DUBAI COURT
1 0 DEC 2020
الكاتب العدل
Notary Public

GOVERNMENT OF DUBAI

محاكم دبي
DUBAI COURTS

بتاريخ ١٠-١٢-٢٠٢٠ حضرت امامي السيدة/ ايمان اسد بصفتها المذكورة وبعد
التعرف عليها وقعت على المستند بحضوري حسب الأصول.



رقم الإبصال   ١٨ / ٢٠٢٠ / ٤٦٧٤٢٥ وقيمته (٣٢٠)

رقم المحرر   ٢٠٢٠/١/٢٠٧٥٩٨

علي أحمد المنصوري

مركز وافي   -   ٢٩٤٥٤

الكاتب العدل

يمكن التحقق من سريان المحرر من الموقع

www.dc.gov.ae

# Exhibit K





**Orient** Legal Translation

Dr. Safa Mahmood Al Janabi
Legal Translator
UAE Ministry of Justice License
No. 168 Dated 29/4/2000

**ISO 9001 : 2015 Certified No. 14046**

الدكتور صفاء محمود الجنابي
مترجم قـانـوني
ترخيص وزارة العدل بدولة الإمارات
رقم 168 بتاريخ 2000/4/29

**Dubai Courts**

**Documents System**

**Dubai Courts**                                            **Government of Dubai**

**Smart Applications**

In the lawsuit No. 5820/ 2020/ 60

SP-17055/2021

**A Memorandum to**

**Proceed with a letter to the Judge for Consideration**

5820/ 2020/ 60 Payment Order

| **E- Number:** 17055/ 2021 | **Application No.:** 4 |
|---|---|
| **Electronic Application Date:** January 10, 2021 | **Decision Date:** January 12, 2021 |
| **Applicant:** Ms. Fatima Jamal Shambiah Bilal Ahmed Al Baloushi | **Capacity in the lawsuit:** Not a party to the lawsuit |

**Application Contents**

For your kind justice to review and take the necessary procedure.

**Decision**

The Court orders for the commercial subject matter as follows:

One: To enforce the commercial contract concluded by and between the parties

Two: To obligate the Defendant (Hakan Holdings Ltd.) to pay to the Plaintiff (VUZ- Bank, Joint Stock Company) the sum of AED 20,058,310.62 (twenty million, fifty eight thousand, three hundred and ten UAE Dirhams and sixty two fils) and the legal interest at the rate of 9%

1




**Orient** Legal Translation

Dr. Safa Mahmood Al Janabi
Legal Translator
UAE Ministry of Justice License
No. 168 Dated 29/4/2000

ISO 9001 : 2015 Certified No. 14046

الـشـرق للتـرجـمـة الـقـانـونيـة

الدكتور صفاء محمـود الجنابي
مـتـرجم قـانـونـي
تـرخيـص وزارة العدل بدولة الإمارات
رقم 168 بتاريخ 2000/4/29

annually as of the maturity date, i.e. on 24/11/2020 until the full payment is made and to obligate the Defendant to pay the charges, expenses and attorney's fees; then all otherwise motions were dismissed.

The Court hereby notes that the request for the order to be self executing without bail is unfounded, hence it rules with the dismissal of the same.

**Signature of the Judge/ Hamdah Abdullah Qattami Al Suweidi**



---

**\*This document is electronically signed and approved.**          **Page 1 of 1**

2




Office No. 109, 1st Floor, Bayat Complex, Hor Al Anz East,
Behind Mamzar Centre, P.O. Box: 231448, Dubai - UAE.
 +9714 2666306, +971 50 9250750, Info@orientlt.ae, www.orientlt.ae

محاكـــم دبـــي
**DUBAI COURTS**

# نظام الوثائق



 

الطلبات الذكية

في الدعوى 5820/2020/60





SP-17055/2021

## مذكرة عرض رسالة على القاضي
٥٨٢٠/٢٠٢٠/٦٠ امر أداء

| الرقم الالكتروني : ١٧٠٥٥ / ٢٠٢١ | رقم الطلب : ٤ |
|---|---|
| تاريخ الطلب الالكتروني : ١٠ يناير ٢٠٢١ | تاريخ القرار : ١٢ يناير ٢٠٢١ |
| مقدم الطلب : الآنسة/ فاطمة جمال شمبيه بلال احمد البلوشي | صفته بالقضية : ليس طرف في القضية |

## محتوى الطلب

لتفضلكم بالاطلاع و اتخاذ الإجراء .

## القرار

أمرت المحكمة في مادة تجارية:

أولاً: انفاذ العقد التجاري المبرم بين الطرفين.

ثانياً: إلزام المدعى عليه هكان هولدينجز ليمتد بأن يؤدي للمدعي فوز - بنك شركة مساهمة مبلغ وقدره ٢٠,٠٥٨,٣١٠.٦٣ درهم ( عشرين مليون وثمانية وخمسون ألف وثلاثمائة وعشرة درهم وأثنان وستون فلس)، والفائدة القانونية بواقع ٩% من تاريخ الاستحقاق الحاصل في ٢٤-١١-٢٠٢٠ وحتى السداد التام وبالرسوم والمصاريف ومبلغ ألفي درهم مقابل أتعاب المحاماة ورفضت ما عدا ذلك من طلبات.

وتنوه المحكمة أن طلب شمول الأمر بالنفاذ المعجل لا مبرر له لذا قضت برفضه.

**التوقيع**
**القاضي/ حمده عبدالله قطامي**
**السويدي**



CSC60-CY2020-CSN5820-DJI2806

* هذا المستند موقع و معتمد إلكترونياً.



# Exhibit L





**Orient** Legal Translation

Dr. Safa Mahmood Al Janabi
Legal Translator
UAE Ministry of Justice License
No. 168 Dated 29/4/2000

**ISO 9001 : 2015 Certified No. 14046**

الدكتور صفاء محمود الجنابي
مترجم قـانـونـي
ترخيص وزارة العدل بدولة الإمارات
2000/4/29 رقم 168 بتاريخ

## Dubai Courts

## Documents System

**Dubai Courts**                    **Government of Dubai**

### Smart Applications

In the lawsuit No. 5820/ 2020/ 60

SP-22860/2021

### A Request to Review

5820/ 2020/ 60 Payment Order

| E- Number: 22860/ 2021 | Application No.: 7 |
|---|---|
| **Electronic Application Date:** January 12, 2021 | **Decision Date:** January 13, 2021 |
| **Applicant:** Habib Mohammed Sharif Abdullah Al Mulla | **Capacity in the lawsuit:** Attorney |

### Application Contents

Since there was a material error in the decision issued by the honorable justice of the court, noting that the amount was introduced in AED rather than USD, and given that the amount of claim mentioned in the payment order and the Court's e-system is in USD, therefore, we request the justice of the court for the following: to replace the paragraph of: To obligate the Defendant (Hakan Holdings Ltd.) to pay to the Plaintiff (VUZ Bank, Joint Stock Company) the sum of AED 20,058,310.62 (twenty million, fifty eight thousand, three hundred and ten UAE Dirhams and sixty two fils) with this paragraph: To obligate the Defendant (Hakan Holdings Ltd.) to pay to the Plaintiff (VUZ Bank, Joint Stock

1






**Orient** Legal Translation

Dr. Safa Mahmood Al Janabi
Legal Translator
UAE Ministry of Justice License
No. 168 Dated 29/4/2000

ISO 9001 : 2015 Certified No. 14046

الشرق للترجمة القانونية

الدكتور صفاء محمود الجنابي
مترجم قانوني
ترخيص وزارة العدل بدولة الإمارات
رقم 168 بتاريخ 2000/4/29

Company) the sum of USD 20,058,310.62 (twenty million, fifty eight thousand, three hundred and ten US Dollars and sixty two cent) or the equivalent amount thereof in UAE Dirhams (i.e. from AED to USD) pursuant to the provisions of Article (137) of the Civil Procedures Law.

Respectfully,,,

**Decision**

We hereby order the correction of the material error in the precedent decision, so that the awarded amount shall be USD 20,058,310.62 or the equivalent amount thereof in UAE Dirhams instead of the sum of AED 20,058,310.62

**Signature of the Judge/ Hamdah Abdullah Qattami Al Suweidi**



**\*This document is electronically signed and approved.**

2

Office No. 109, 1st Floor, Bayat Complex, Hor Al Anz East,
Behind Mamzar Centre, P.O. Box: 231448, Dubai - UAE.
+9714 2666306, +971 50 9250750, Info@orientlt.ae, www.orientlt.ae



نظام الوثائق





الطلبات الذكية



في الدعوى 5820/2020/60





**طلب إطلاع**

٥٨٢٠/٢٠٢٠/٦٠ أمر أداء

| الرقم الالكتروني : ٢٢٨٦٠ / ٢٠٢١ | | رقم الطلب : ٧ |
| --- | --- | --- |
| تاريخ الطلب الالكتروني : ١٢ يناير ٢٠٢١ | | تاريخ القرار : ١٣ يناير ٢٠٢١ |
| مقدم الطلب : حبيب محمد شريف عبدالله الملا | | صفته بالقضية : وكيل |

**محتوى الطلب**

حيث وقع خطأ مادي بالقرار الصادر من عدالة المحكمة حيث أن المبلغ صادر بالدرهم بدل الدولار وحيث ان مبلغ المطالبة الوارد بلائحة أمر الاداء والوارد بالنظام الالكتروني بالدولار وعليه نلتمس من عدالة المحكمة استبدال فقرة : إلزام المدعى عليه هكان هولدينجز ليمتد بأن يؤدي للمدعي فوز - بنك شركة مساهمة مبلغ وقدره ٢٠,٠٥٨,٣١٠.٦٢ درهم ( عشرين مليون وثمانية وخمسون ألف وثلاثمائة وعشرة درهم وأثنان وستون فلس) بفقرة : إلزام المدعى عليه هكان هولدينجز ليمتد بأن يؤدي للمدعي فوز - بنك شركة مساهمة مبلغ قدره ٢٠,٠٥٨,٣١٠.٦٢ دولار أمريكي (عشرون مليوناً وثمانية وخمسون ألفاً وثلاثمائة وعشرة دولارات أمريكية وأثنان وستون سنت) أو ما يعادله بالدرهم الإماراتي    ( من درهم الى دولار )  عملا بأحكام المادة ( ١٣٧ ) من قانون الإجراءات المدنية .

بكل احترام وتقدير ,,,

**القرار**

نأمر بتصحيح الخطأ المادي الوارد بالقرار السابق بأن يصبح المبلغ المقضي به ٢٠,٠٥٨,٣١٠.٦٢ دولار أمريكي أو ما يعادله بالدرهم الإماراتي بدلاً من ٢٠,٠٥٨,٣١٠.٦٢ درهم إماراتي.

**التوقيع**
**القاضي/ حمده عبدالله قطامي**
**السويدي**



CSC60-CY2020-CSN5820-DJI2806

* هذا المستند موقع و معتمد إلكترونياً.



# Exhibit M



**Orient** Legal Translation

Dr. Safa Mahmood Al Janabi
Legal Translator
UAE Ministry of Justice License
No. 168 Dated 29/4/2000

ISO 9001 : 2015 Certified No. 14046



الشـرق للترجمـة القانونيـة

الدكتور صفـاء محمـود الجنابي
مترجم قـانـوني
ترخيص وزارة العدل بدولة الإمارات
رقم 168 بتاريخ 2000/4/29

---

### Dubai Courts                                    Government of Dubai

### Smart Applications

In the lawsuit No. 5818/ 2020/ 60

SP-15282/2021

### A Motion to

### Schedule/ expedite/ delay a hearing date

5818/ 2020/ 60 Payment Order

| E- Number: 15282/ 2021 | Application No.: 4 |
|---|---|
| Electronic Application Date: January 09, 2021 | Decision Date: January 12, 2021 |
| Execution Applicant: Habib Mohammed Sharif Abdullah Al Mulla | Capacity in the lawsuit: Attorney |

### Application Contents

Referring to your honorable decision, the application will be considered after five days, to be counted starting from the next day of executing the due service for payment. Hence, as the Defendant was served with a notice for the payment and given that the legal prescribed time limit has lapsed, the Plaintiff pleads the court justice for the issue of a payment order to obligate the Defendant to pay to the Plaintiff the sum of USD 2,344,293.42 (two million, three hundred forty-four thousand, two hundred ninety three US Dollars and forty two cents.) or the equivalent in Emirati Dirham, being the sum of AED 8,626,999.79 and the legal interest at the rate of 12% annually as of the maturity date, corresponding to 19/10/2020, until full payment is made and to obligate the Defendant to pay the

1



**Orient** Legal Translation
Dr. Safa Mahmood Al Janabi
Legal Translator
UAE Ministry of Justice License
No. 168 Dated 29/4/2000

ISO 9001 : 2015 Certified No. 14046

الشرق للترجمة القانونية
الدكتور صفاء محمود الجنابي
مترجم قانوني
ترخيص وزارة العدل بدولة الإمارات
رقم 168 بتاريخ 2000/4/29

charges, expenses and attorney's fees; and the judgment shall be self-executing without bail.

Attached is the service made on the Defendant for payment.

Respectfully,

**Decision**

Having perused the papers

The Court orders for the commercial subject matter as follows:

One: To enforce the commercial contract concluded by and between the parties.

Two: To obligate the Defendant to pay to the Plaintiff the sum of USD 2,344,293.42 (two million, three hundred forty-four thousand, two hundred ninety three US Dollars and forty two cents.) or the equivalent in Emirati Dirham, being the sum of AED 8,626,999.79 and the legal interest at the rate of 9% annually as of 19/10/2020 until full payment is made and to obligate the Defendant to pay the charges, expenses; then the motion to a self-executing judgment was dismissed.

**Signature of the Judge/ Khaled Obeid Mohammed Khalfan Saeed Almateoi**



CSC60-CY2020-CSN5818-DJ12657

**\*This document is electronically signed and approved.**

2



Office No. 109, 1st Floor, Bayat Complex, Hor Al Anz East,
Behind Mamzar Centre, P.O. Box: 231448, Dubai - UAE.
+9714 2666306, +971 50 9250750, Info@orientlt.ae, www.orientlt.ae



الطلبات الذكية



في الدعوى 5818/2020/60



SP-15282/2021



## طلب تحديد / تعجيل / تأجيل موعد جلسة

5818/2020/60 أمر أداء

| رقم الطلب : ٤ | الرقم الالكتروني : ١٥٢٨٢ / ٢٠٢١ |
|---|---|
| تاريخ القرار : ١٢ يناير ٢٠٢١ | تاريخ الطلب الالكتروني : ٠٩ يناير ٢٠٢١ |
| صفته بالقضية : وكيل | مقدم الطلب : حبيب محمد شريف عبدالله الملا |

## محتوى الطلب

بالاشارة الى قراركم الكريم :يعرض الطلب عقب خمسة أيام تبدأ من تاريخ اليوم التالي لتنفيذه الاعلان بالتكليف بالوفاء  وحيث تم اعلان المدعى عليها  بالتكليف بالوفاء وانتهت المدة القانونية وعليه يلتمس المستدعي من عدالة المحكمة  إصدار أمر أداء بإلزام المستدعى ضدها بأن تؤدي له مبلغا وقدره ٢,٣٤٤,٢٩٣,٤٢ دولار أمريكي (مليونان وثلاثمائة وأربعة وأربعون ألفاً ومائتان وثلاثة وتسعون دولاراً أمريكياً واثنان وأربعون سنت) أو ما يعادله بالدرهم الإماراتي مبلغ ٨,٦٢٦,٩٩٩,٧٩ درهم ، والفائدة القانونية بواقع ١٢% من تاريخ الاستحقاق الذي يوافق ١٩/١٠/٢٠٢٠ وما يستجد من فوائد حتى تمام السداد، وإلزامها بالرسوم والمصروفات ومقابل أتعاب المحاماة، مع شمول الحكم بالنفاذ المعجل بلا كفالة

مرفق اعلان المدعى عليها بالتكليف بالوفاء .

بكل احترام وتقدير ،،،،

## القرار

بعد الاطلاع على الأوراق

امرت المحكمة في مادة تجارية:

أولا: انفاذ العقد التجاري المبرم بين الطرفين

ثانيا: بالزام المدعى عليها بأن تؤدي للمدعية مبلغ وقدره ٢,٣٤٤,٢٩٣,٤٢ دولار أمريكي (مليونان وثلاثمائة وأربعة وأربعون ألفاً ومائتان وثلاثة وتسعون دولاراً أمريكياً واثنان وأربعون سنت) أو ما يعادله بالدرهم الإماراتي مبلغ ٨,٦٢٦,٩٩٩,٧٩ درهم والفائدة القانونية بواقع ٩% سنويا من تاريخ ١٩/١٠/٢٠٢٠ وحتى تمام السداد، مع إلزامها بالرسوم والمصاريف ورفضنا طلب النفاذ المعجل.

* هذا المستند موقع ومعتمد إلكترونياً.



صفحة 1 من 2

 

الطلبات الذكية

في الدعوى 5818/2020/60





SP-15282/2021

**التوقيع**
**القاضي/ خالد عبيد محمد خلفان**
**سعيد المطيوعي**



CSC60-CY2020-CSN5818-DJI2657

صفحة 2 من 2



# Exhibit N

10.03.2021, 11:39 - Сообщения и звонки защищены сквозным шифрованием. Третьи лица, включая WhatsApp, не могут прочитать ваши сообщения или прослушать звонки. Подробнее.
10.03.2021, 11:39 - Владимир: Hi, it is Vladimir
10.03.2021, 11:39 - Владимир: Did you receive the e-mail from Marina?
10.03.2021, 11:40 - Владимир: When can we get statement of accounts with Marshala?
10.03.2021, 11:41 - Ashley Hakan: yes I received thank you
10.03.2021, 11:42 - Ashley Hakan: IMG-20210310-WA0000.jpg (файл добавлен)
these two loan numbers do not reflect in our table, what are they related to?  Any specific transaction?
10.03.2021, 11:47 - Владимир: Let's discuss together with Marshalah accounts
10.03.2021, 11:55 - Ashley Hakan: exactly - that will help
10.03.2021, 12:26 - Ashley Hakan: if you don't mind, please give us until 3 pm
10.03.2021, 12:44 - Владимир: May be in a meantime we review the documents?
10.03.2021, 14:02 - Владимир: Please let me know when we shall expect the documents
10.03.2021, 14:03 - Владимир: I came long way and spent half a day in your office and have not received anythong so far
10.03.2021, 14:05 - Ashley Hakan: Sorry but i was not aware of your arrival.  I am reviewing the file now and then it iwll be ready for you.
10.03.2021, 14:38 - Ashley Hakan: I am ready with the usb

# Exhibit O




**Orient** Legal Translation

Dr. Safa Mahmood Al Janabi
Legal Translator
UAE Ministry of Justice License
No. 168 Dated 29/4/2000

**ISO 9001 : 2015 Certified No. 14046**

الشرق للترجمة القانونية

الدكتور صفاء محمـود الجنابي
مترجم قـانـوني
ترخيص وزارة العدل بدولة الإمارات
رقم 168 بتاريخ 2000/4/29

## Dubai Courts

## Documents System

**Omar AlTaher Ahmad**

| | |
|---|---|
| **From:** | noreply@salesforce.com on behalf of Govenquiry <govenquiry@dmcc.ae> |
| **Sent:** | 08 March 2021, 01:26 p.m. |
| **To:** | CourtsMail; Ecourtnot |
| **Subject:** | RE: Case No. 47/2020/689 Commercial Precautionary Attachment, General Letter: Letters Request-Letter Request 765802 [Ref. :_00Db0aAZR._5005F1Gk9Fz:ref] |

**Date: 04/03/2021**

**To: Dubai Commercial Court of First Instance**

### Subject: Your Letter No. 107044/2021 Dated 02/03/2021

Dubai Multi Commodities Center extends its best regards, wishing you continued progress and giving.

With reference to your letter mentioned above, we hereby inform you of the ownership of shares in the companies listed in your letter with the details below:

| Hakan Agro DMCC (DMCC-30158) | | |
|---|---|---|
| **Shareholder** | **Number of shares owned** | **Value of each share** |
| Hakan Holdings Limited | 250,000 shares | AED 1,000 |

| Trans-Atlantic Group (DMCC-339232) | | |
|---|---|---|
| **Shareholder** | **Number of shares owned** | **Value of each share** |
| Hakan Holdings Limited | 204 shares | AED 1,000 |
| Ounoor Vatan | 98 shares | AED 1,000 |
| Yakiv Chernyakov | 98 shares | AED 1,000 |

| Hakan Organics DMCC (DMCC-402178) | | |
|---|---|---|
| **Shareholder** | **Number of shares owned** | **Value of each share** |
| Hakan Holdings Limited | 100 shares | AED 2,000 |

1



Office No. 109, 1st Floor, Bayat Complex, Hor Al Anz East,
Behind Mamzar Centre, P.O. Box: 231448, Dubai - UAE.
+9714 2666306, +971 50 9250750, Info@orientlt.ae, www.orientlt.ae

 

**Orient Legal Translation**

Dr. Safa Mahmood Al Janabi
Legal Translator
UAE Ministry of Justice License
No. 168 Dated 29/4/2000

ISO 9001 : 2015 Certified No. 14046

الشرق للترجمة القانونية

الدكتور صفاء محمـود الجنابي
متـرجم قـانـوني
ترخيص وزارة العدل بدولة الإمارات
رقم 168 بتاريخ 2000/4/29

This letter has been issued in accordance with the records kept by DMCC Authority without assuming any legal responsibility against DMCC.

Best Regards,

**DMCC Authority**

This letter is issued by DMCC and does not require a signature or stamp.

-------------Original Message-------------

| | |
|---|---|
| **From:** | [ecourtnot@dc.gov.ae] |
| **Sent:** | 03/04/2021 12:17 AM |
| **To:** | govenquiry@dmcc.ae |
| **Subject:** | Case No. 47/2020/689 Commercial Precautionary Attachment, General Letter: Letters Request-Letter Request 765802 |

2

 

**Orient Legal Translation**
Dr. Safa Mahmood Al Janabi
Legal Translator
UAE Ministry of Justice License
No. 168 Dated 29/4/2000

ISO 9001 : 2015 Certified No. 14046

الشرق للترجمة القانونية
الدكتور صفاء محمود الجنابي
مترجم قانوني
ترخيص وزارة العدل بدولة الإمارات
رقم 168 بتاريخ 2000/4/29

| Government of Dubai | Smart Requests | Dubai Court |

In Case No. 47/2020/689

BARCODE
SP-183169/2021

QR

### Request to Effect Attachment / Inclusion in Attachment / Placing Attachment Sign on Property

47/2020/689 Commercial Precautionary Attachment

| E-number: 183169/2021 | Request No. 32 |
| Date of e-request: 24 March 2021 | Date of Decision: 28 March 2021 |
| Applicant: Habib Mohammed Sharif Abdullah Al Mulla | Capacity: Attorney |

### Request Content

With reference to the attachment above and to the Court Decision which provides: To inquire from Dubai Multi Commodities Center (DMCC) about the ownership of shares in the companies listed in the request, and whereas the response of DMCC reported that there were shares owned by the Respondents in the following companies:

1/ Hakan Agro DMCC, trade license No. DMCC-30158

2/ Trans-Atlantic Group DMCC (DMCC-339232)

3/ Hakan Organics DMCC (DMCC-402178)

Pursuant to the response received from DMCC. Accordingly, we plead with you to address DMCC to place precautionary attachment sign on the shares of the Respondent in the companies mentioned in DMCC's response as listed in the request above to prevent the Respondent from disposing of them.

Attached in DMCC's response

Best Regards,

3



Office No. 109, 1st Floor, Bayat Complex, Hor Al Anz East,
Behind Mamzar Centre, P.O. Box: 231448, Dubai - UAE.
+9714 2666306, +971 50 9250750, Info@orientlt.ae, www.orientlt.ae



**Orient** Legal Translation

Dr. Safa Mahmood Al Janabi
Legal Translator
UAE Ministry of Justice License
No. 168 Dated 29/4/2000

ISO 9001 : 2015 Certified No. 14046

الـشـرق للتـرجمـة الـقـانـونـية

ا لدكتور صفـاء محمـود الجنابي
مـتـرجم قـانـونـي
تـرخيص وزارة العدل بدولة الإمارات
رقم 168 بتاريخ 2000/4/29

**Decision**

Precautionary attachment shall be effected on the shares and stocks of the Respondent in the companies, listed in the request, in DMCC.

**Signature**

**Judge/ Ahmed Mohammed Mohammed Al Haridy**

BARCODE

CSC47-CY2020-CSN689-DJI2791

* This document is signed and approved electronically.

4





نظام الوثائق



**DUBAI COURTS**
محاكـم دبــي

نظام الوثائق



**Omar AlTaher  Ahmad**

| | |
|---|---|
| **From:** | noreply@salesforce.com on behalf of Govenquiry <govenquiry@dmcc.ae> |
| **Sent:** | مارس، ٢٠٢١ ٠١:٠٦ م 08 |
| **To:** | CourtsMail; Ecourtnot |
| **Subject:** | RE: رسالة عامة، رقم الدعوى ٤٧ / ٢٠٢٠ / ٦٨٩ حجز تحفظي تجاري :Letters Requests-Letter Request V٦٥٨٠٢   [ ref:_••Db•aAZR._٥٠٠٥FIGk٩Fz:ref ] |

**التاريخ: ٢٠٢١/٠٣/04**

**السادة / محكمة دبي الابتدائية التجارية          المحترمين**

**الموضوع : كتابكم رقم ٢٠٢١/١٠٧٠٤٤ بتاريخ ٢٠٢١/٠٣/٠٢**

**يهدي مركز دبي للسلع المتعددة أطيب تحياته، متمنين لكم دوام التقدم والعطاء.**

بالإشارة إلى كتابكم المذكور أعلاه، نحيط سيادتكم علمًا عن ملكية الحصص في الشركات المذكورة في كتابكم
بالتفاصيل المذكورة أدناه:

| المساهم | عدد الأسهم المملوكة | قيمة السهم الواحد |
|---|---|---|
| هاكان هولدنجز ليمتد | 250,000 سهم | 1,000 درهم إماراتي |

*(table title:* **هاكان أقرو م.د.م.س (DMCC-30158)** *)*

| المساهم | عدد الأسهم المملوكة | قيمة السهم الواحد |
|---|---|---|
| هاكان هولدنجز ليمتد | 204 سهم | 1,000 درهم إماراتي |
| أونور فاتان | ٩٨ سهم | 1,000 درهم إماراتي |
| ياكيف شيرنياكوف | ٩٨ سهم | 1,000 درهم إماراتي |

*(table title:* **ترانس-اتلانتك غروب م.د.م.س (DMCC-339232)** *)*

1



| هاكان أورغانيكس م.د.م.س (DMCC-402178) | | |
|---|---|---|
| <u>قيمة السهم الواحد</u> | <u>عدد الأسهم المملوكة</u> | <u>المساهم</u> |
| ٢,٠٠٠ درهم إماراتي | ١٠٠ سهم | هاكان هولدنجز ليمتد |

أصدرت هذه الرسالة طبقا للسجلات المحفوظة لدى سلطة مركز دبي للسلع المتعددة دون أدنى مسؤولية قانونية تجاه مركز دبي للسلع المتعددة.

**وتفضلوا بقبول فائق الاحترام والتقدير،،**

**سلطة مركز دبي للسلع المتعددة**

**هذه الرسالة صادرة عن مركز دبي للسلع المتعددة ولا تحتاج إلى توقيع أو ختم**.--------------- Original Message ---------------
**From:** [ecourtnot@dc.gov.ae]
**Sent:** 3/4/2021 12:17 AM
**To:** govenquiry@dmcc.ae
**Subject:** رسالة عامة، رقم الدعوى٤٧ / ٢٠٢٠ / ٦٨٩ حجز تحفظي تجاري:Letters Requests-Letter Request 765802





الطلبات الذكية



في الدعوى 689/2020/47





## طلب الحجز / إشراك في الحجز / وضع إشارة الحجز على الممتلكات
47/2020/689 حجز تحفظي تجاري

| رقم الطلب : ٣٢ | الرقم الالكتروني : ١٨٣١٦٩ / ٢٠٢١ |
|---|---|
| تاريخ القرار : ٢٨ مارس ٢٠٢١ | تاريخ الطلب الالكتروني : ٢٤ مارس ٢٠٢١ |
| صفته بالقضية : وكيل | مقدم الطلب : حبيب محمد شريف عبدالله الملا |

### محتوى الطلب

بالاشارة الى الحجز اعلاه والى قرار عدالة المحكمة ونصه : يستعلم من مركز دبي للسلع المتعددة عن ملكية الحصص في الشركات الواردة بالطلب ، وحيث وردت افادة مركز دبي للسلع المتعددة بوجود حصص مملوكة للمحجوز عليها لدى الشركات الآتية :

١/ شركة "هاكان أقرو م.د.م.س" رخصة تجارية رقم DMCC-٣٠١٥٨

٢/ترانس-اتلانتك غروب م.د.م.س (DMCC-٣٣٩٢٣٢)

٣/ هاكان أورغانيكس م.د.م.س (DMCC-٤٠٢١٧٨ )

وذلك وفقاً للافادة الواردة  من مركز دبي للسلع المتعدده وعليه نلتمس من سعادتكم  مخالطبة مركز دبي للسلع المتعددة لوضع إشارة الحجز التحفظي على الحصص العائدة للمستدعى ضدها لدى ألشركات الواردة بافادة مركز دبي للسلع والمذكورين بالطلب اعلاه لمنع المحجوز عليها  من التصرف فيها .

مرفق افادة مركز دبي للسلع المتعدده .

بكل احترام وتقدير ،،،

### القرار

يتم توقيع الحجز التحفظي على حصص و اسهم المحجوز عليها في الشركات الواردة بالطلب لدي مركز دبي للسلع المتعددة

التوقيع
القاضي/ أحمد محمد محمد الهريدي



CSC47-CY2020-CSN689-DJI2791

هذا المستند موقع و معتمد إلكترونياً.

صفحة 1 من 1

# Exhibit P



## Best regards
Арзу, Барт, Дениз, Irina, …

28 апреля 2021 г.

**Deniz Yelda**

Hi Sergey,

As we discussed today, Sudhakar resigned from the directorship of the Hakan Holding and Hakan Agro and now threatening us to go to court for his elevated financial claims, in the meantime he requests us to urgently cancel all the POAs he's given.

While we are seperately dealing with Sudhakar case we already registered the shareholders and the new director (Ashley Anderson) to JAFZA.
İn order to prove to authorities such as DMCC, Banks etc. that the shareholders own HH, we need a trade license.
Also a COİ is needed in order to give legal capacity to Ashley so she can replace POAs, directors in subsidiaries such as Transatlantic, Hakan Agro, Hactcom in İndia etc.
İn plain words, at this stage Ashley is working as a director without full legal c... Далее

Сообщение

**Best regards**
Арзу, Барт, Дениз, Irina, …

is working as a director without full legal capacity.
We are not able to take management control of the companies due to the refusal from JAFZA to issue the trade license and COİ. Our lawyers (Abdo Rafiq Partners - Badi Fattah) have been agressively following it with JAFZA authority however no solution was found. We kindly request your/ your lawyers support to obtain these certificates.

Also we'll need to update our Articles of Association to provide power to the director to sign an agreement with you.
This way we can bypass the minors committee approval for the future restructuring agreement.

Hoping to hear from you soon.

Best,
Arzu

04:36

Ok, will talk with lawyers... 04:52

1 мая 2021 г.

Сообщение

# Exhibit Q

# ВУЗ•БАНК

VUZ-Bank JSC
620142, Ekaterinburg,
8 Marta street, bldg. 49, 1 floor, office 53, 54
tel./fax (343 311-88-44, 311-75-46
E-mail: main@vuzbank.ru
website: http://www.vuzbank.ru/

From 25.05.2021 № 3770-01/017057-1

**CHRONOLOGY OF EVENTS FOR EXPERT (REFAAT HUSSEIN MARZOUK)**

25th May 2021

Dear Mr Marzouk,

Below you may find the information that became available to VUZ-Bank JSC ("**VUZ-Bank**") about the illegal fraudulent actions of Rus-AgroExport LLC ("**RAE**"), Hakan Holdings Limited ("**Hakan Holdings**") and Hakan Agro DMCC ("**Hakan Agro**"), that were aimed at and resulted in the dissipation of funds of VUZ-Bank.

The information and chronology of relevant events is structured in the following manner:

I.     Brief information about VUZ-Bank, its parent company, on one side, and the companies and individuals, on another side, that were involved in the illegal fraudulent scheme;

II.    Commercial relations between VUZ-Bank and RAE;

III.   Relations between RAE, American Foods Limited, Globecroft Limited, Hakan Agro and Ultimate Buyer (as defined in para. 13 below).

**I.   BRIEF INFORMATION ABOUT VUZ-BANK, ITS PARENT COMPANY, ON ONE SIDE, AND THE COMPANIES AND INDIVIDUALS, ON ANOTHER SIDE, THAT WERE INVOLVED IN THE FRAUDULENT SCHEME**

1.    VUZ-Bank is a Russian commercial bank having the place of its operations in the Russian Federation.[1]

2.    VUZ-Bank is a 100% subsidiary of another Russian commercial bank, the Ural Bank for Reconstruction and Development CB PJSC (the "**UBRD**").[2]

3.    The UBRD was founded in 1990 and is currently one of the major banks operating in the Russian Federation.

---

[1] **Exhibit 1.** Extract from Unified Register of Legal Entities in Russia about VUZ-Bank as of 21 October 2020 (already translated to Arabic and legalized; available to BM Dubai)
[2] **Exhibit 2.** Extract from Unified Register of Legal Entities in Russia about UBRD as of 30 August 2019 (already translated to Arabic and legalized; available to BM Dubai)

1

4.   In 2019-2020, VUZ-Bank concluded several loan agreements with Russian agricultural company (which are described in Section II below), RAE.

5.   RAE has long-standing and even exclusive[3] commercial relations with UAE-based company, Hakan Agro DMCC ("**Hakan Agro**"), which is a limited liability company that was formed and registered under license number DMCC-30158 on December 26, 2004 in the Dubai Multi Commodities Centre (DMCC), Dubai, United Arab Emirates (UAE).

6.   Hakan Agro is a fully-owned subsidiary of Hakan Holdings Limited ("**Hakan Holdings**"), a company incorporated in accordance with the Offshore Company regulation of Jebel Ali Free Zone 2003, (UAE).

7.   RAE had an ultimate beneficial owner (and still has the same), Masallah Genekanlu Soleimani. Until March 2020, Masallah Soleimani was also indicated as the legal owner of 100% stake in RAE.[4] According to various sources (having U.S. and Russian origin), RAE was and still is affiliated with Hakan Holdings group of companies, for example:

1)   In email correspondence with the UBRD representatives, Bart Peczkowski, CFO of Hakan Agro, confirmed that RAE originate grains on behalf of Hakan Agro and called RAE as Hakan agency in Russia[5]:

-------- Исходное сообщение --------
Тема:2016 Financial statments of our agencies in Russia
Дата:Tue, 11 Jul 2017 09:55:27 +0000
От:Bart Peczkowski <bart.peczkowski@hakanfoods.com>
Кому:Sergei Sisoshvili (ssm@ubrr.ru) <ssm@ubrr.ru>, Рослякова Марина <roslyakova@ubrr.ru>

Dear Both,

Attached are the financial statement of OOO Green Agro Rus and OOO Rus Agro Export. We are now in the process of legal merger of these two legal entities with the anticipated merger registration by July 31, 2017.

These companies essentially originate grains on our behalf. They are small, do not have any fixed assets, or major capital accounts. These are pass-through entities (in some cases they render services to Hakan Agro DMCC and do not take legal title to our inventory). Therefore, these companies might not be really credit-worthy in isolation. I believe that you will base your credit decision on strength of Hakan Agro DMCC and Hakan Holdings Ltd as Co-Borrowers.

Please let me know your thoughts.

Regards,

Bart

---

[3] **Exhibit 3.** Decision of Administrator APL-002-18 in relation to RAE, U.S. Department of Agriculture, dated 3 July 2018, p. 4. Available at: https://www.ams.usda.gov/sites/default/files/media/NOPADRusAgro070318.pdf.
[4] **Exhibit 4.** Extract from Unified Register of Legal Entities in Russia about RAE as of 24 August 2018. **Exhibit 5.** Extract from Unified Register of Legal Entities in Russia about RAE as of 7 May 2019. **Exhibit 6.** Extract from Unified Register of Legal Entities in Russia about RAE as of 10 December 2019. **Exhibit 7.** Extract from Unified Register of Legal Entities in Russia about RAE as of 15 January 2020. **Exhibit 8.** Extract from Unified Register of Legal Entities in Russia about RAE as of 10 October 2020.
[5] **Exhibit 9.** Email of Bart Peczkowski (CFO, Hakan Agro) to UBRD representatives (S. Sisoshvili and M. Roslyakova) dated 11 July 2017. **Exhibit 10.** Email of Bart Peczkowski (CFO, Hakan Agro) to UBRD representatives (S. Sisoshvili and M. Roslyakova) dated 22 August 2017 (with RAE copied).



2) In 2019, Hakan Holdings provided to the UBRD and VUZ-Bank a guarantee for the performance of RAE's obligations for USD 40 million under Loan Agreements No. 311274 dated 7 May 2019 and No. 311495 dated 12 December 2019, *i.e.* the First and Second USD Loan Agreements (as defined in paras. 14-15 below)[6];

3) As of to date, anonymous global system for tracking email addresses (Skymem) shows that Masallah Soleimani has email address in Hakan Agro together with the late Hakan Bahceci who was managing the Hakan group of companies[7]:



<hr>

[6] **Exhibit 28.** Loan Agreement No. 311274 dated 7 May 2019 between UBRD (later – VUZ-Bank) and RAE (First USD Loan Agreement) (already translated to Arabic and legalized; available to BM Dubai). **Exhibit 35.** Guarantee Agreement No. 311274/1 dated 8 August 2019 between UBRD (later – VUZ-Bank) and Hakan Holdings (First Hakan Holdings Guarantee Agreement). **Exhibit 29.** Loan Agreement No. 311495 dated 12 December 2019 between VUZ-Bank and RAE (Second USD Loan Agreement) (already translated to Arabic and legalized; available to BM Dubai). **Exhibit 38.** Guarantee Agreement No. 311495/1 dated 8 August 2019 between VUZ-Bank and Hakan Holdings (Second Hakan Holdings Guarantee Agreement) (available in English, already translated to Arabic and legalized; available to BM Dubai).
[7] **Exhibit 11.** Information about email address of Masallah Soleimani in global system for tracking email addresses (Skymem) as of 13 May 2021. Available at: https://www.skymem.info/srch?q=masallah.soleimani@hakanfoods.com.

3

4) In 2017, Masallah Soleimani acting as a regional director for Russia and Central Asia of Hakan Agro signed agricultural supply contracts with delegation of Russian agricultural companies in Dubai during global exposition "*Galfood-2017*"[8];

5) On 24 August 2018, Russian media classified RAE as the company "*controlled by the international grain trader Hakan Agro (UAE)*" and referred to the execution of agricultural supply contracts by Masallah Soleimani as representative of Hakan Agro in 2017[9];

6) In July 2018, the U.S. Department of Agriculture concluded that evidence provided by RAE contradicted the assertions of RAE that the company operates independently from 100% subsidiary of Hakan Agro (Hakan Organics DMCC). The proceedings were initiated in the USA further to RAE's shipment of corn that was declared to be organic, however, happened not to qualify as such as falsified documents were provided by both RAE and Hakan Organics DMCC to U.S. state authorities.[10]

8. In March 2020, for some reason, Masallah Soleimani ceased to be the legal owner of 100% stake in RAE[11] – the details about the legal owner in the Unified Register of Legal Entities in Russia were changed to Akilbek Orozov (100% stake), and in February-March 2021, to Dasic Dodovan (20% stake) and RAE itself (80% stake)[12] the details of which are not disclosed. Both Akilbek Orozov and Dasic Dodovan do not have any track records of public activities.

9. As of to date, Masallah Soleimani still participates in all negotiations with the UBRD and VUZ-Bank as the ultimate beneficial owner of the RAE.

10. The fraudulent scheme of the shareholders of Hakan companies, which is described below and in Section III, was effected with the involvement of the following companies:

1) American Foods Limited, which is another UAE-based company and affiliate of Hakan companies ("**AFL**"). AFL also has the same registration address as Hakan Holdings and email correspondence of AFL is being sent by Irina Yanina, lawyer of Hakan Agro and Hakan Holdings[13];

2) Globecroft Limited ("**Globecroft**"), which is a UK-based company and is affiliated with the major shareholder of the UBRD.

11. On 26 May 2020, Hakan Bahceci, the founder of the group of Hakan companies, where Hakan Holdings acts as a holdings company and Hakan Agro as the main company coordinating Hakan group commercial activities, passed away. His death triggered the process of illegal siphoning the assets from the companies in Hakan group to the personal control and management of the following managers and shareholders of Hakan Holdings and managers of Hakan Agro[14]:

1) Alettin Bahceci (father of the late Hakan Bahceci, holder of 16.66% shares in Hakan Holdings and Chairman of Hakan Holdings Board at that time);

---

[8] **Exhibit 12.** Information from website of the Ministry of Agriculture and Food of Rostov Region on the conclusion of agricultural supply contracts with Hakan Agro represented by Masallah Soleimani during global exposition "Galfood-2017" in Dubai (available in Russian). Available at: https://rost.don-agro.ru/old/index.php?id=2052&SwTpl=SpecialVer.

[9] **Exhibit 13.** Article on website on media portal *GorodN*, *Grain trader from UAE claims to be one of the twenty largest Don exporters*, dated 24 August 2018. Available at: https://gorodn.ru/razdel/novosti_kompaniy/situatsiya_na_krupnykh_donskikh_predpriyatiyakh/21659/.

[10] **Exhibit 3.** Decision of Administrator APL-002-18 in relation to RAE, U.S. Department of Agriculture, dated 3 July 2018, pp. 4-8, 10, 11. Available at: https://www.ams.usda.gov/sites/default/files/media/NOPADRusAgro070318.pdf

[11] **Exhibit 8.** Extract from Unified Register of Legal Entities in Russia about RAE as of 10 October 2020.

[12] **Exhibit 14.** Extract from Unified Register of Legal Entities in Russia about RAE as of 13 May 2021 (available in Russian).

[13] **Exhibit 15.** Email of I. Yanina (Hakan Agro) sent on behalf of AFL to Globecroft dated 18 March 2021.

[14] **Exhibit 16.** Business Continuity Presentation of Hakan Agro dated 15 June 2020.

4

2)  Deniz Yelda Bahceci (wife of the late Hakan Bahceci, holder of 12.5% shares in Hakan Holdings and current legal guardian of the minor children of Hakan Bahceci having 50.6% shares in Hakan Holdings);

3)  Brandon Bahceci (son of the late Hakan Bahceci, holder of 20.24% shares in Hakan Holdings, Director and Board member of Hakan Agro at that time); and

4)  Ashley Anderson Bahceci, having US citizenship (ex-wife of the late Hakan Bahceci, CEO and Board member of Hakan Agro at that time); and

5)  Nazim Bahceci (relative of the late Hakan Bahceci and Board member of Hakan Agro at that time).







Ashley Anderson (Bahceci),
Chief Executive Officer



Nazim Bahceci,
Non-Executive Board Member



Brandon Bahceci,
Non-Executive Board Member

12.  In November 2020, VUZ-Bank and its sole shareholder, the UBRD, became aware of illegal and fraudulent actions of the above mentioned shareholders and management of Hakan Holdings and

Hakan Agro that resulted in RAE's default in its obligations and misappropriation of VUZ-Bank's assets.

13.   The following commercial relations resulted in the misappropriation of assets of loss on the part of VUZ-Bank (which are described in Section III below)[15]:

1)   In June 2020, Glencore Agriculture B.V., as the initial seller of soya oil in the first chain of supply, supplied soya oil to RAE[16];

2)   In June 2020, RAE sold soya oil to AFL[17];

3)   In June 2020, AFL sold soya oil to Globecroft[18];

4)   In June 2020, Globecroft sold soya oil to Hakan Agro[19];

5)   In June 2020, Hakan Agro sold soya oil to the Ultimate Buyer;

6)   Then Hakan Agro was to receive the proceeds from the Ultimate Buyer and repay them to Globecroft until 19 June 2020;

7)   In July 2020, Transworld Oil&Fats Ltd, as the initial seller of palm oil in the second chain of supply, supplied palm oil to RAE[20];

8)   In July 2020, RAE sold palm oil to AFL[21];

9)   In July 2020, AFL sold palm oil to Globecroft[22];

10)  In July 2020, Globecroft sold palm oil to Hakan Agro[23];

11)  In July 2020, Hakan Agro sold palm oil to the Ultimate Buyer[24];

12)  Then Hakan Agro was to receive the proceeds from the Ultimate Buyer and repay them to Globecroft until 24 August 2020;

13)  Instead, In August 2020, Hakan Agro instructed the Ultimate Buyer to effect the full payment for the supply to the Fictitious Beneficiary (as defined in clause 52) for **EUR 16,798,605.04**. The funds were initially siphoned off Hakan Agro and transferred to personal possession of the shareholders and managers of Hakan Holdings (in cash and deposits in Turkish banks);

14)  Notwithstanding the fact that the funds have not returned to Hakan Agro, Globecroft was but has not paid for the effected supply of soya oil under the first chain to AFL until 21 May 2021, and is to pay for the supply of palm oil under the second chain to AFL -- until 26 July 2021;

---

[15] **Exhibit 17.** Graphical scheme illustrating the misappropriation of VUZ-Bank funds as of 25 May 2021.
[16] **Exhibit 18.** Contract No. 2005473 dated 27 March 2020 between Glencore Agriculture B.V. and RAE.
[17] **Exhibit 19.** Contract No. FT 0O6A6/2 dated 23 March 2020 between RAE and AFL.
[18] **Exhibit 20.** Contract No. FT0O6A6/3 dated 25 March 2020 between AFL and Globecroft.
[19] **Exhibit 21.** Contract No. FT0O6A6/4 dated 27 March 2020 between Globecroft and Hakan Agro.
[20] **Exhibit 22.** Supply contract No. TW/PI/2020/0042 dated 20 April 2020 between Transworld Oil&Fats Ltd. and RAE.
[21] **Exhibit 23.** Contract No. RR-2004 dated 22 April 2020 between RAE and AFL.
[22] **Exhibit 24.** Contract No. TO/2005/1 dated 23 April 2020 between AFL and Globecroft.
[23] **Exhibit 25.** Contract No. TO/2005/2 dated 24 April 2020 between Globecroft and Hakan Agro.
[24] Buyer under **Exhibit 26.** Contract No. 2/13595 dated 26 May 2019 between Hakan Agro and Ultimate Buyer. **Exhibit 27.** (Proforma invoice No. 1804933-B with Specification annexed to invoice issued by Hakan Agro to Ultimate Buyer on 11 April 2019.

15) Notwithstanding the fact that the funds have not returned to Hakan Agro and Globecroft, AFL was but has not paid for the effected supply of soya oil under the first chain to RAE until 24 May 2021 and for the effected supply of palm oil under the second chain to RAE -- until 25 May 2021;

16) Lastly, RAE was to repay the loan in full to VUZ-Bank under the Loan Agreements No. 311638 dated 10 June 2020 and No. 311691 of 28 July 2020 for EUR 16,169,700 and EUR 10,262,461.19, *i.e.* the "**EUR Loan Agreements**" as defined in para. 16 below, until 10 June and 18 May 2021 accordingly. However, as the funds have not returned to Hakan Agro, Globecroft and AFL, RAE failed to repay the indebtedness to VUZ-Bank under the EUR Loan Agreements, and taking into account the events described below in Section III, RAE's payment to VUZ-Bank is not expected to be received in the nearest future.

## II.    COMMERCIAL RELATIONS BETWEEN VUZ-BANK AND RAE

14.    In 2019-2020, VUZ-Bank, as lender, and RAE, as borrower, concluded several loan agreements, further to which RAE was to obtain funding for its trade operations:

1)    Loan Agreement No. 311274 of 7 May 2019 for USD 20,000,000 (the "**First USD Loan Agreement**")[25];

2)    Loan Agreement No. 311495 of 12 December 2019 for USD 20,000,000 (the "**Second USD Loan Agreement**")[26];

3)    Loan Agreement No. 311694 of 29 July 2020 for USD 1,024,989.11 (the "**Third USD Agreement**")[27];

4)    Loan Agreement No. 311638 of 10 June 2020 for EUR 16,169,700 (the "**First EUR Loan Agreement**")[28]; and

5)    Loan Agreement No. 311691 of 28 July 2020 for EUR 10,262,461 (the "**Second EUR Loan Agreement**").[29]

15.    The First, Second and Third USD Loan Agreements are jointly referred to as the "**USD Loan Agreements**".

16.    The First and Second EUR Loan Agreements are jointly referred to as the "**EUR Loan Agreements**".

### 1)    *USD LOAN AGREEMENTS BETWEEN VUZ-BANK AND RAE*

17.    The First USD Loan Agreement dated 7 May 2019 was concluded[30] on the following main terms and conditions:

---

[25] **Exhibit 28.** Loan Agreement No. 311274 dated 7 May 2019 between UBRD (later – VUZ-Bank) and RAE (First USD Loan Agreement) (already translated to Arabic and legalized; available to BM Dubai).
[26] **Exhibit 29.** Loan Agreement No. 311495 dated 12 December 2019 between VUZ-Bank and RAE (Second USD Loan Agreement) (already translated to Arabic and legalized; available to BM Dubai).
[27] **Exhibit 30.** Loan Agreement No. 311694 dated 29 July 2020 between VUZ-Bank and RAE (Third USD Loan Agreement).
[28] **Exhibit 31.** Loan Agreement No. 311638 dated 10 June 2020 between VUZ-Bank and RAE (First EUR Loan Agreement) (available in Russian).
[29] **Exhibit 32.** Loan Agreement No. 311691 dated 28 July 2020 between VUZ-Bank and RAE (Second EUR Loan Agreement) (available in Russian).

    1)   Amount of the loan: USD 20,000,000;

    2)   Initial loan maturity date (full repayment, including interest and commissions): 7 May 2020;

    3)   Extended loan maturity date (by additional agreements to the First USD Loan Agreement): 20 November 2020[31];

    4)   Loan interest rate: 4.65% – to be paid on a quarterly basis.

18.    On 8 August 2019, Hakan Holdings provided a guarantee for the performance of RAE's obligations under the First USD Loan Agreement by signing Guarantee Agreement No. 311274/1 (the "**First Hakan Holdings Guarantee Agreement**").[32]

19.    Neither RAE, nor Hakan Holdings repaid the loan in full on 7 May 2020, i.e. initial loan maturity date, and the parties (VUZ-Bank and RAE) were concluding additional agreements to the First USD Loan Agreement for extending the maturity date. The last additional agreement for the extension of the maturity date (until 20 November 2020) was executed on 30 October 2020.[33]

20.    On 10 June and 14 August 2020, the UBRD, that was participating in the negotiations with Hakan Holdings and RAE, requested[34]:

    1)   Hakan Holdings to sign additional agreements to extend the maturity date under the First Hakan Holdings Guarantee Agreement; and

    2)   RAE's beneficiary (Masallah Soleimani) to provide personal guarantee for the performance of RAE's obligations under the USD Loan Agreements.

21.    No agreement was signed, no guarantee was provided further to the request of the UBRD dated 14 August 2020.

22.    As of 1 May 2021, RAE, as a borrower, and Hakan Holdings, as a guarantor, shall repay **USD 2,344,293.42** to VUZ-Bank as overdue indebtedness under the First USD Loan Agreement.

23.    The Second USD Loan Agreement dated 12 December 2019 was concluded on the following main terms and conditions:

    1)   Amount of the loan: USD 20,000,000;

    2)   Loan maturity date (full repayment, including interest and commissions): 11 December 2020;

    3)   Loan interest rate: 4.65% -- to be paid on a quarterly basis.

---

[30] The First USD Loan Agreement was initially concluded between the UBRD, as the lender, and RAE, as borrower. On 30 August 2019, the UBRD assigned all its rights and obligations under the First USD Loan Agreement to VUZ-Bank under the assignment agreement (the "**Assignment Agreement**") (**Exhibit 33.** Assignment Agreement dated 30 August 2019 between UBRD and VUZ-Bank (already translated to Arabic and legalized; available to BM Dubai)).

[31] **Exhibit 34.** Additional Agreement No. 14 dated 30 October 2020 to First USD Loan Agreement between VUZ-Bank and RAE (already translated to Arabic and legalized; available to BM Dubai).

[32] **Exhibit 35.** Guarantee Agreement No. 311274/1 dated 8 August 2019 between UBRD (later – VUZ-Bank) and Hakan Holdings (First Hakan Holdings Guarantee Agreement). The First Hakan Holdings Guarantee Agreement was initially concluded between Hakan Holdings and the UBRD, as the lender under the First USD Loan Agreement. On 30 August 2019, the UBRD assigned all its rights and obligations under the First Hakan Holdings Guarantee Agreement to VUZ-Bank further to the Assignment Agreement.

[33] **Exhibit 34.** Additional Agreement No. 14 dated 30 October 2020 to First USD Loan Agreement between VUZ-Bank and RAE (already translated to Arabic and legalized; available to BM Dubai).

[34] **Exhibit 36.** Email of A. Shevchenko (UBRD) to RAE dated 6 June 2020. **Exhibit 37.** Email of O. Korotaeva (UBRD) to RAE and Hakan Holdings dated 14 August 2020.

24. On 17 December 2019, Hakan Holdings provided a guarantee for the performance of RAE's obligations under the Second USD Loan Agreement by signing Guarantee Agreement No. 311495/1 (the "**Second Hakan Holdings Guarantee Agreement**").[35]

25. As of to date, RAE, as a borrower, and Hakan Holdings, as a guarantor, shall repay **USD 20,058,310.62** to VUZ-Bank as overdue indebtedness under the Second USD Loan Agreement.

26. The Third USD Loan Agreement dated 29 July 2020 was concluded on the following main terms and conditions[36]:

    1) Amount of the loan: USD 1,024,989.11;

    2) Loan maturity date: 29 July 2021;

    3) Loan interest rate: 4.65% -- to be paid on a quarterly basis.

27. As of to date, RAE, as a borrower, shall repay **USD 1,036,610.81** to VUZ-Bank under the Third USD Loan Agreement.

28. All Three USD Loan Agreements provided that should RAE fail to perform its obligations or improperly perform its obligations under the terms and conditions of other loan agreements with VUZ-Bank[37]:

    1) VUZ-Bank is entitled to claim early repayment of the loan, accrued interest and reimbursement of reasonable damages incurred by VUZ-Bank; and

    2) RAE is obliged to repay to VUZ-Bank the unpaid amount of the loan, accrued interest, penalties, commissions and reimburse the damages incurred by VUZ-Bank within 5 business days from the date when VUZ-Bank sends the early repayment request.

29. In December 2020, VUZ-Bank started pre-litigation process against Hakan Holdings under the First and Second USD Loan Agreements, and in January 2021, the First Instance Court of Dubai accepted the writ of payment applications of VUZ-Bank for the collection of overdue indebtedness from Hakan Holdings as follows[38]:

    1) Under the First USD Loan Agreement for USD 2,344,293.42 plus 9% annual legal interest to be calculated from 19 October 2020 until full settlement; and

    2) Under the Second USD Loan Agreement for USD 20,058,310.62 plus 9% annual legal interest to be calculated from 24 November 2020 until full settlement.

---

[35] **Exhibit 38.** Guarantee Agreement No. 311495/1 dated 8 August 2019 between VUZ-Bank and Hakan Holdings (Second Hakan Holdings Guarantee Agreement) (available in English, already translated to Arabic and legalized; available to BM Dubai).
[36] **Exhibit 30.** Loan Agreement No. 311694 dated 29 July 2020 between VUZ-Bank and RAE (Third USD Loan Agreement).
[37] **Exhibit 28.** Loan Agreement No. 311274 dated 7 May 2019 between UBRD (later – VUZ-Bank) and RAE (First USD Loan Agreement) (already translated to Arabic and legalized; available to BM Dubai), Appendix No. 1, sub-clause 2.3.7. **Exhibit 29.** Loan Agreement No. 311495 dated 12 December 2019 between VUZ-Bank and RAE (Second USD Loan Agreement) (already translated to Arabic and legalized; available to BM Dubai), Appendix No. 1, sub-clause 2.3.7.
[38] **Exhibit 39.** Decision of UAE First Instance Court on writ of payment of VUZ-Bank filed under the provisions of the First USD Loan Agreement and First Hakan Holdings Guarantee Agreement dated 12 January 2021 (available in Arabic and to BM Dubai). **Exhibit 40.** Decision of UAE First Instance Court on writ of payment of VUZ-Bank filed under the provisions of the Second USD Loan Agreement and Second Hakan Holdings Guarantee Agreement dated 12 January 2021 (available in Arabic and to BM Dubai).

30.   Hakan Holdings submitted the explanatory appeal statements, the hearings in the UAE Appeal Court are to take place on 13 and 25 June 2021 for the indebtedness to be collected under the First USD and Second USD Loan Agreements accordingly (cases Nos. 188/2021 and 142/2021).

31.   The total amount of loans provided by VUZ-Bank to RAE under the USD Loan Agreements, which remains unpaid as of the date of this chronology of events, is **USD 23,439,214.85**.

## 2)   *EUR LOAN AGREEMENTS BETWEEN VUZ-BANK AND RAE*

32.   The First EUR Loan Agreement dated 10 June 2020 was concluded on the following main terms and conditions:

1)   Amount of the loan: EUR 16,169,700;

2)   Loan maturity date (full repayment, including interest and commissions): 10 June 2021;

3)   Loan interest rate: 4% -- to be paid on a quarterly basis.

33.   The Second EUR Loan Agreement dated 28 July 2020 was concluded on the following main terms and conditions:

1)   Amount of the loan: EUR 10,262,461;

2)   Loan maturity date (full repayment, including interest and commissions): 18 May 2021;

3)   Loan interest rate: 4% -- to be paid on a quarterly basis.

34.   Both EUR Loan Agreements provided that should RAE fail to perform its obligations or improperly perform its obligations under the terms and conditions of other loan agreements with VUZ-Bank[39]:

1)   VUZ-Bank is entitled to claim early repayment of the loan, accrued interest and reimbursement of reasonable damages incurred by VUZ-Bank; and

2)   RAE is obliged to repay to VUZ-Bank the unpaid amount of the loan, accrued interest, penalties, commissions and reimburse the damages incurred by VUZ-Bank within 5 business days from the date when VUZ-Bank sends the early repayment request.

35.   The total amount of loans provided by VUZ-Bank to RAE under the EUR Loan Agreements, which remains unpaid as of the date of this chronology of events, is **EUR 27,225,780.59, including interest**.

---

[39] **Exhibit 31.** Loan Agreement No. 311638 dated 10 June 2020 between VUZ-Bank and RAE (First EUR Loan Agreement) (available in Russian), Appendix No. 1, sub-clause 2.3.7. **Exhibit 32.** Loan Agreement No. 311691 dated 28 July 2020 between VUZ-Bank and RAE (Second EUR Loan Agreement) (available in Russian), Appendix No. 1, sub-clause 2.3.7.

## III.  RELATIONS BETWEEN RAE, AFL, GLOBECROFT, HAKAN AGRO AND ULTIMATE BUYER

### First Chain of Supply (Glencore Agriculture B.V. - RAE - AFL - Globecroft - Hakan Agro - Ultimate Buyer)

36.  On 27 March 2020, RAE purchased soya oil under the supply contract with Glencore Agriculture B.V. for the amount of **EUR 16,169,700**.[40] RAE paid in full the purchase price, which was in full received by RAE from VUZ-Bank under the First EUR Loan Agreement.

37.  The supply contract between RAE and Glencore Agriculture B.V. provided the discharge and supply within 20 May - 30 June 2020.

38.  Under the supply contract between RAE and AFL dated 23 March 2020, the supply of soya oil from RAE to AFL provided the same timeframe for the discharge and supply, as the supply contract between Glencore Agriculture B.V. and RAE. The purchase price amounted to **EUR 17,760,000**, which became overdue from AFL starting from 24 May 2021.[41] AFL has not effected any payment to RAE.

39.  Under the supply contract between AFL and Globecroft dated 25 March 2020, the supply of soya oil provided the same timeframe for the discharge and supply, as the supply contracts between 1) Glencore Agriculture B.V. and RAE, and 2) RAE and AFL. The purchase price amounts to **EUR 16,320,000** and became overdue from Globecroft starting from 21 May 2021.[42] Globecroft has not effected any payment to AFL.

40.  Under the supply contract between Globecroft and Hakan Agro dated 27 March 2020, the supply of soya oil provided the same timeframe for the discharge and supply, as the supply contracts between 1) Glencore Agriculture B.V. and RAE, 2) RAE and AFL, and 3) AFL and Globecroft. The purchase price amounts to **EUR 16,320,000** and became overdue and payable by Hakan Agro to Globecroft from 19 June 2020.[43] Hakan Agro has not effected any payment to Globecroft.

### Second Chain of Supply (Glencore Agriculture B.V. - RAE - AFL - Globecroft - Hakan Agro - Ultimate Buyer)

41.  On 20 April 2020, RAE purchased palm oil under the supply contract with Transworld Oil&Fats Ltd. for the amount of **EUR 16,122,461.19**.[44] RAE paid in full the purchase price, of which EUR 10,262,461.19 was paid from the amount received by RAE from VUZ-Bank under the Second EUR Loan Agreement.

42.  The supply contract between RAE and Transworld Oil&Fats Ltd. provided the discharge within 1 June - 15 July 2020 and the supply within 15 July - 15 August 2020.

43.  Under the supply contract between RAE and AFL dated 22 April 2020, the supply of palm oil from RAE to AFL provided the same timeframe for the discharge and supply, as the supply contract between Transworld Oil&Fats Ltd. and RAE. The purchase price amounted to **EUR 16,468,332.47**,

---

[40] **Exhibit 18.** Contract No. 2005473 dated 27 March 2020 between Glencore Agriculture B.V. and RAE.
[41] **Exhibit 19.** Contract No. FT 0O6A6/2 dated 23 March 2020 between RAE and AFL.
[42] **Exhibit 20.** Contract No. FT0O6A6/3 dated 25 March 2020 between AFL and Globecroft.
[43] **Exhibit 21.** Contract No. FT0O6A6/4 dated 27 March 2020 between Globecroft and Hakan Agro.
[44] **Exhibit 22.** Supply contract No. TW/PI/2020/0042 dated 20 April 2020 between Transworld Oil&Fats Ltd. and RAE.

which became overdue from AFL starting from 25 May 2021.[45] AFL has not effected any payment to RAE.

44.    Under the supply contract between AFL and Globecroft dated 23 April 2020, the supply of palm oil provided the same timeframe for the discharge and supply, as the supply contracts between 1) Transworld Oil&Fats Ltd. and RAE, and 2) RAE and AFL. The purchase price amounts to **EUR 10,262,461.19** and will become overdue and payable by Globecroft to AFL on 26 July 2021.[46]

45.    Under the supply contract between Globecroft and Hakan Agro dated 24 April 2020, the supply of palm oil provided the same timeframe for the discharge and supply, as the supply contracts between 1) Transworld Oil&Fats Ltd. and RAE, 2) RAE and AFL, and 3) AFL and Globecroft. The purchase price amounts to **EUR 10,262,461.19** and became overdue and payable by Hakan Agro to Globecroft from 24 August 2020.[47] Hakan Agro has not effected any payment to Globecroft.

***Commercial Relations between Hakan Agro and Ultimate Buyer, and Misappropriation of VUZ-Bank's Funds***

46.    The commercial relations between Hakan Agro, as a seller, and the Ultimate Buyer, as a buyer and consignee, were based on the following commercial documents:

| Document No. | Document Date | Validity Date | Shipment Period | Supply Amount (EUR) | Freight Charges (EUR) | Total Amount Due (EUR) | Payment Terms |
|---|---|---|---|---|---|---|---|
| Proforma invoice No. 1804933-B with Specification annexed to invoice (**"Hakan Agro Proforma Invoice to Ultimate Buyer"**)[48] | 11 April 2019 | until 30 September 2020 | 1 May 2019 - 30 June 2020 | 17,622,000.00 | 858,000.00 | 18,480,000.00 | Irrevocable, sight letter of credit for 100% value to be opened to Hakan Agro's nominated bank or TT[49] |
| Commercial invoice (**"Hakan Agro Commercial Invoice to Ultimate Buyer"**)[50] | 15 July 2020 | N/A as issued further to Proforma invoice No. 1804933-B | 15 July 2020 (bill of lading date) | 16,018,669.81 | 779,935.23 | 16,798,605.04 | Cash against documents TT |

---

[45] **Exhibit 23.** Contract No. RR-2004 dated 22 April 2020 between RAE and AFL.
[46] **Exhibit 24.** Contract No. TO/2005/1 dated 23 April 2020 between AFL and Globecroft.
[47] **Exhibit 25.** Contract No. TO/2005/2 dated 24 April 2020 between Globecroft and Hakan Agro.
[48] **Exhibit 27.** Proforma invoice No. 1804933-B with Specification annexed to invoice issued by Hakan Agro to Ultimate Buyer on 11 April 2019 (available in English).
[49] *"Telegraphic transfer"* or *"wire transfer"*.
[50] **Exhibit 41.** Commercial invoice No. TW-0092/20 issued by Hakan Agro to Ultimate Buyer on 15 July 2020 (available in English).

47. Therefore, the Ultimate Buyer was to effect payment of **EUR 16,798,605.04** in total under the Hakan Agro Commercial Invoice to Ultimate Buyer for effected supply of palm oil.

48. Notably, the payment terms of the Hakan Agro Commercial Invoice to Ultimate Buyer provided two not quite similar options – in cash or by wire transfer.

49. Hakan Agro indicated in its Proforma Invoice to Ultimate Buyer, that was initially issued to cover the supply of palm oil to be effected to the Ultimate Buyer, the following payment details:

> **Bank Account Details:**
> Beneficiary Name: HAKAN AGRO DMCC
> Bank Name: TURKIYE HALK BANKASI A.S. , TURKEY
> Swift Code: TRHBTR2AXXX

50. Hakan Agro indicated in its Commercial Invoice to Ultimate Buyer, that was issued further to the effected supply of palm oil to the Ultimate Buyer, the following wire transfer details:



| Bank details: | VARENGOLD BANK, AG, |
| SWIFT: | VGAGDEHH |
| Branch: | HAMBURG, GERMANY |
| IBAN No.: | DE08200301331142170110 |

51. On 10 August 2020, a person named Koray Ozkan (who is unknown to VUZ-Bank JSC) sent, as VUZ-Bank understands, to representative of Hakan Agro by Whatsapp the bank details for the transfer of EUR 3,000,000 in favour of the account of the company, Rahbar Amin Company, which is located in the country of the Ultimate Buyer, in the Shahr Bank, which is also located in the country of the Ultimate Buyer. Koray Ozkan also stated that "*we can deliver cash euro in Istanbul*" (in Turkish "*istanbulda nakit euro teslim ede biliriz*").[51]

52. On 11 August 2020, Hakan Agro asked the Ultimate Buyer to effect payment of EUR 3,000,000 under its Commercial Invoice to Ultimate Buyer "*as first transfer and once we confirm the receipt, then only arrange the balance remittance*" in accordance with the same bank details, that Hakan Agro received on 10 August 2020. Hakan Agro requested the Ultimate Buyer to effect payment in favour of and on the account of Rahbar Amin Company (the "**Fictitious Beneficiary**"), which is located in the country of the Ultimate Buyer[52]:

---

[51] **Exhibit 42.** Printout of correspondence in Whatsapp in relation to transfer of the First Tranche and its delivery in cash to Istanbul dated 10 August 2020. **Exhibit 43.** Pdf file with bank details for payment in favor of the account of the country which is located in the country of the Ultimate Buyer (Rahbar Amin Company) dated 10 August 2020 (extracted from Whatsapp).
[52] **Exhibit 42.** Printout of correspondence in Whatsapp in relation to transfer of the First Tranche and its delivery in cash to Istanbul dated 10 August 2020. **Exhibit 43.** Pdf file with bank details for payment in favor of the account of the country which is located in the country of the Ultimate Buyer (Rahbar Amin Company) dated 10 August 2020 (extracted from Whatsapp). **Exhibit 44.** Hakan Agro first letter to the Ultimate Buyer dated 11 August 2020 (available in English).

13



1- MT 202
BAKN NAME: BANK SHAHR
SWIFT CODE: CIYBIRTH
HALK ACC: TR1700012009885004R000659
ACC NAME: BANK SHAHR
BANK NAME: HALK BANK
SWIFT CODE: TRHBTR2A XXX

2 - MT299
HEREBY BE INFORMED THAT THIS TRANSFER IS IN FAVOUR OF THE ACCOUNT OF
RAHBAR AMIN COMPANY. ACC NO : 150120209010174001

---------------------------------------OR--------------------------------------

MT 103
BEN ACC NAME: RAHBAR AMIN COMPANY
ADD BEN : NO 6 NASTARAN SAM AND ZAD,QESHM,IRAN
BEN ACC NO : 150120209010174001 ( HALK BANK )
BANK NAME: BANK SHAHR
SWIFT CODE: CIYBIRTH

Thanking you.

Yours truly,

Authorized Signatory

53. On 17 August 2020, the Ultimate Buyer transferred **EUR 3,000,000** under the Hakan Agro Commercial Invoice to Ultimate Buyer having the total value of **EUR 16,798,605.04** to the account of the Fictitious Beneficiary (the **"First Tranche to Fictitious Beneficiary"**)[53]:

54. Supposedly, shortly thereafter the First Tranche was cashed from the account of the Fictitious Beneficiary, delivered in cash to Turkey and deposited on the account in Turkish bank in Istanbul, Türkiye İş Bankası (unofficial name of the bank is İşbank), in September 2020.[54]

55. After the First Tranche to Fictitious Beneficiary, the remaining balance for payment under the Hakan Agro Commercial Invoice to Ultimate Buyer was **EUR 13,798,605.04**.

---

[53] **Exhibit 45.** SWIFT for the First Tranche effected by the Ultimate Buyer to the Fictitious Beneficiary dated 17 August 2020.

[54] See para. 61 below. **Exhibit 42.** Printout of correspondence in Whatsapp in relation to transfer of the First Tranche and its delivery in cash to Istanbul dated 10 August 2020. **Exhibit 46.** Extract from bank account in Turkish bank Türkiye İş Bankası for a part of the First Tranche, supposedly dated beginning of September 2020 (available in Turkish). **Exhibit 47.** Recording of conversation between Sudhakar Sing Tomar, the director and Chairman of the Board of Hakan Agro, and Mustafa Dolek, accountant of Allettin and Nazim Bahceci, dated 3 February 2021 (available in Turkish). **Exhibit 48.** Transcript of recording of conversation between Sudhakar Sing Tomar, the director and Chairman of the Board of Hakan Agro, and Mustafa Dolek, accountant of Allettin and Nazim Bahceci, dated 3 February 2021 (available in English).

56.   On 22 August 2020, Hakan Agro requested the Ultimate Buyer to effect another tranche to the Fictitious Buyer under the Hakan Agro Commercial Invoice to Ultimate Buyer for **EUR 5,000,000** (the "**Second Tranche to Fictitious Beneficiary**"). It is worth noting, that Hakan Agro names the Fictitious Beneficiary in this second request as "*exchange company*" that was "*ready to accept*" only EUR 5,000,000 and that charged "*the cost of transfer*" to the account of the Ultimate Buyer and Hakan Agro[55]:



57.   On 24 August 2020, the Ultimate Buyer transferred the Second Tranche to Fictitious Beneficiary under the Hakan Agro Commercial Invoice to Ultimate Buyer having the total value of **EUR 16,798,605.04** to the account of the Fictitious Beneficiary in Istanbul (account in the bank Türkiye İş Bankası)[56]:



---

[55] **Exhibit 49.** Hakan Agro second letter to the Ultimate Buyer dated 22 August 2020.
[56] **Exhibit 50.** SWIFT for the Second Tranche effected by the Ultimate Buyer to the Fictitious Beneficiary dated 24 August 2020.

58. After the Second Tranche to Fictitious Beneficiary, the remaining balance for payment under the Hakan Agro Commercial Invoice to Ultimate Buyer was **EUR 8,798,605.04**.

59. On 26 August 2020, Hakan Agro requested the Ultimate Buyer to effect another tranche to the Fictitious Buyer under the Hakan Agro Commercial Invoice to Ultimate Buyer for **EUR 8,798,605.04** (the **"Third Tranche to Fictitious Beneficiary"**)[57]:

26th August, 2020

To :
Government Trading Corporation of Iran,
Tehran, Iran

Dear Mr. Foroughi,

Ref    : Our Invoice no. TW-0092/20 – CB NUMBER 39920378
           Total value of invoice : Eur16,798, 605.04

As discussed, please arrange to pay Eur8,798,605.04 (Euro Eight Million Seven Hundred Ninety Eight Thousand Six Hundred Five and Cents Four Only) to the below account. Please note below exchange company at the moment ready to accept only Eur Five Million. The cost of transfer will be 5.5% of the remitted amount to G.T.C. (Even though the exchange company this time charging 7%, in order to show our co-operation we accept 1.5% of the cost on our account and 5.5% to G.T.C account)

1- MT 202
HAKN NAME: BANK SHAHR
SWIFT CODE: CIYBIRTH
HALK ACC: TR17000120098880004R000659
ACC NAME: BANK SHAHR
BANK NAME: HALK BANK
SWIFT CODE: TRHBTR2A XXX

2 - M1299
HEREBY BE INFORMED THAT THIS TRANSFER IS IN FAVOUR OF THE ACCOUNT OF RAHBAR
AMIN COMPANY. ACC NO : 15012026901017400I
-----------------------------------------OR------------------------------------------

MT 103
BEN ACC NAME: RAHBAR AMIN COMPANY
ADD BEN : NO.6 NASTARAN,SAM AND ZAD,QESHM,IRAN
BEN ACC NO : 15012026901017400I ( HALK BANK )
BANK NAME: BANK SHAHR
SWIFT CODE: CIYBIRTH

Thanking you,
Yours truly,

60. On 27 August 2020, the Ultimate Buyer transferred the Third Tranche to Fictitious Beneficiary under the Hakan Agro Commercial Invoice to Ultimate Buyer, by which the Ultimate Buyer closed the balance of the Commercial Invoice having the total of **EUR 16,798,605.04**, to the account of the Fictitious Beneficiary in Istanbul (account in the bank Türkiye İş Bankası)[58]:

---

[57] **Exhibit 51.** Hakan Agro third letter to the Ultimate Buyer dated 26 August 2020.
[58] **Exhibit 52.** SWIFT for the Third Tranche effected by the Ultimate Buyer to the Fictitious Beneficiary dated 26 August 2020.

61. On 3 February 2021, Sudhakar Sing Tomar, the director and Chairman of the Board of Hakan Agro, called Mustafa Dolek, accountant of Allettin and Nazim Bahceci. During this conversation Mustafa Dolek confirmed the following[59]:

1) The First, Second and Third Tranches were received for Alettin Bahceci (father of Hakan Bahceci; holder of 16.66% shares in Hakan Holdings and Chairman of Hakan Holdings Board as of May 2020);

2) Part of the First Tranche (**EUR 3,000,000**) amounting to **EUR 2,832,000** was deposited on the account in Turkish bank in Istanbul, Türkiye İş Bankası (unofficial name of the bank is İşbank), supposedly in September 2020.[60] The final destination of the remaining balance of the First Tranche (**EUR 168,000**) is unknown to VUZ-Bank JSC. Probably, the Fictitious Beneficiary charged it as a commission for its "*services*" as an "*exchange company*" and some amount was charged for the delivery of cash to Istanbul, Turkey;[61]

3) Part of the Second Tranche (**EUR 5,000,000**) amounting to **EUR 4,670,000** was cashed and delivered to Alettin Bahceci by courier to Mersin, Turkey. The final destination of the remaining balance of the Second Tranche (**EUR 330,000**) is unknown to VUZ-Bank JSC. Probably, the Fictitious Beneficiary charged it as a commission for its "*services*" as an "*exchange company*";

4) Part of the Third Tranche (**EUR 8,798,605.04**) amounting to **EUR 8,209,100** was deposited on the account in Turkish bank Aktif in September 2020.[62] The final destination of the remaining

---

[59] **Exhibit 47.** Recording of conversation between Sudhakar Sing Tomar, the director and Chairman of the Board of Hakan Agro, and Mustafa Dolek, accountant of Allettin and Nazim Bahceci, dated 3 February 2021 (available in Turkish). **Exhibit 48.** Transcript of recording of conversation between Sudhakar Sing Tomar, the director and Chairman of the Board of Hakan Agro, and Mustafa Dolek, accountant of Allettin and Nazim Bahceci, dated 3 February 2021 (available in English).

[60] **Exhibit 46.** Extract from bank account in Turkish bank Türkiye İş Bankası for a part of the First Tranche, supposedly dated beginning of September 2020 (available in Turkish).

[61] **Exhibit 42.** Printout of correspondence in Whatsapp in relation to transfer of the First Tranche and its delivery in cash to Istanbul dated 10 August 2020. **Exhibit 43.** Pdf file with bank details for payment in favor of the account of the country which is located in the country of the Ultimate Buyer (Rahbar Amin Company) dated 10 August 2020 (extracted from Whatsapp). **Exhibit 44.** Hakan Agro first letter to the Ultimate Buyer dated 11 August 2020 (available in English).

[62] **Exhibit 53.** Extract from bank account in Turkish bank Aktif for a part of the Third Tranche as of 9-10 September 2020.

balance of the Third Tranche (**EUR 589,505.04**) is unknown to VUZ-bank JSC. Probably, the Fictitious Beneficiary charged it as a commission for its "*services*" as an "*exchange company*";

62. The representatives of the UBRD, became aware of the structure of business relations of Hakan Agro and Ultimate Buyer and fraudulent actions of the management of Hakan Holdings and Hakan Agro around November 2020.

63. In the end of November 2020, the Vice-President of UBRD, Sergey Sisoshvili, contacted the CFO of Hakan Agro, Bart Peczkowski, during which Mr Peczkowski admitted that the funds were stolen by the shareholders and management of Hakan group of companies[63]:



64. On 18 December 2020, Deniz Yelda Bahceci (wife of the late Hakan Bahceci, holder of 12.5% shares in Hakan Holdings and current legal guardian of the minor children of Hakan Bahceci having 50.6% shares in Hakan Holdings) indirectly admitted the hostile behaviour of several members in business/ family circle and that the funds were without any legal grounds transferred to Turkey, *i.e.* to Alettin Bahceci[64]:

---

[63] **Exhibit 54.** Printouts of conversation between the Vice-President of UBRD, Sergey Sisoshvili, and the CFO of Hakan Agro, Bart Peczkowski, dated 24 November 2020.
[64] **Exhibit 55.** Email of Deniz Yelda Bahceci to S. Sisoshvili (Vice-President of UBRD) and A. Soloviev (President of UBRD) dated 18 December 2020.



65.  As of to date, VUZ-Bank has not received any payments of overdue indebtedness neither from RAE, nor from Hakan Holdings, under the USD and EUR Loan Agreements.

66.  Based on the documents that became available, VUZ-Bank now understands that RAE will not perform its obligations under the EUR Loan Agreements, and as the according funding was stolen from Hakan Agro by the managers and shareholders of Hakan Holdings and managers of Hakan Agro.

67.  VUZ-Bank is also aware that certain managers of Hakan Agro are willing to provide documents and further evidence that would support other fraudulent and illegal schemes of the managers and shareholders of Hakan Holdings and managers of Hakan Agro (indicated in para. 11 above) aiming at the siphoning off the assets of Hakan group of companies and not paying VUZ-Bank. Please note that these certain managers of Hakan Agro will only be willing to cooperate once they have "witness" status in criminal proceedings to be initiated.

You may find the list of documents, which are attached and referred thereto, at the last page of this chronology of events.

We remain at your disposal to provide any further clarifications and documents per your request.

Yours sincerely,


**Chairman of the Board of VUZ-Bank JSC** _____ /Gennady Izevlin/


25 May 2021

**LIST OF EXHIBITS CHRONOLOGY OF EVENTS FOR EXPERT (REFAAT HUSSEIN MARZOUK)**

Exhibit 1.   Extract from Unified Register of Legal Entities in Russia about VUZ-Bank as of 21 October 2020 (already translated to Arabic and legalized; available to BM Dubai)

Exhibit 2.   Extract from Unified Register of Legal Entities in Russia about UBRD as of 30 August 2019 (already translated to Arabic and legalized; available to BM Dubai)

Exhibit 3.   Decision of Administrator APL-002-18 in relation to RAE, U.S. Department of Agriculture, dated 3 July 2018 (available in English)

Exhibit 4.   Extract from Unified Register of Legal Entities in Russia about RAE as of 24 August 2018 (available in Russian)

Exhibit 5.   Extract from Unified Register of Legal Entities in Russia about RAE as of 7 May 2019 (available in Russian)

Exhibit 6.   Extract from Unified Register of Legal Entities in Russia about RAE as of 10 December 2019 (available in Russian)

Exhibit 7.   Extract from Unified Register of Legal Entities in Russia about RAE as of 15 January 2020 (available in Russian)

Exhibit 8.   Extract from Unified Register of Legal Entities in Russia about RAE as of 10 October 2020 (available in Russian)

Exhibit 9.   Email of Bart Peczkowski (CFO, Hakan Agro) to UBRD representatives (S. Sisoshvili and M. Roslyakova) dated 11 July 2017

Exhibit 10.  Email of Bart Peczkowski (CFO, Hakan Agro) to UBRD representatives (S. Sisoshvili and M. Roslyakova) dated 22 August 2017 (with RAE copied)

Exhibit 11.  Information about email address of Masallah Soleimani in global system for tracking email addresses (Skymem) as of 13 May 2021 (available in English)

Exhibit 12.  Information from website of the Ministry of Agriculture and Food of Rostov Region on the conclusion of agricultural supply contracts with Hakan Agro represented by Masallah Soleimani during global exposition "Galfood-2017" in Dubai (available in Russian)

Exhibit 13.  Article on website on media portal *GorodN*, *Grain trader from UAE claims to be one of the twenty largest Don exporters*, dated 24 August 2018 (available in Russian)

Exhibit 14.  Extract from Unified Register of Legal Entities in Russia about RAE as of 13 May 2021 (available in Russian)

Exhibit 15.  Email of I. Yanina (Hakan Agro) sent on behalf of AFL to Globecroft dated 18 March 2021 (available in English)

Exhibit 16.  Business Continuity Presentation of Hakan Agro dated 15 June 2020 (available in English)

Exhibit 17.   Graphical scheme illustrating the misappropriation of VUZ-Bank funds as of 25 May 2021 (available in English)

Exhibit 18.   Contract No. 2005473 dated 27 March 2020 between Glencore Agriculture B.V. and RAE (available in English)

Exhibit 19.   Contract No. FT 0O6A6/2 dated 23 March 2020 between RAE and AFL (available in English)

Exhibit 20.   Contract No. FT0O6A6/3 dated 25 March 2020 between AFL and Globecroft (available in English)

Exhibit 21.   Contract No. FT0O6A6/4 dated 27 March 2020 between Globecroft and Hakan Agro (available in English)

Exhibit 22.   Supply contract No. TW/PI/2020/0042 dated 20 April 2020 between Transworld Oil&Fats Ltd. and RAE (available in English)

Exhibit 23.   Contract No. RR-2004 dated 22 April 2020 between RAE and AFL (available in English)

Exhibit 24.   Contract No. TO/2005/1 dated 23 April 2020 between AFL and Globecroft (available in English)

Exhibit 25.   Contract No. TO/2005/2 dated 24 April 2020 between Globecroft and Hakan Agro (available in English)

Exhibit 26.   Contract No. 2/13595 dated 26 May 2019 between Hakan Agro and Ultimate Buyer (available in English)

Exhibit 27.   Proforma invoice No. 1804933-B with Specification annexed to invoice issued by Hakan Agro to Ultimate Buyer on 11 April 2019 (available in English)

Exhibit 28.   Loan Agreement No. 311274 dated 7 May 2019 between UBRD (later – VUZ-Bank) and RAE (First USD Loan Agreement) (already translated to Arabic and legalized; available to BM Dubai)

Exhibit 29.   Loan Agreement No. 311495 dated 12 December 2019 between VUZ-Bank and RAE (Second USD Loan Agreement) (already translated to Arabic and legalized; available to BM Dubai)

Exhibit 30.   Loan Agreement No. 311694 dated 29 July 2020 between VUZ-Bank and RAE (Third USD Loan Agreement) (available in Russian)

Exhibit 31.   Loan Agreement No. 311638 dated 10 June 2020 between VUZ-Bank and RAE (First EUR Loan Agreement) (available in Russian)

Exhibit 32.   Loan Agreement No. 311691 dated 28 July 2020 between VUZ-Bank and RAE (Second EUR Loan Agreement) (available in Russian)

Exhibit 33.   Assignment Agreement dated 30 August 2019 between UBRD and VUZ-Bank (already translated to Arabic and legalized; available to BM Dubai)

Exhibit 34. Additional Agreement No. 14 dated 30 October 2020 to First USD Loan Agreement between VUZ-Bank and RAE (already translated to Arabic and legalized; available to BM Dubai)

Exhibit 35. Guarantee Agreement No. 311274/1 dated 8 August 2019 between UBRD (later – VUZ-Bank) and Hakan Holdings (First Hakan Holdings Guarantee Agreement) (available in English, already translated to Arabic and legalized; available to BM Dubai)

Exhibit 36. Email of A. Shevchenko (UBRD) to RAE dated 6 June 2020

Exhibit 37. Email of O. Korotaeva (UBRD) to RAE and Hakan Holdings dated 14 August 2020

Exhibit 38. Guarantee Agreement No. 311495/1 dated 8 August 2019 between VUZ-Bank and Hakan Holdings (Second Hakan Holdings Guarantee Agreement) (available in English, already translated to Arabic and legalized; available to BM Dubai)

Exhibit 39. Decision of UAE First Instance Court on writ of payment of VUZ-Bank filed under the provisions of the First USD Loan Agreement and First Hakan Holdings Guarantee Agreement dated 12 January 2021 (available in Arabic and to BM Dubai)

Exhibit 40. Decision of UAE First Instance Court on writ of payment of VUZ-Bank filed under the provisions of the Second USD Loan Agreement and Second Hakan Holdings Guarantee Agreement dated 12 January 2021 (available in Arabic and to BM Dubai)

Exhibit 41. Commercial invoice No. TW-0092/20 issued by Hakan Agro to Ultimate Buyer on 15 July 2020 (available in English)

Exhibit 42. Printout of correspondence in Whatsapp in relation to transfer of the First Tranche and its delivery in cash to Istanbul dated 10 August 2020 (parts 1 and 2) (available in Turkish and English)

Exhibit 43. Pdf file with bank details for payment in favor of the account of the country which is located in the country of the Ultimate Buyer (Rahbar Amin Company) dated 10 August 2020 (extracted from Whatsapp) (available in English)

Exhibit 44. Hakan Agro first letter to the Ultimate Buyer dated 11 August 2020 (available in English)

Exhibit 45. SWIFT for the First Tranche effected by the Ultimate Buyer to the Fictitious Beneficiary dated 17 August 2020 (available in English)

Exhibit 46. Extract from bank account in Turkish bank Türkiye İş Bankası for a part of the First Tranche, supposedly dated beginning of September 2020 (available in Turkish)

Exhibit 47. Recording of conversation between Sudhakar Sing Tomar, the director and Chairman of the Board of Hakan Agro, and Mustafa Dolek, accountant of Allettin and Nazim Bahceci, dated 3 February 2021 (available in Turkish)

Exhibit 48. Transcript of recording of conversation between Sudhakar Sing Tomar, the director and Chairman of the Board of Hakan Agro, and Mustafa Dolek, accountant of Allettin and Nazim Bahceci, dated 3 February 2021 (available in English)

Exhibit 49. Hakan Agro second letter to the Ultimate Buyer dated 22 August 2020 (available in English)

Exhibit 50. SWIFT for the Second Tranche effected by the Ultimate Buyer to the Fictitious Beneficiary dated 24 August 2020 (available in English)

Exhibit 51. Hakan Agro third letter to the Ultimate Buyer dated 26 August 2020 (available in English)

Exhibit 52. SWIFT for the Third Tranche effected by the Ultimate Buyer to the Fictitious Beneficiary dated 26 August 2020 (available in English)

Exhibit 53. Extract from bank account in Turkish bank Aktif for a part of the Third Tranche as of 9-10 September 2020 (available in Turkish)

Exhibit 54. Printouts of conversation between the Vice-President of UBRD, Sergey Sisoshvili, and the CFO of Hakan Agro, Bart Peczkowski, dated 24 November 2020 (available in English)

Exhibit 55. Email of Deniz Yelda Bahceci to S. Sisoshvili (Vice-President of UBRD) and A. Soloviev (President of UBRD) dated 18 December 2020 (available in English)

# Exhibit R

| | |
|---|---|
| **From:** | Shmarko, Alexandra |
| **Sent:** | Wednesday, May 26, 2021 9:29 AM |
| **To:** | ElBaghdady, Mohamed |
| **Cc:** | Khalil, Maria; Khvalei, Vladimir; Dembich, Dmitry |
| **Subject:** | UBRD \| Chronology of events from VUZ-Bank for expert in UAE (criminal proceedings) |
| **Attachments:** | 2021.05.25 Chronology of events, VUZ-Bank.pdf |

**Importance:**          High

Dear Mohamed,

Please find enclosed the finalized chronology of events on the letterhead of VUZ-Bank, that is signed by the Chairman of the Board of VUZ-Bank.

I will send you the exhibits tomorrow at latest (we need to finalize one of them with the client) in zipped archive with comments regarding their translation.

Please also note that the scan of the chronology is not perfect -- I am waiting for the original from the client (they will send it to me by courier mail), I will then send you the scan of better quality. But please send the attached version of the chronology to our expert.

Kind regards,

Alexandra


**Alexandra Shmarko**
Associate
Baker & McKenzie - CIS, Limited
White Gardens, 10th Floor
9 Lesnaya Street
Moscow 125196 Russia
Tel: +7 495 7872700
Direct: +7 495 787 3152
Fax: +7 495 7872701
Cell: +7 962 9927803
alexandra.shmarko@bakermckenzie.com



**2021 CHAMBERS GLOBAL**
**THE ONLY BAND 1 FIRM IN INTERNATIONAL & CROSS-BORDER DISPUTES IN RUSSIA**

bakermckenzie.com | Facebook | LinkedIn | Twitter

# Exhibit S

🔴 Re: further steps - Thunderbird
Файл   Правка   Вид   Переход   Сообщение   Инструменты   Справка
Получить   Создать   Адресная книга   Ответить   Ответить всем   Переслать   Метка   Удалить   Спам   Печать   Назад   Вперёд

**Тема:** RE: further steps
**От:** Irina Yanina
**Дата:** 27.05.2021 17:01
**Кому:** Arzu Adiguzel , Сяхошвили Сергей Михайлович , kagan.yildirim@emcapadvisory.com , Deniz Bahceci , Bart Peczkowski
**Копия:** Soloviev , Марина Рослякова

Всем добрый день!
Я посмотрела договоры, мы обсудили основные моменты внутри компании и хотели бы Вас попросить  рассмотреть некоторые изменения/комментарии:
1. Мы хотели бы убрать из списка закладываемого имущества все движимое  имущество.
2. Мы хотели бы во всех договорах залога указать очередность погашения сумм по кредитным договорам.
   В первую очередь, денежные средства,  которые будут получены от реализации закладываемого имущества, должны быть направлены на погашение кредитов, по которым у Хакан Холдинга имеются обязательства на основании договоров поручительства № 311274 от 7 мая 2019  и № 311495 от 12 декабря  2019; далее по необеспеченным кредитам, которые были выданы в 2020 году в период после смерти г-на Хакана.
3. Также, как обсудили с Сергеем в зуме, настоятельно рекомендуем ускориться по процессам, связанным с Транс-Атлантиком, чтобы  зафиксировать все договоренности.
4. В настоящий момент мы вынуждены отложить залог и реализацию офиса, принадлежащего Хакан Агро ДМСС, ввиду наличия объективных причин (отсутствие руководителя и ожидание начала работы аудитора/кризис менеджера/ликвидатора).

Если у Вас нет возражений по вышеперечисленным пунктам, пожалуйста, направьте исправленные варианты соглашений на окончательное согласование и подписание.

Hello everyone!

I have reviewed the contracts, we discussed the main points internally, and would like to ask you to consider some changes/comments:

1. We would like to remove all movable property from the list of the mortgage.
2. We would like to indicate in all collateral agreements the order of repayment of the amounts under the loan agreements ( queue / order of priority).
First of all, the funds that will be received from the sale of the pledged property should be used to repay loans where  Hakan Holdings has obligations under the guarantee agreements No. 311274 of May 7, 2019, and No. 311495 of December 12, 2019; then for unsecured loans that were issued in 2020 in the period after the death of Mr. Hakan.
3. Also, as we discussed with Sergey in zoom, we strongly recommend speeding up the processes related to the Trans-Atlantic in order to fix all the agreements.
4. At the moment, we are forced to postpone the pledge and sale of the office owned by Hakan Agro DMCC, due to the presence of objective reasons (absence of the head and waiting for the start of the work of the auditor/crisis manager/liquidator).

If you have no objections to the above points, please send the amended versions of the agreements for final approval and signing.

Best regards,
Irina Yanina
Legal Affairs Officer
Hakan Agro DMCC



**UAE**
Tel :    + 971  44 230 700    ext: 142
Fax:    + 971 44 230 707
Mobile: + 971 56 689 77 63

**Russia**
Mobile: +7 903 488 57 88

E-Mail:  irina.yanina@hakanfoods.com

   

# Exhibit T

| | |
|---|---|
| **From:** | Ahmed, Haroon |
| **Sent:** | Monday, July 19, 2021 4:52 AM |
| **To:** | Khvalei, Vladimir; Bart Peczkowski |
| **Cc:** | Arzu Adiguzel; Clarke, Richard; Shmarko, Alexandra; Ahmad, Amir |
| **Subject:** | [EXTERNAL] RE: Ural Bank/Hakan Agro |

That's fine – however, I was given your details by the Bank through Bart to arrange this call.

Bart – please can you clarify next steps on how to proceed?

Kind regards

Haroon

---

**From:** Khvalei, Vladimir <Vladimir.Khvalei@bakermckenzie.com>
**Sent:** 19 July 2021 12:45
**To:** Ahmed, Haroon <Haroon.Ahmed@Kroll.com>
**Cc:** Arzu Adiguzel <arzu.adiguzel@hakanfoods.com>; Bart Peczkowski
<bart.peczkowski@hakanfoods.com>; Clarke, Richard <Richard.Clarke@Kroll.com>; Shmarko,
Alexandra <Alexandra.Shmarko@bakermckenzie.com>; Ahmad, Amir <AAhmad@reedsmith.com>
**Subject:** [EXTERNAL] RE: Ural Bank/Hakan Agro

Dear Haroon,

I suggest to postpone the call as I do not have appropriate instructions from the client.

Regards

Vladimir

---

**From:** Ahmed, Haroon <Haroon.Ahmed@Kroll.com>
**Sent:** Monday, July 19, 2021 11:38 AM
**To:** Khvalei, Vladimir <Vladimir.Khvalei@bakermckenzie.com>
**Cc:** Arzu Adiguzel <arzu.adiguzel@hakanfoods.com>; Bart Peczkowski
<bart.peczkowski@hakanfoods.com>; Clarke, Richard <Richard.Clarke@Kroll.com>; Shmarko,
Alexandra <Alexandra.Shmarko@bakermckenzie.com>; Ahmad, Amir <AAhmad@reedsmith.com>
**Subject:** [EXTERNAL] RE: Ural Bank/Hakan Agro
**Importance:** High

Vladimir,

Just checking to see that you will be dialing into our call this afternoon? If you have any queries
ahead of the call please feel free to reach out.

Kind regards

Haroon

---

**From:** Ahmed, Haroon
**Sent:** 14 July 2021 15:59
**To:** Khvalei, Vladimir <Vladimir.Khvalei@bakermckenzie.com>
**Cc:** Arzu Adiguzel <arzu.adiguzel@hakanfoods.com>; Bart Peczkowski
<bart.peczkowski@hakanfoods.com>; Clarke, Richard <Richard.Clarke@Kroll.com>; Shmarko,

Alexandra <Alexandra.Shmarko@bakermckenzie.com>
**Subject:** RE: Ural Bank/Hakan Agro

No problem. Thanks for letting me know. Let's get a time slot blocked out for Monday in that case, I will send an invite for 2pm on Monday (1pm Moscow Time).

It is very important we have this catch up sooner rather than later given the financial situation of the company.

Look forward to catching up.

Kind regards

Haroon

**From:** Khvalei, Vladimir <Vladimir.Khvalei@bakermckenzie.com>
**Sent:** 14 July 2021 11:03
**To:** Ahmed, Haroon <Haroon.Ahmed@Kroll.com>
**Cc:** Arzu Adiguzel <arzu.adiguzel@hakanfoods.com>; Bart Peczkowski <bart.peczkowski@hakanfoods.com>; Clarke, Richard <Richard.Clarke@Kroll.com>; Shmarko, Alexandra <Alexandra.Shmarko@bakermckenzie.com>
**Subject:** [EXTERNAL] RE: Ural Bank/Hakan Agro

Dear Haroon,

I apologize, but due to the very difficult hearing which will last until the end of the week, I could not deal with this matter before.

Regards

Vladimir

**From:** Ahmed, Haroon <Haroon.Ahmed@Kroll.com>
**Sent:** Tuesday, July 13, 2021 2:26 PM
**To:** Khvalei, Vladimir <Vladimir.Khvalei@bakermckenzie.com>
**Cc:** Arzu Adiguzel <arzu.adiguzel@hakanfoods.com>; Bart Peczkowski <bart.peczkowski@hakanfoods.com>; Clarke, Richard <Richard.Clarke@Kroll.com>; Shmarko, Alexandra <Alexandra.Shmarko@bakermckenzie.com>
**Subject:** [EXTERNAL] RE: Ural Bank/Hakan Agro

Dear Vladimir,

Just following up on this, are we able to get some time booked in for this call please?

Kind regards

Haroon

**From:** Khvalei, Vladimir <Vladimir.Khvalei@bakermckenzie.com>
**Sent:** 11 July 2021 17:28
**To:** Ahmed, Haroon <Haroon.Ahmed@Kroll.com>
**Cc:** Arzu Adiguzel <arzu.adiguzel@hakanfoods.com>; Bart Peczkowski <bart.peczkowski@hakanfoods.com>; Clarke, Richard <Richard.Clarke@Kroll.com>; Shmarko, Alexandra <Alexandra.Shmarko@bakermckenzie.com>
**Subject:** [EXTERNAL] RE: Ural Bank/Hakan Agro

Dear Haroon,

as I am not sure how the hearing would go tomorrow and taking into account that it would continue on Tuesday, I could not confirm now the timing of the call.

I will let you know as soon as it is more clear.
Regards

Vladimir

---

**From:** Ahmed, Haroon <Haroon.Ahmed@Kroll.com>
**Sent:** Sunday, July 11, 2021 1:44 PM
**To:** Khvalei, Vladimir <Vladimir.Khvalei@bakermckenzie.com>
**Cc:** Arzu Adiguzel <arzu.adiguzel@hakanfoods.com>; Bart Peczkowski <bart.peczkowski@hakanfoods.com>; Clarke, Richard <Richard.Clarke@Kroll.com>; Shmarko, Alexandra <Alexandra.Shmarko@bakermckenzie.com>
**Subject:** [EXTERNAL] RE: Ural Bank/Hakan Agro
**Importance:** High

Vladimir,

Sorry to chase on this but keen to get a time confirmed for tomorrow – does 9pm Moscow time (10pm UAE time) work for you? If so I will send an invite out now.

Kind regards

Haroon

---

**From:** Ahmed, Haroon <Haroon.Ahmed@Kroll.com>
**Sent:** 09 July 2021 14:05
**To:** Khvalei, Vladimir <Vladimir.Khvalei@bakermckenzie.com>
**Cc:** Clarke, Richard <Richard.Clarke@Kroll.com>; Bart Peczkowski <bart.peczkowski@hakanfoods.com>; Shmarko, Alexandra <Alexandra.Shmarko@bakermckenzie.com>
**Subject:** Re: Ural Bank/Hakan Agro

That's fine - what time works for you?

**Haroon Ahmed**
Associate Managing Director, Global Restructuring

T   +971 4449 6709
M   +971525063746

Kroll
Liberty House, DIFC
Dubai

haroon.ahmed@kroll.com
www.kroll.com

---

**From:** Khvalei, Vladimir <Vladimir.Khvalei@bakermckenzie.com>
**Sent:** Friday, July 9, 2021 2:03 pm

**To:** Ahmed, Haroon
**Cc:** Clarke, Richard; Bart Peczkowski; Shmarko, Alexandra
**Subject:** [EXTERNAL] RE: Ural Bank/Hakan Agro

Dear Haaron,

I have a hearing starting on Monday, thus, would prefer to have a call in the late evening time.


**Vladimir Khvalei**
Partner
Baker & McKenzie - CIS, Limited
White Gardens, 10th Floor
9 Lesnaya Street
Moscow 125196 Russia
Tel: +7 495 7872700
Direct: +7 495 787 2724
Fax: +7 495 7872701
vladimir.khvalei@bakermckenzie.com



**2021 CHAMBERS GLOBAL**
**THE ONLY BAND 1 FIRM IN INTERNATIONAL & CROSS-BORDER DISPUTES IN RUSSIA**

bakermckenzie.com | Facebook | LinkedIn | Twitter

---

**From:** Ahmed, Haroon <Haroon.Ahmed@Kroll.com>
**Sent:** Friday, July 9, 2021 12:48 PM
**To:** Khvalei, Vladimir <Vladimir.Khvalei@bakermckenzie.com>
**Cc:** Clarke, Richard <Richard.Clarke@Kroll.com>; Bart Peczkowski
<bart.peczkowski@hakanfoods.com>
**Subject:** [EXTERNAL] Re: Ural Bank/Hakan Agro

Vladimir

Just following up on my email, are you free for a call on Monday?

Kind regards

Haroon
**Haroon Ahmed**
Associate Managing Director, Global Restructuring

T   +971 4449 6709
M   +971525063746

Kroll
Liberty House, DIFC
Dubai

haroon.ahmed@kroll.com
www.kroll.com

---

**From:** Ahmed, Haroon
**Sent:** Wednesday, July 7, 2021 5:50:48 PM

**To:** VLADIMIR.KHVALEI@BAKERMCKENZIE.COM <VLADIMIR.KHVALEI@BAKERMCKENZIE.COM>
**Cc:** Clarke, Richard <Richard.Clarke@Kroll.com>
**Subject:** Ural Bank/Hakan Agro

Hi Vladimir,

I hope you are well. By way of introduction, my name is Haroon Ahmed and I am an Associate Managing Director at Kroll. I am currently working with Hakan Agro DMCC and I have been passed your details by Bart Peczkowski to discuss Ural Bank's position, who I understand you represent.

We are available for a call on Monday if that works for you, say 11am UAE time (10am Moscow time) or 3pm UAE time (2pm Moscow time)?

I look forward to hearing from you.

Kind regards

Haroon

_____

**Haroon Ahmed**
Associate Managing Director, Global Restructuring

T   +971 4449 6709
M  +971525063746

Kroll
Liberty House, DIFC
Dubai

haroon.ahmed@kroll.com
www.kroll.com

This email is confidential and subject to important disclaimers and conditions, including those regarding confidentiality, legal privilege and certain legal entity disclaimers, available at https://www.kroll.com/disclosure. Our Privacy Policy is available at https://www.kroll.com/en/privacy-policy.
This email is confidential and subject to important disclaimers and conditions, including those regarding confidentiality, legal privilege and certain legal entity disclaimers, available at https://www.kroll.com/disclosure. Our Privacy Policy is available at https://www.kroll.com/en/privacy-policy.
This email is confidential and subject to important disclaimers and conditions, including those regarding confidentiality, legal privilege and certain legal entity disclaimers, available at https://www.kroll.com/disclosure. Our Privacy Policy is available at https://www.kroll.com/en/privacy-policy.
This email is confidential and subject to important disclaimers and conditions, including those regarding confidentiality, legal privilege and certain legal entity disclaimers, available at https://www.kroll.com/disclosure. Our Privacy Policy is available at https://www.kroll.com/en/privacy-policy.
This email is confidential and subject to important disclaimers and conditions, including those regarding confidentiality, legal privilege and certain legal entity disclaimers, available at https://www.kroll.com/disclosure. Our Privacy Policy is available at https://www.kroll.com/en/privacy-policy.

# Exhibit U

 **Барт Хакан**

19 июля 2021 г.

Hi, Bart! Have you any info about the payment...? 11:34 ✓✓

Hi Sergey, do you have a moment for a call? 12:13

Hi Sergey I pick up and do not hear anything 12:19

📞 Пропущенный аудиозвонок в 12:31

One more topic - liquidator just called me and asked for a direct contact to the bank 12:32

Baker McKenzie cancelled the call with kroll today and kroll is trying to get a direct line to you so to pitch their service 12:33

They will try to convince you to engage kroll so they could work on your behalf etc 12:34

They also want to "confirm the security position" - check if Ural has a

Сообщение

# Exhibit V

**Orient** Legal Translation

Dr. Safa Mahmood Al Janabi
Legal Translator
UAE Ministry of Justice License
No. 168 Dated 29/4/2000

ISO 9001 : 2015 Certified No. 14046

الشرق للترجمة القانونية

الدكتور صفاء محمود الجنابي
مترجم قانوني
ترخيص وزارة العدل بدولة الإمارات
رقم 168 بتاريخ 2000/4/29

Dubai Courts

Documents System

**Liquidation Notice**

Name of Company: Hakan Agro DMCC (the "Company")

License number: DMCC-30158

Registered office: Building BB2 Tower Building, Mazaya Business Avenue Street, Jumeirah Lake Towers, Dubai, United Arab Emirates. P.O. Box: 31489.

This notice is given pursuant to Article 122.1 of the DMCC Company Regulations.

Notice is hereby given that the shareholders of the Company have resolved to place the Company into an insolvent voluntary wind up process and that a virtual meeting of the creditors of the above-mentioned Company is being convened and will be held at 11:00am on 12 September 2021. The primary purpose of the meeting is for the creditors to consider a decision on the appointment of liquidators, and if the creditors think fit, to appoint a liquidation committee.

Creditors entitled to attend and vote at the virtual meeting may do so personally or by proxy. A creditor can attend the virtual meeting in person and vote, and is entitled to vote if they have delivered proof of their debt by no later than 4.00o.m. on 8 September 2021. If a creditor cannot attend in person, or does not wish to attend but still wishes to vote at the meeting, they may nominate the Chair of the meeting to vote on their behalf (or nominate their own proxy attending the meeting).

Creditors must deliver their proxy by no later than 8 September 2021 Creditors must deliver all proofs of their debit and proxies to Crowe at either of the following addresses:

Email: **hakan.liquidator@crowe.ae**

Post: Saad Maniar, Crowe Mak, 203 & 205, Liberty House, DIFC. P.O. Box 506705, Dubai, UAE

Creditors failing to lodge a proof of their debt or proxy as indicated will lead to their vote/(s) being disregarded. For further information on this matter, please contact the proposed liquidator, Saad Maniar, at **hakan.liquidator@crowe.ae**.

**Dated: 26 August 2021**

This notice is published under the responsibility of the advertiser

[1555312]

ORIENT LEGAL TRANSLATION
Mohamed Zaky Abou El Maged
Legal Translator
Arabic - English - Arabic

Office No. 109, 1st Floor, Bayat Complex, Hor Al Anz East,
Behind Mamzar Centre, P.O. Box: 231448, Dubai - UAE.
+9714 2666306, +971 50 9250750, Info@orientlt.ae, www.orientlt.ae

**Orient** Legal Translation

Dr. Safa Mahmood Al Janabi
Legal Translator
UAE Ministry of Justice License
No. 168 Dated 29/4/2000

**ISO 9001 : 2015 Certified No. 14046**

الشرق للترجمة القانونية

الدكتور صفاء محمود الجنابي
مترجم قانوني
ترخيص وزارة العدل بدولة الإمارات
رقم 168 بتاريخ 2000/4/29

Dubai Courts

Documents System

**Government of Dubai**                                            **DMCC**

Date: 04/04/2021

To: Dubai Court of First Instance

### Subject: Your Letter No. 157377/2021 Dated 30/03/2021

Dubai Multi Commodities Center extends its best regards, wishing you continued progress and giving.

With reference to the Court's request in the above letter, we'd like to assure you that the attachment sign has been placed on the trade licenses of the following companies:

1- Hakan Agro DMCC
2- Trans-Atlantic Group DMCC
3- Hakan Organics DMCC

This letter has been issued in accordance with the records kept by DMCC Authority without assuming any legal responsibility against DMCC.

Best Regards,

**DMCC Authority**

This letter is issued by DMCC and does not require a signature or stamp.

Almas Tower                                            MADE FOR TRADE
Jumeirah Lake Towers
P.O. Box 48800, Dubai, UAE
+971 (0)4 424 9600
Dmcc.ae

2

Office No. 109, 1st Floor, Bayat Complex, Hor Al Anz East,
Behind Mamzar Centre, P.O. Box: 231448, Dubai - UAE.
+9714 2666306, +971 50 9250750, Info@orientlt.ae, www.orientlt.ae



**Orient** Legal Translation

Dr. Safa Mahmood Al Janabi
Legal Translator
UAE Ministry of Justice License
No. 168 Dated 29/4/2000



الشـرق للتـرجمـة القـانونية

الدكتور صفـاء محمـود الجنابي
مترجم قـانوني
ترخيص وزارة العدل بدولة الإمارات
2000/4/29 بتاريخ 168 رقم

ISO 9001 : 2015 Certified No. 14046

| Government of Dubai | Case Letters | Dubai Courts |
|---|---|---|

**Dubai Commercial Court of First Instance**

No. 157377/2021
Date: 30/03/2021
Outgoing No. 161075/2021

BARCODE
LR1/2021/157377/2021/161075

QR

To: M/s. Dubai Multi Commodities Center

| | |
|---|---|
| **Subject:** | **Case No. 47 / 2020 / 689 Precautionary Attachment, Commercial** |
| **Heard in:** | **Summary and Temporal Chamber** |
| **Plaintiff:** | **VUZ-bank-Joint Stock Company** |
| **Defendant:** | **Hakan Holdings Limited** |

Pursuant to the statement incoming from Dubai Multi Commodities Center, Dubai Court decided to address you to place a precautionary attachment sign on the shares of the Defendant at the companies listed in DMCC's statement, which are stated in the above request, to prevent the attached companies from disposing thereof.

In the following companies:

1/ Hakan Agro DMCC, trade license No. DMCC-30158

2/ Trans-Atlantic Group DMCC (DMCC-339232)

3/ Hakan Organics DMCC (DMCC-402178)

In an amount of USD 22,402,604.04

Therefore, please instruct those who are required to execute the court's decision and inform us of the response.

Best Regards,

Attachments: Writ of Execution

Senior Head of Division / Division of Temporal Matters Follow-Up

Mr. Abdul Manaf Muhammad Yusuf

* This document is electronically approved and does not require a signature or stamp, and you can verify its authenticity by visiting the Dubai Courts website (our public e-services - inquiries)

* To reply to this letter, please send via email, Courtsmail@dc.gov.ae

3

Office No. 109, 1st Floor, Bayat Complex, Hor Al Anz East,
Behind Mamzar Centre, P.O. Box: 231448, Dubai - UAE.
+9714 2666306, +971 50 9250750, Info@orientlt.ae, www.orientlt.ae



**Orient** Legal Translation

Dr. Safa Mahmood Al Janabi
Legal Translator
UAE Ministry of Justice License
No. 168 Dated 29/4/2000



الشرق للترجمة القانونية

الدكتور صفاء محمـود الجنابي
مترجم قـانـونـي
ترخيص وزارة العدل بدولة الإمارات
2000/4/29 رقم 168 بتاريخ

**ISO 9001 : 2015 Certified No. 14046**

---

**Government of Dubai**            **Smart Requests**            **Dubai Court**

In Execution No. 207/2021/5766

BARCODE                                                      QR
SP-551394/2021

**Request to Follow Up on Execution Procedures**

207/2021/5766 Commercial Execution

| E-number: 551394/2021 | Request No. 4 |
|---|---|
| Date of e-request: 06 September 2021 | Date of Decision: 07 September 2021 |
| Applicant: Habib Mohammed Sharif Abdullah Al Mulla | Capacity: Attorney |

**Request Content**

To: H.E. Execution Judge

The Execution Debtor owns 100% of the shares in Hakan Agro DMCC, having the trade license No. DMCC 30158 –

The applicant has previously requested effecting precautionary attachment over the shares owned by the Execution Debtor (100 shares) in Hakan Agro DMCC, having the trade license No. DMCC 30158, preventing it from disposing thereof (attached is the attachment effect issued by the esteemed court No. 157377/2021)

In execution of the said attachment decision, a letter was received from Dubai Multi Commodities Center (DMCC) indicating the enforcement of attachment against Hakan Agro DMCC (attached is the letter received from DMCC on 04/04/2021).

The Execution Applicant was surprised that the Execution Debtor, the owner of "Hakan Agro DMCC", whose shares were attached, is proceeding with deceitful liquidation procedures for the company, with the intent of depriving the Execution Applicant of fulfilling its rights (attached is

4



Office No. 109, 1st Floor, Bayat Complex, Hor Al Anz East,
Behind Mamzar Centre, P.O. Box: 231448, Dubai - UAE.
+9714 2666306, +971 50 9250750, Info@orientlt.ae, www.orientlt.ae



**Orient** Legal Translation

Dr. Safa Mahmood Al Janabi
Legal Translator
UAE Ministry of Justice License
No. 168 Dated 29/4/2000

ISO 9001 : 2015 Certified No. 14046

الشرق للترجمة القانونية

الدكتور صفاء محمـود الجنابي
مترجم قـانـوني
ترخيص وزارة العدل بدولة الإمارات
2000/4/29 رقم 168 بتاريخ

the declaration published in Al Khaleej Newspaper on 26/08/2021 about the liquidation of Hakan Agro DMCC).

Therefore, we plead with the esteemed court to address Dubai Multi Commodities Center (DMCC) urgently to suspend the liquidation procedures of Hakan Agro DMCC owned by the Execution Debtor, especially since the Applicant did not find any money for the Execution Debtor except for the shares owned thereby in this company, and to reiterate the attachment effected over the shares owned by the Execution Debtor (100 shares) in Hakan Agro.

<center>

**Decision**

</center>

Dismissed for the validity of the period prescribed from serving notice of the writ of execution

<center>

**Signature**

**Judge/ Jassim Mohammed Al Zarooni**

BARCODE

CSC207-CY2021-CSN5766-DJI284

</center>

* This document is signed and approved electronically.

<center>5</center>



نظام الوثائق



# LIQUIDATION NOTICE

**Name of Company: Hakan Agro DMCC (the "Company")**

License number: **DMCC-30158**

Registered office: Building BB2 Tower Building, Mazaya Business Avenue Street, Jumeirah Lake Towers, Dubai, United Arab Emirates. P.O. Box: 31489.

This notice is given pursuant to Article 122.1 of the DMCC Company Regulations.

Notice is hereby given that the shareholders of the Company have resolved to place the Company into an insolvent voluntary wind up process and that a virtual meeting of the creditors of the above-named Company is being convened and will be held at 11:00am on 12 September 2021.The primary purpose of the meeting is for the creditors to consider a decision on the appointment of liquidators, and if the creditors think fit, to appoint a liquidation committee.

Creditors entitled to attend and vote at the virtual meeting may do so personally or by proxy. A creditor can attend the virtual meeting in person and vote, and is entitled to vote if they have delivered proof of their debt by no later than 4.00 p.m. on 8 September 2021. If a creditor cannot attend in person, or does not wish to attend but still wishes to vote at the meeting, they may nominate the Chair of the meeting to vote on their behalf (or nominate their own proxy attending the meeting).

Creditors must deliver their proxy by no later than 8 September 2021 Creditors must deliver all proofs of their debt and proxies to Crowe at either of the following addresses:

Email: **hakan.liquidator@crowe.ae**

Post: Saad Maniar, Crowe Mak, 203 & 205, Liberty House, DIFC, P.O. Box 506705, Dubai, UAE

Creditors failing to lodge a proof of their debt or proxy as indicated will lead to their vote/(s) being disregarded. For further information on this matter, please contact the proposed liquidator, Saad Maniar, at **hakan.liquidator@crowe.ae.**

**Dated: 26 August 2021**

This notice is published under the responsibility of the advertiser

[1555312]





# نظام الوثائق







**التاريخ: 2021/04/04**

**السادة / محكمة دبي الابتدائية التجارية**       **المحترمين**

**الموضوع : كتابكم رقم 2021/157377 بتاريخ 2021/03/30**

**يهدي مركز دبي للسلع المتعددة أطيب تحياته، متمنين لكم دوام التقدم والعطاء.**

بالإشارة إلى طلب المحكمة في الكتاب المذكور أعلاه، نود أن نؤكد لسيادتكم قد تم وضع إشارة الحجز على الرخصة التجارية

العائدة للشركات الاتية:-

**1- هاكان أقرو م.د.م.س.**

**2- ترانس اتلانتك غروب م.د.م.س**

**3- هاكان اورغانيكس م.د.م.س**

أصدرت هذه الرسالة طبقا للسجلات المحفوظة لدى سلطة مركز دبي للسلع المتعددة دون  تحمل أدنى مسؤولية

قانونية تجاه مركز دبي للسلع المتعددة.

**وتفضلوا بقبول فائق الاحترام والتقدير،،**

**سلطة مركز دبي للسلع المتعددة**

**هذه الرسالة صادرة عن مركز دبي للسلع المتعددة ولا تحتاج إلى توقيع أو ختم.**

Almas Tower
Jumeirah Lakes Towers
P.O. Box 48800, Dubai, UAE
+971 (0) 4 424 9600
dmcc.ae





رسائل القضايا



| | |
|---|---|
| الرقم | 157377/2021 |
| التاريخ | 30-03-2021 |
| رقم الصادر | 161075/2021 |

محكمة دبي الابتدائيه التجاريه





LR1/2021/157377/2021/161075

السادة مركز دبي للسلع المتعددة المحترمين

السلام عليكم و رحمة الله و بركاته،،،

| | |
|---|---|
| الموضوع: | رقم الدعوى47 / 2020 / 689 حجز تحفظي تجاري |
| المنظورة في: | دائرة الأمور الوقتية و المستعجلة |
| مدعى: | فوز -بنك  شركة مساهمة . - VUZ-bank? Joint-Stock Company? |
| مدعى عليه: | هكان هولدينجز ليمتد – Hakan Holdings Limited |

وفقآ للافادة الواردة  من مركز دبي للسلع المتعددة قررت محكمة دبي  مخاطبتكم  لوضع إشارة الحجز التحفظي على الحصص العائدة للمستدعى ضدها لدى ألشركات الواردة بافادة مركز دبى للسلع والمذكورين بالطلب اعلاه لمنع المحجوز عليها  من التصرف فيها .

لدى الشركات الاتية :

1/ شركة "هاكان أقرو م.د.م.س" رخصة تجارية رقم DMCC-30158
2/ترانس-اتلانتك غروب م.د.م.س (DMCC-339232)

رئيس شعبه أول - شعبة متابعة تنفيذ الأمور الوقتية

السيد/عبد المناف محمد يوسف

\* هذا المستند معتمد إلكترونياً ولا يحتاج إلى توقيع أو ختم ويمكنكم التحقق من صحته بالدخول على موقع محاكم دبي (خدماتنا الالكترونية العامة - الاستفسارات)

\* للرد على الخطاب يتم الارسال على البريد الالكتروني Courtsmail@dc.gov.ae

  EXPO 2020 DUBAI, UNITED ARAB EMIRATES إكسبو 2020 دبي، الإمــــارات العربية المتحـدة

3089993465

     



صفحة 1 من 2





GOVERNMENT OF DUBAI

رسائل القضايا



محكمة دبي الابتدائيه التجاريه

| | |
|---|---|
| 157377/2021 | الرقم |
| 30-03-2021 | التاريخ |
| 161075/2021 | رقم الصادر |



LR1/2021/157377/2021/161075



3/ هاكان أورغانيكس م.د.م.س (DMCC-402178 )

في حدود المبلغ 22,402,604,04 دولار اميركي

لذا ،، يرجى الايعاز لمن يلزم بتنفيذ قرار المحكمة وإعلامنا بالرد.

و تفضلوا بقبول فائق الاحترام ،،

مرفقات:        سند

رئيس شعبه أول - شعبة متابعة تنفيذ الأمور الوقتية

السيد/عبد المناف محمد يوسف

\* هذا المستند معتمد إلكترونياً ولا يحتاج إلى توقيع أو ختم ويمكنكم التحقق من صحته بالدخول على موقع محاكم دبي (خدماتنا الالكترونية العامة - الاستفسارات)

\* للرد على الخطاب يتم الارسال على البريد الالكتروني Courtsmail@dc.gov.ae















EXPO 2020 DUBAI, UNITED ARAB EMIRATES          إكسبو 2020 دبي، الإمـــارات العربيـة المتحـدة

T.: +971 4 3347777   F.: +971 4 3344477   P.O.Box.: 4700  Dubai  U.A.E.   هاتف: ٤٧١٤٣٣٤٧٧٧ - فاكس: ٤٧١٤٣٣٤٤٤٧٧ - ص.ب: ٤٧٠٠ دبي ا.ع.م.
E-mail: info@dc.gov.ae   DubaiCourt   DubaiCourts   DubaiCourts   DubaiCourts1   DubaiCourts   0563347777

صفحة 2 من 2





الطلبات الذكية



في التنفيذ 207/2021/5766





SP-551394/2021

## طلب متابعة اجراءات التنفيذ

5766/2021/207 تنفيذ تجاري

| الرقم الالكتروني : 551394 / 2021 | | رقم الطلب : 4 |
|---|---|---|
| تاريخ الطلب الالكتروني : 06 سبتمبر 2021 | | تاريخ القرار : 07 سبتمبر 2021 |
| مقدم الطلب : حبيب محمد شريف عبدالله الملا | | صفته بالقضية : وكيل |

### محتوى الطلب

سعادة قاضي التنفيذ الموقر،

الشركة المنفذ ضدها تملك 100% من حصص شركة "هاكان أقرو م.د.م.س" Hakan Agro DMCC التي تحمل الرخصة التجارية رقم DMCC 30158-

سبق وأن قامت طالبة التنفيذ بالحجز تحفظياً على الحصص المملوكة للمنفذ ضدها (100 حصة) بشركة "هاكان أقرو م.د.م.س" التي تحمل الرخصة التجارية رقم 30158- DMCC ومنعها من التصرف فيها (مرفق رسالة الحجز الصادرة من المحكمة الموقرة رقم 1577/2021).

وتنفيذا لقرار الحجز سالف الذكر وردت رسالة من سلطة دبي للسلع المتعددة (DMCC) تفيد الحجز على شركة "هاكان أقرو م.د.م.س Hakan Agro DMCC " (مرفق رسالة الواردة من DMCC بتاريخ 4/4/2021 ).

فوجئت طالبة التنفيذ بأن المنفذ ضدها مالك شركة "هاكان أقرو م.د.م.س" المحجوز على حصصها تباشر إجراءات تصفية هذه الشركة غشاً منها بقصد حرمان طالبة التنفيذ من استيفاء حقوقها (مرفق الإعلان المنشور في صحيفة الخليج بتاريخ 31/8/2021 بشأن تصفية شركة هاكان أقرو م.د.م.س - Hakan Agro DMCC).

ومن ثم فإننا نلتمس من عدالة المحكمة الموقرة مخاطبة سلطة دبي للسلع المتعددة (DMCC) على وجه الاستعجال لوقف إجراءات تصفية شركة هاكان أقرو م.د.م.س المملوكة للمنفذ ضدها لاسيما وأن طالبة التنفيذ لم تجد أي أموال للمنفذ ضدها سوى الحصص المملوكة لها في هذه الشركة، والتأكيد بالحجز على الحصص المملوكة للمنفذ ضدها (100 حصة) بشركة "هاكان أقر

### القرار

رفض لعدم مضي المدة المقررة للاعلان بالسند التنفيذي

### التوقيع

القاضي/ جاسم محمد الزرعوني

CSC207-CY2021-CSN5766-DJI284

* هذا المستند موقع و معتمد إلكترونياً.



صفحة 1 من 1

# Exhibit W

# LIQUIDATION NOTICE

**Name of Company: Hakan Agro DMCC (the "Company")**

License number: DMCC-30158

Registered office: Building BB2 Tower Building, Mazaya Business Avenue Street, Jumeirah Lake Towers, Dubai, United Arab Emirates. P.O. Box: 31489.

This notice is given pursuant to Article 122.1 of the DMCC Company Regulations.

Notice is hereby given that the shareholders of the Company have resolved to place the Company into an insolvent voluntary wind up process and that a virtual meeting of the creditors of the above-named Company is being convened and will be held at 11:00am on 12 September 2021.The primary purpose of the meeting is for the creditors to consider a decision on the appointment of liquidators, and if the creditors think fit, to appoint a liquidation committee.

Creditors entitled to attend and vote at the virtual meeting may do so personally or by proxy. A creditor can attend the virtual meeting in person and vote, and is entitled to vote if they have delivered proof of their debt by no later than 4.00 p.m. on 8 September 2021. If a creditor cannot attend in person, or does not wish to attend but still wishes to vote at the meeting, they may nominate the Chair of the meeting to vote on their behalf (or nominate their own proxy attending the meeting).

Creditors must deliver their proxy by no later than 8 September 2021 Creditors must deliver all proofs of their debt and proxies to Crowe at either of the following addresses:

Email: **hakan.liquidator@crowe.ae**

Post: Saad Maniar, Crowe Mak, 203 & 205, Liberty House, DIFC, P.O. Box 506705, Dubai, UAE

Creditors failing to lodge a proof of their debt or proxy as indicated will lead to their vote/(s) being disregarded. For further information on this matter, please contact the proposed liquidator, Saad Maniar, at **hakan.liquidator@crowe.ae**.

**Dated: 26 August 2021**

This notice is published under the responsibility of the advertiser

[1555312]

# Exhibit X



**Baker & McKenzie Habib Al Mulla**

Level 14, O14 Tower
Al Abraj Street, Business Bay
Dubai
United Arab Emirates

PO Box 2268
Dubai
United Arab Emirates

Tel: +971 4 423 0000
Fax: +971 4 447 9777
www.bakermckenzie.com

**By email and courier**

**Asia Pacific**
Bangkok
Beijing
Brisbane
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta
Kuala Lumpur*
Manila*
Melbourne
Seoul
Shanghai
Singapore
Sydney
Taipei
Tokyo
Yangon

**Europe, Middle East
& Africa**
Abu Dhabi
Almaty
Amsterdam
Antwerp
Bahrain
Barcelona
Berlin
Brussels
Budapest
Cairo
Casablanca
Doha
Dubai
Dusseldorf
Frankfurt/Main
Geneva
Istanbul
Jeddah*
Johannesburg
Kyiv
London
Luxembourg
Madrid
Milan
Moscow
Munich
Paris
Prague
Riyadh*
Rome
St. Petersburg
Stockholm
Vienna
Warsaw
Zurich

**The Americas**
Bogota
Brasilia**
Buenos Aires
Caracas
Chicago
Dallas
Guadalajara
Houston
Juarez
Lima
Los Angeles
Mexico City
Miami
Monterrey
New York
Palo Alto
Porto Alegre**
Rio de Janeiro**
San Francisco
Santiago
Sao Paulo**
Tijuana
Toronto
Washington, DC

\* Associated Firm
\*\* In cooperation with
Trench, Rossi e Watanabe
Advogados

**WITHOUT PREJUDICE**

7 September 2021

Mr. Saad Faruk Maniar
Director of Crowe Mak Limited
203 and 205 Liberty House, DIFC
P.O. Box: 506705
Dubai, United Arab Emirates

T:   +971 4 325 9900
E:   hakan.liquidator@crowe.ae and saad.maniar@crowe.ae

Dear Mr. Maniar,

**Subject: Legal Notice - Re the unlawful liquidation of Hakan Agro DMCC**

We are attorneys of JSC VUZ-Bank (herein after referred to as our "**Client**").

We refer to your advertisement in Khaleej Times newspaper on 26 August 2021, in which you have mentioned that the shareholders of Hakan Agro DMCC, holding license no DMCC - 30158 ("**HK Agro**") has resolved the insolvent voluntary liquidation of HK Agro.

As you are aware, HK Agro is fully owned by Hakan Holdings Limited, holing license no. OF702 issued by the Jebel Ali Free Zone ("**HK Holdings**").

HK Holdings owes to our Client significant debts equivalent to US dollars 2,344,293.42 and US dollars 20,058,310.62 (collectively referred to as the "**Due Sums**"). The Due Sums are established in favour to our Client by virtue of court orders, as follows:

- The judgement issued by the Dubai Court of Appeal on 23 June 2021, in the claim no. 142/2021 commercial appeal, in which HK Holdings has been compelled to pay to our Client an amount of US dollars 20,058,310.62 in addition to 9% legal interest accruing from 24 November 2020 until final settlement of the awarded amount; and

- The judgement issued by the Dubai Court of First instance on 12 January 2021, in the commercial claim no. 5818/2021, in which HK Holdings has been compelled to pay to our Client an amount of US dollars 2,344,293.42 in addition to 9% legal interest accruing from 19 October 2020 until final settlement of the awarded amount.

HK Holdings was duly notified with the abovementioned court proceedings and has submitted its defense to the Dubai Court in respect of those claims. In addition, HK Holdings have been also served with the enforcement claim no. 5766/2021 commercial and



was requested to settle to our Client the due amount of US dollars 20,058,310.62 in addition to the awarded interest. Until date, this amount remains due to our Client.

In addition, a freezing injunction has been issued against HK Holdings' assets, including its shares in HK Agro (100%) and two other DMCC companies (Hakan Organic and Trans-Atlantic). Therefore, HK Holdings is prohibited by virtue of a court order from disposing of and/or conducting any dealings in respect of HK Agro's shares as well as any of its other assets.

The DMCC authority sent an official letter dated 4 April 2021 to the Dubai Court to confirm that HK Agro's shares are placed under attachment and shall not be disposed of without a court permission.

Notwithstanding that HK Holdings is well aware of the attachment procedures against HK Agro, HK Holdings in its capacity as sole shareholder of HK Agro has deliberately passed a resolution to liquidate HK Agro in order to conceal its assets and put them beyond reach to hinder the enforcement procedures initiated by our Client and illegally prevent the recovery of the awarded amounts.

At best, HK Holdings' actions must be construed as acts of bad faith and breach of trust in an effort to deliberately conceal HK Agro's assets and prevent our Client from legitimately enforcing its debt against HK Agro; at worst, a breach to the applicable laws, which triggers criminal proceedings and harsh penalties, including personal liability for the Client's debt.

In light of the above, we hereby serve you with this legal notice to:

    (i)        warn you that you are currently violating the Dubai Court Oder no. 157377/2021 dated 30 March 2021 by attempting to liquidate HK Agro despite of the fact that it is placed under a court attachment and its shares could not be disposed of without the court's approval; and

    (ii)       demand you to immediately cease this unlawful liquidation process and send us a written confirmation that this illegal process has been cancelled. You must sign and return to our attention this written confirmation by **no later than 3:00 pm September 9, 2021**.

In the event that you should fail to provide the requested written confirmation, you will be deemed to have accepted HK Holdings (and its shareholders') violations and would be considered jointly liable with them as an accomplice in such contravention in potential criminal proceedings. You may also be liable for contempt of court proceedings.

Our Client will not accept nor tolerate the illegal attempt to liquidate HK Agro to conceal its assets and will seek the recourse deemed necessary to reserve its rights and recover the damages suffered due to your breach.

HK Holdings' breach and this wrongful liquidation has already been reported to the DMCC Authority and the Dubai Court. We shall take such further action as it deems fit to protect our Client's rights and legitimate interests.



In this respect, our Client's rights are fully reserved.

Yours faithfully,

**Baker McKenzie Habib Al Mulla**

# Exhibit Y



ريد سميث

**ReedSmith**

**Driving progress**
**through partnership**

ريد سميث ال بي بي
الطابق ٢٥، المدخل الشرقي
اندكس تاور
مركز دبي المالي العالمي
ص.ب. ٥٠٦٥٤٨
دبي، الإمارات العربية المتحدة
هاتف: ٦٣٠٠ ٧٠٩ ٤ ٩٧١+
فاكس: ٠٠٦٠ ٣٢٣ ٤ ٩٧١+

Reed Smith LLP
Level 25, East Entrance
Index Tower
Dubai International Financial Centre
P.O. Box 506548
Dubai, United Arab Emirates
Tel +971 4 709 6300
Fax +971 4 323 0060
reedsmith.com

**Waseem Khokhar**
Direct Phone:  +971 4 709 6334
Email:   wkhokhar@reedsmith.com

**Amir Ahmad**
Phone: +971 (0)4 709 6330
Email: aahmad@reedsmith.com

**Rhys Monahan**
Direct Phone:  +971 (0)4 745 6315
Email:  rmonahan@reedsmith.com

8 September 2021

Our Ref:  Hakan/Vuz

**By Electronic Mail**

Baker McKenzie Habib Al Mulla
Level 14, O14 Tower,
Al Abraj Street, Business Bay
Dubai

Attn:
Maye Ismail Maye.Ismail@bakermckenzie.com
Safaa Ahmed Safaa.Ahmed@bakermckenzie.com

Dear Sirs:

**Re: JSC VUZ-Bank ("Vuz-Bank")**

1. We are the legal advisors of Hakan Agro DMCC ("**Hakan**"). For the avoidance of doubt, we do not represent Hakan Holding Limited ("**HHL**").

2. We refer to your letter addressed to Mr Saad Maniar ("**Mr Maniar**") of Crowe Mak ("**Crowe**") dated 7 September 2021 (the "**Letter**"), the proposed liquidator for Hakan.

Reed Smith LLP in Dubai is registered with the Dubai Financial Services Authority.
Reed Smith LLP is a limited liability partnership registered in England and Wales with registered number 0C303620 and its registered office at The Broadgate Tower,
20 Primrose Street, London EC2A 2RS.  Reed Smith LLP is authorised and regulated by the Solicitors Regulation Authority.  A list of members of Reed Smith LLP,
and their professional qualifications, is available at the registered office.  The term partner is used to refer to a member of Reed Smith LLP, or a partner of an associated entity, or an employee of equivalent standing..

Reed Smith LLP is associated with Reed Smith LLP of Delaware, USA and the offices referred to below are offices of either Reed Smith LLP or Reed Smith LLP of Delaware, USA.

ABU DHABI ♦ ATHENS ♦ AUSTIN ♦ BEIJING ♦ CENTURY CITY ♦ CHICAGO ♦ DALLAS ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG ♦ HOUSTON ♦ KAZAKHSTAN ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH
NEW YORK ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH ♦ PRINCETON ♦ RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON

Baker McKenzie Habib Al Mulla

8 September 2021Page 2

3.  The majority of your Letter appears to be directed at our client's parent company, HHL. It is unclear what this issue has to do with Crowe or Mr Maniar, who do not represent HHL, or Hakan. In the same vein, your Letter is misplaced and mischaracterises or misunderstands several issues. Amongst other things, we note:

    a.  Vuz-Bank is not a creditor of Hakan;

    b.  Vuz-Bank has no legal proceedings or claim against Hakan;

    c.  As far as we are aware, Vuz-Bank has no security or other preferential creditor status in respect of claims against Hakan;

    d.  Although such matters are as between Vuz-Bank and HHL, as far as we are aware from your correspondence, Vuz-Bank has no preferential status in respect of claims in respect of HHL and its claims would be considered *pari passu* with other creditors of HHL.

    e.  The liquidation of Hakan includes provision for disposal to shareholders and, if your allegations are substantiated/accurate, liquidation of Hakan could assist your client's recovery efforts. It is unclear why you would seek to interfere or oppose such process;

    f.  Despite the fact your letter addresses HHL's actions, you threaten Mr Maniar with criminal proceedings and contempt of court. Mr Maniar is a respected professional who, as noted, does not represent HHL. We do not consider such threats appropriate, or the basis for such threats legally sound;

    g.  Your Letter is not supported by any evidence whatsoever (including the attachment order, claim or application for the same). You have however referenced ongoing confidential court proceedings and other information confidential to parties other than Hakan and Mr Maniar;

    h.  Your allegations fail to explain how the liquidation of Hakan would somehow amount to "a concealment of assets" or represents "a disposal of shares" or which provision of UAE law prevents the liquidation of Hakan. Your allegations are baseless and represent a misunderstanding of the basic principles of liquidation; and

    i.  Hakan's entry into liquidation is required by UAE law and DMCCA Regulations. Third parties cannot and should not interfere with that lawful process.

4.  Whilst Hakan does not wish to escalate matters, Hakan is fully prepared to defend its position and rights. Further, to the extent you seek to pursue our client, or attempt to wrongfully seize its assets, we will have no option but to inform the creditor body and their lawyers and the appropriate authorities of

Baker McKenzie Habib Al Mulla

8 September 2021Page 3

your attempted wrongful interference in the liquidation. Hakan does not expect any further interference in its lawful insolvency. From our client's perspective, the liquidation will proceed as planned.

5.  Hakan does not wish to enter into any protracted correspondence with you and does not intend to expend any further costs in dealing with matters as between its parent company and third parties. You are directed to address your correspondence and allegations appropriately.

6.  All Hakan's rights are explicitly reserved.

Yours sincerely,

*Reed Smith LLP*

**Reed Smith LLP**

# Exhibit Z



**Baker & McKenzie Habib Al Mulla**

Level 14, O14 Tower
Al Abraj Street, Business Bay
Dubai
United Arab Emirates

PO Box 2268
Dubai
United Arab Emirates

Tel: +971 4 423 0000
Fax: +971 4 447 9777
www.bakermckenzie.com

**By email**

**Asia Pacific**
Bangkok
Beijing
Brisbane
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta
Kuala Lumpur*
Manila*
Melbourne
Seoul
Shanghai
Singapore
Sydney
Taipei
Tokyo
Yangon

**Europe, Middle East
& Africa**
Abu Dhabi
Almaty
Amsterdam
Antwerp
Bahrain
Barcelona
Berlin
Brussels
Budapest
Cairo
Casablanca
Doha
Dubai
Dusseldorf
Frankfurt/Main
Geneva
Istanbul
Jeddah*
Johannesburg
Kyiv
London
Luxembourg
Madrid
Milan
Moscow
Munich
Paris
Prague
Riyadh*
Rome
St. Petersburg
Stockholm
Vienna
Warsaw
Zurich

**The Americas**
Bogota
Brasilia**
Buenos Aires
Caracas
Chicago
Dallas
Guadalajara
Houston
Juarez
Lima
Los Angeles
Mexico City
Miami
Monterrey
New York
Palo Alto
Porto Alegre**
Rio de Janeiro**
San Francisco
Santiago
Sao Paulo**
Tijuana
Toronto
Washington, DC

* Associated Firm
** In cooperation with
Trench, Rossi e Watanabe
Advogados

**WITHOUT PREJUDICE**

9 September 2021

**Reed Smith LLP**
**Representing Hakan Agro DMCC**

**Mr. Waseem Khokhar**
D:  +971 4 709 6334
E:  wkhokhar@reedsmith.com

**Mr. Amir Ahmad**
T:  +971 (0)4 709 6330
E:  aahmad@reedsmith.com

**Mr. Rhys Monahan**
D:  +971 (0)4 745 6315
E:  rmonahan@reedsmith.com

**Mr. Saad Faruk Maniar**
**Director of Crowe Mak Limited**
T:  +971 4 325 9900
E:  hakan.liquidator@crowe.ae and saad.maniar@crowe.ae

Dear Sirs,

**Subject: Final Legal Notice re the unlawful liquidation of Hakan Agro DMCC**

We received your letter dated 8 September 2021. We deny your allegations that our Client has no right to object to the liquidation of "Hakan Agro DMCC", holder of DMCC license no. 30158 ("**HK Agro**").

Please note that the concerns raised in our legal notice dated 7 September 2021 do not constitute groundless threats (as indicated), but they substantially address the legality of the voluntary liquidation process of HK Agro.

Our Client has validly obtained a freezing injunction from the Dubai Court by virtue of which all the shares of HK Agro were placed under a court attachment in favour of our Client. Therefore, the attempt to voluntarily dispose of HK Agro's assets and wind-up the business amounts to a flagrant violation to the Dubai Court Order no. 157377/2021 dated 30 March 2021 - Copy of which is herewith attached as Annex 1.

Needless to say that "Shares in Company" is defined as units of equity ownership and interest in a corporation that exist as a financial asset reflecting the total value of a



shareholder's investment, including but not limited to the company's capital, assets and business profits.

Given that HK Holdings holds full equity in HK Agro, HK Agro's shares represent one of the financial assets owned by HK Holdings. Disposing of the HK Agro's shares and assets through liquidation will weaken and adversely affect the financial viability of HK Holdings and will accordingly harm our Client's legitimate interests. Therefore, your allegation that our Client has no interest to object to the liquidation is totally groundless and rejected. Our Client has legitimate right to object and prevent the implementation of HK Holdings instructions given in bad faith to liquidate HK Agro in order to deliberately conceal its assets, put them beyond reach and illegally prevent the recovery of the awarded amounts.

To be clear HK Agro's shares (being a financial asset held by HK Holdings) are validly placed under attachment by virtue of the Dubai court order (Annex 1 to this notice). The Dubai Court order makes clear that any disposition or dealing over the attached shares is strictly prohibited. Accordingly, this voluntary liquidation process is void as it is conducted in violation of the order no. 157377/2021 dated 30 March 2021 issued by the Dubai Court. This triggers criminal proceedings and harsh penalties, including personal liability for the Client's debt and further risks committal proceedings for contempt of court and attempting to frustrate a valid court order.

In addition, the DMCC authority sent an official letter dated 4 April 2021 to the Dubai Court to confirm that HK Agro's shares are placed under attachment and shall not be disposed of without a court permission (please see Annex 2).

On the basis of the above and given that the DMCC Authority will not encourage such breach or allow a court order to be frustrated, it is obvious that you have failed to make the requisite filings with the DMCC registrar in respect to this ill-founded liquidation. The way the liquidation was published speaks for itself and reflects the nature of this vexatious process.

If you hold a court order declaring otherwise or if you are duly authorized by the DMCC Registrar to proceed with this liquidation, please share such evidence with us. Failing to adduce evidence that this process is valid, leaves us with no option than to request you to immediately:

(i)     cease your violation to the Dubai Court Oder no. 157377/2021 dated 30 March 2021 and forthwith end this unlawful liquidation process; and

(ii)    send us a written confirmation that this illegal process has been cancelled. You must sign and return to our attention this written confirmation by **no later than 10:00 am September 12, 2021**.

In the event that you should fail to provide the requested written confirmation, we have instructions from our Client to commence legal proceedings necessary to cease your breach.

All our Client's rights are fully reserved.



Yours faithfully,

**Baker McKenzie Habib Al Mulla**



**Annex 1**

**Court letter to DMCC no. 157377.2021**

4

 

رسائل القضايا

محكمة دبي الابتدائيه التجاريه

| | |
|---|---|
| الرقم | 157377/2021 |
| التاريخ | 30-03-2021 |
| رقم الصادر | 161075/2021 |





السادة مركز دبي للسلع المتعددة المحترمين

السلام عليكم و رحمة اللّه و بركاته،،،

| الموضوع: | رقم الدعوى47 / 2020 / 689 حجز تحفظي تجاري |
|---|---|
| المنظورة في: | دائرة الأمور الوقتية و المستعجلة |
| مدعى: | فوز -بنك  شركة مساهمة . - ?VUZ-bank ?Joint-Stock Company |
| مدعى عليه: | هكان هولدينجز ليمتد - Hakan Holdings Limited |

وفقآ للافادة الواردة  من مركز دبى للسلع المتعدده دبي  مخاطبتكم  لوضع إشارة الحجز التحفظي على الحصص العائدة للمستدعى ضدها لدى ألشركات الواردة بافادة مركز دبى للسلع والمذكورين بالطلب اعلاه لمنع المحجوز عليها  من التصرف فيها.

لدى الشركات الاتية :

1/ شركة "هاكان أقرو م.د.م.س" رخصة تجارية رقم DMCC-30158

2/ترانس-اتلانتك غروب م.د.م.س (DMCC-339232

رئيس شعبة أول – شعبة متابعة تنفيذ الأمور الوقتية

السيد/عبد المناف محمد يوسف

* هذا المستند معتمد إلكترونياً ولا يحتاج إلى توقيع أو ختم ويمكنكم التحقق من صحته بالدخول على موقع محاكم دبي (خدماتنا الالكترونية العامة - الاستفسارات)

* للرد على الخطاب يتم الارسال على البريد الالكتروني Courtsmail@dc.gov.ae

   



صفحة 1 من 2

  رسائل القضايا 

GOVERNMENT OF DUBAI

| | |
|---|---|
| الرقم | 157377/2021 |
| التاريخ | 30-03-2021 |
| رقم الصادر | 161075/2021 |

محكمة دبي الابتدائيه التجاريه





LR1/2021/157377/2021/161075

3/ هاكان أورغانيكس م.د.م.س (DMCC-402178 )
في حدود المبلغ 22,402,604,04 دولار اميركي
لذا ،، يرجى الايعاز لمن يلزم بتنفيذ قرار المحكمة وإعلامنا بالرد.

و تفضلوا بقبول فائق الاحترام ،،،

مرفقات:        سند

رئيس شعبه أول – شعبة متابعة تنفيذ الأمور الوقتية
السيد/عبد المناف محمد يوسف

* هذا المستند معتمد إلكترونياً ولا يحتاج إلى توقيع أو ختم ويمكنكم التحقق من صحته بالدخول على موقع محاكم دبي (خدماتنا الالكترونية العامة - الاستفسارات)
* للرد على الخطاب يتم الارسال على البريد الالكتروني Courtsmail@dc.gov.ae

   
     

صفحة 2 من 2



**Annex 2**

**DMCC Attachment Letter**





التاريخ: 2021/04/04

السادة / محكمة دبي الابتدائية التجارية          المحترمين

الموضوع : كتابكم رقم 2021/157377 بتاريخ 2021/03/30

يهدي مركز دبي للسلع المتعددة أطيب تحياته، متمنين لكم دوام التقدم والعطاء.

بالإشارة إلى طلب المحكمة في الكتاب المذكور أعلاه، نود أن نؤكد لسيادتكم قد تم وضع إشارة الحجز على الرخصة التجارية
العائدة للشركات الاتية:-
1- هاكان أقرو م.د.م.س.
2- ترانس اتلانتك غروب م.د.م.س
3- هاكان اورغانيكس م.د.م.س

أصدرت هذه الرسالة طبقا للسجلات المحفوظة لدى سلطة مركز دبي للسلع المتعددة دون  تحمل أدنى مسؤولية
قانونية تجاه مركز دبي للسلع المتعددة.

وتفضلوا بقبول فائق الاحترام والتقدير،،،

سلطة مركز دبي للسلع المتعددة

هذه الرسالة صادرة عن مركز دبي للسلع المتعددة ولا تحتاج إلى توقيع أو ختم.

Almas Tower
Jumeirah Lakes Towers
P.O. Box 48800, Dubai, UAE
+971 (0) 4 424 9600
dmcc.ae

